UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and YISHMAEL
LEVI, Individually, And On Behalf Of All Other
Persons Similarly Situated,

                                                                     12 Cv. 5268 (JMF)

                    Plaintiffs,

      v.

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, MY GUARD SECURITY CORP.,
DAVID BISTRICER, Individually, RAFAEL GARCIA,
Individually, MARC ANTHONY GARCIA, Individually,
and JOHN MURPHY, Individually,

                    Defendants.
-------------------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PARAGRAPHS 27 THROUGH 33 OF PLAINTIFFS' COMPLAINT

                                            JOSHUA MARCUS, ESQ. (JM 4250)
                                            FRANKLIN, GRINGER & COHEN, P.C.
                                            *Attorneys for Defendants*
                                            666 Old Country Road, Suite 202
                                            Garden City, NY 11530-2013
                                            (516) 228-3131

## **PRELIMINARY STATEMENT**

Defendants, Renaissance Equity Holdings, LLC, Clipper Equity, LLC, My Guard Security, David Bistricer, Rafael Garcia, Marc Anthony Garcia, and John Murphy, submit this Memorandum Of Law in support of their motion to strike certain immaterial, impertinent, and scandalous material from Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(f). The gravamen of Plaintiffs' Complaint is that they were not paid overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and New York State Labor Law § 650. Defendants deny Plaintiffs' claims that they were not properly paid overtime.

However, in its Complaint, Plaintiffs assert that: (1) Defendants have been identified as being one of the worst landlords in New York by the New York City Public Advocate; (2) Defendants have been sued by the NLRB in connection with a lock-out; (3) Defendants have been sued by a tenants association for breach of contract; and (4) *The New York Times* had printed articles stating that buildings owned by Defendant Bistricer had numerous housing code violations, that Bistricer had been placed under a permanent injunction from selling cooperative apartments, and that Bistricer had been criticized by Andrew Cuomo and Michael Bloomberg regarding tenant relations and building violations. See Plaintiffs' Complaint ¶¶ 27-33 annexed to the Affirmation of Joshua Marcus, dated September 7, 2012 (hereinafter "Marcus Aff.") as Ex. A. Since such allegations are wholly unrelated to Plaintiffs' allegations of unpaid overtime and primarily deal with tenant relations, which is not an issue in the lawsuit, and since such allegations are also scandalous and were drafted solely for the purpose of prejudicing Defendants, such paragraphs shall be stricken from the Complaint.

1

## ARGUMENT

## PARAGRAPHS TWENTY-SEVEN THROUGH THIRTY-THREE OF THE &COMPLAINT SHOULD BE STRICKEN BECAUSE THEY ARE IMMATERIAL, IMPERTINENT AND SCANDALOUS

Plaintiffs filed their Complaint on or about July 6, 2012. See Marcus Aff., Ex. A. Defendants' counsel subsequently accepted service upon behalf of the Defendants. The gravamen of Plaintiffs' allegations is that they were not paid overtime in violation of the FLSA and the New York State Labor Law during their employment as security guards. See Marcus Aff., Ex. A, ¶¶ 71-3. Plaintiffs' Complaint makes several allegations regarding tenant relations that are completely immaterial to Plaintiffs' claims. Specifically, Paragraphs 27-33 of the Complaint state:

> 27. Upon information and belief, Defendant BISTRICER is or was on New York City Public Advocate William de Blasio's "watch list" of New York City's "Worst Landlords."
>
> 28. Upon information and belief, Defendant BISTRICER has been sued by the National Labor Relations Board in connection with a "lock-out" of workers at Flatbush Gardens.
>
> 29. Upon information and belief, Defendants BISTRICER and RENAISSANCE EQUITY have been sued by the Flatbush Gardens Tenants Association for breach of contract.
>
> 30. Upon information and belief, the *New York Times* printed an article on February 8, 2007 in which it was reported that then-Commissioner of the New York City Department of Housing and Urban Development, Shaun Donovan, claimed that the city's records indicated that there were 8,792 outstanding housing maintenance code violations across 4,768 apartments in 71 buildings controlled by Defendant BISTRICER.
>
> 31. Upon information and belief, the *New York Times* printed an article on December 10, 2010 concerning Flatbush Gardens entitled "Violations and Lockout Mire Brooklyn Complex." In this article, the *New York Times* reported that defendant BISTRICER was "no stranger to condemnation from government officials and tenants. In 1998 he was put under permanent injunction barring him from the offer and sale of

cooperative apartments after a State Supreme Court judge determined he had been deceptive and abusive in previous cooperative conversions and sales."

32.  Upon information and belief, the same December 10, 2010 *New York Times* article referred to a 2007 incident in which the New York State Attorney General at the time (and current New York State Governor), Andrew Cuomo, described Defendant BISTRICER's legal history as "sordid" and also state that Defendant BISTRICER has a "long and troubled history of tenant abuse."

33.  Upon information and belief, New York City Mayor Michael R. Bloomberg also commented on the 2007 incident that was the subject of the New York Times article and expressed concern over Defendant BISTRICER's history of building violations.

Such allegations are scandalous, irrelevant, and totally unrelated to Plaintiffs' allegations of unpaid overtime and should be stricken from Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(f).

Courts have stricken allegations contained in pleadings where the allegation has no bearing on the issues in dispute. See Kounitz v. Slaatten, 901 F. Supp. 650, 658 (S.D.N.Y. 1995) (Parker, J.) (striking allegations in sexual harassment complaint that supervisor used profanity, was incompetent and had a personality disorder as being scandalous and irrelevant to plaintiff's discrimination claim); Burger v. Health Insurance Plan of Greater New York, 684 F. Supp. 46, 52 (S.D.N.Y. 1988) (Conboy, J.) (dismissing allegations in discrimination action that defendant had engaged in criminal billing practices with its customers since such claims had no connection to the allegations raised by the plaintiff). Thus, where the materiality of the alleged matter is highly unlikely, or where its effect would be prejudicial, the court may order it stricken. See Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co., 657 F. Supp. 136, 144 (E.D.N.Y. 1987) (McLaughlin, J.) (striking allegations concerning prior litigation involving defendant and the beer industry in general which were not relevant to plaintiff's action); G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp.2d 521, 555 (S.D.N.Y. 2002) (striking allegations that law firm had induced staff

3

to be nice and/or have sex with a particular expert witness to induce favorable testimony in action asserting breach of contract and fraudulent inducement since allegations had no bearing on the case and were highly prejudicial).

Clearly the allegations concerning Defendants have nothing to do with whether Plaintiffs, who were employed as security guards, were not paid overtime in violation of state and/or federal law. Rather, such allegations primarily focus on tenant relations which have no relevance as to Defendants' pay practices. Further, it should be noted that the allegations relating to Plaintiffs' assertions are taken out of context and are not accurate as presented. It is obvious that Plaintiffs' allegations were made solely for the purpose of embarrassing and harassing Defendants.

Additionally, the prejudice to Defendants is great, as Plaintiffs may try to use the Complaint at trial in furtherance of their case and to influence the jury. Such allegations, as they are completely immaterial and would not be admissible pursuant to the Federal Rules of Evidence 403, since it would only unfairly prejudice the Defendants, confuse the issues and mislead the jury.

Further, it should be noted that Plaintiffs' counsel was previously notified that Defendants would seek to strike Plaintiffs' Complaint, but to date Defendants have not received any response to its letter. See Marcus Aff., Ex. B. As such, since there is a substantial risk of prejudice to the Defendants, and Plaintiffs' allegations are totally unrelated to the issues of this case, Paragraphs 27 through 33 of the Complaint should be stricken.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that its motion to strike Paragraphs 27 through 33 of Plaintiffs' Complaint be granted in its entirety.

                          Respectfully submitted,

By:   /s_____
       Joshua Marcus, Esq. (JM 4250)
       **FRANKLIN, GRINGER & COHEN, P.C.**
       *Counsel for Defendants*
       666 Old Country Road, Suite 202
       Garden City, NY 11530-2013
       (516) 228-3131

Dated: September 7, 2012
       Garden City, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  12 Cv. 5268 (JMF)
AMADO S. PLA, KEVIN JOSEPH, and YISHMAEL
LEVI, Individually, And On Behalf Of All Other
Persons Similarly Situated,

                        Plaintiffs,

   -against-

                                                  **AFFIDAVIT OF SERVICE**

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, MY GUARD SECURITY CORP.,
DAVID BISTRICER, Individually, RAFAEL GARCIA,
Individually, MARC ANTHONY GARCIA, Individually,
and JOHN MURPHY, Individually,

                        Defendants.
------------------------------------------------------------------------X

STATE OF NEW YORK    )
                               ) ss:
COUNTY OF NASSAU    )

      JEAN FRANKLIN, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides at Wantagh, New York.

      On September 7, 2012 deponent served a true copy of the annexed **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PARAGRAPHS 27 THROUGH 33 OF PLAINTIFFS' COMPLAINT** by mailing same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

                        Walker J. Harman, Esq.
                        Peter J. Andrews
                        THE HARMAN FIRM, P.C.
                        200 West 57th Street, Suite 900
                        New York, NY 10019

                                                  _/s/ Jean Franklin_
                                                  JEAN FRANKLIN

Sworn to before me this
7th day of September, 2012

_/s/_
NOTARY PUBLIC

JOSHUA A. MARCUS
NOTARY PUBLIC, State of New York
No. 02MA6085921
Qualified in Nassau County
Commission Expires Jan. 13, 2014