UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and YISHMAEL
LEVI, Individually, And On Behalf Of All Other
Persons Similarly Situated,

                                                            12 Cv. 5268 (JMF)

                          Plaintiffs,

            v.

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY CORP.,
DAVID BISTRICER, Individually, RAFAEL GARCIA,
Individually, MARC ANTHONY GARCIA, Individually,
and JOHN MURPHY, Individually,

                          Defendants.
------------------------------------------------------------X


## MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' CROSS-MOTION TO DISMISS PLAINTIFFS' COMPLAINT IN LIGHT OF THE SUPREME COURT'S DECISION IN *GENESIS HEALTH CARE V. SYMCZYK*

 

JOSHUA MARCUS, ESQ. (JM 4250)
FRANKLIN, GRINGER & COHEN, P.C.
*Attorneys for Defendants*
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131

## INTRODUCTION

This Memorandum of Law is submitted in further support of Defendants' cross-motion to dismiss this action for lack of subject matter jurisdiction. The Court by Order dated April 16, 2013 permitted the parties to file supplemental briefs regarding the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk*, 2013 Lexis 3157 (2013) to address that decision's impact on this case.[1] Defendants believe that the recent Supreme Court decision compels this Court to dismiss Plaintiffs' motion on the basis that it is moot because the named Plaintiffs have been made whole by Defendants' offer of judgment. As *Genesis Healthcare* makes clear, the fact that the Plaintiffs subsequently moved for class certification is of no significance to Defendants' cross-motion. Accordingly, for the reasons stated herein as well as in Defendants' initial motion papers, Defendants' cross-motion should be granted.

## ARGUMENT

### THE SUPREME COURT'S DECISION IN *GENESIS HEALTHCARE* AFFIRMS DEFENDANTS' ARGUMENT THAT AN OFFER OF JUDGMENT WHICH EXCEEDED THE RELIEF THE NAMED PLAINTIFFS WOULD BE ENTITLED TO MOOTED PLAINTIFF'S CLAIMS

In *Genesis Healthcare*, the Court reviewed the question as to whether a Rule 68 offer of judgment which was not accepted by the plaintiff mooted plaintiff's FLSA claim in light of the plaintiff's intention to file a motion for a collective action. In *Genesis Healthcare*, the employee filed a complaint on behalf of herself and all other employees similarly situated alleging that the company impermissibly deducted meal breaks even though she actually worked during such breaks. *Genesis Healthcare*, supra, 2013 Lexis 3157 * 6-7. When the employer filed its answer to the complaint, it simultaneously served an offer of judgment in the amount of $7,500.00

---

[1] Upon Plaintiffs' counsel's application, Your Honor extended the parties' deadline to filing such briefs to May 1, 2013.

1

exclusive of attorneys' fees and costs. *Id.* at* 7. When the employee failed to respond within the time period established in Rule 68, the company filed a motion to dismiss on the basis of a lack of subject matter jurisdiction. *Id.* Genesis Healthcare argued that since the plaintiff had no personal stake in the outcome of the suit since she was made whole by the offer of judgment, the action was moot. *Id.* Symczyk in turn argued that the action was not mooted and argued that the company was improperly attempting to "pick off" the named plaintiff before she had an opportunity to proceed as a collective action. *Id.*

The Supreme Court noted that the federal court's jurisdiction is limited to "cases" or "controversies" and a court must demonstrate that the plaintiff has a "legally cognizable interest or 'personal stake' in the outcome of the action." *Id.* at * 10. The Court also noted that "if an intervening circumstance deprives the plaintiff of a 'personal stake' in the outcome of the lawsuit, at any point during the litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at * 11 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-8, 110 S. Ct. 1249, 109 L. Ed.2s 400 (1990).

In answering the question as to whether collective action allegations in a complaint save the suit from mootness once the individual claims are satisfied, the Supreme Court specifically held that the case law regarding whether an offer of judgment could moot a certified class action pursuant to Rule 23 was not dispositive. *Id.* at * 15-17. The Supreme Court noted that once a court grants class certification, the action acquires "an independent legal status" as opposed to a FLSA collective action in which the court would merely grant the plaintiff the opportunity to send court approved written notice to other employees. *Id.* Further, the Supreme Court noted that in a FLSA collective action, as opposed to a Rule 23 class action, even if the court had

2

already granted conditional certification in regards to the employee's FLSA claim, the employee's claim would still be deemed moot because she obtained the full relief to which the plaintiff would be entitled. *Id.* at *17. Thus, the fact that the employer's offer of judgment was made before the employee had an opportunity to make a collective motion was immaterial as even if such motion had already been granted, the employee's claims would still be mooted.

In *Genesis Healthcare*, the Supreme Court also held that case law cited by Symczyk which held that an offer made after the certification of a class action is certified would not be moot because it relates back to the filing of the case, is also inapplicable as to a FLSA claim. *Id.* at * 17-20. The Supreme Court noted that class actions where it was held that the offer would relate back to the filing of the claim were in narrowly limited to cases in which the transitory nature giving rise to the suit could insulate defendant's conduct from review (i.e., a class action seeking review relating to pre-trial detentions). The Supreme Court further made it clear that such decisions were based upon "the fleeting language of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Id.* at * 19. Thus, the Supreme Court noted that there is nothing inherently wrong with the strategy of "picking off" a named plaintiff by properly making an offer of judgment as to all relief to which the plaintiff would be entitled and overruled the Third Circuit's decision to the contrary. *Id.* at * 20.

Accordingly, the Supreme Court reversed the Third Circuit's decision that a collective action would not be mooted when the named party received all relief to which they were entitled in a Rule 68 offer of judgment. *Id.* The Supreme Court also held that a plaintiff cannot merely claim that they had a continuing interest in the shifting of attorneys' fees and costs to others when the plaintiff was provided complete relief of the plaintiff's individual claims . *Id* at * 22. The

Supreme Court also reiterated that in the context of collective certification in a FLSA action, the parties could not rely upon case law relating to Rule 23 class certification. *Id.*

Herein, the facts are very similar to the facts set forth in *Genesis Healthcare*. Defendants filed their offer of judgment on the same day that they filed their answer. Defendants' motion rendering this matter moot contained a detailed analysis as to how the offer of judgment was computed and how the offer of judgment would have exceeded each of the named Plaintiffs' state and federal overtime claims. See Affirmation of Joshua Marcus, dated November 11, 2012 with annexed exhibits. Such offers were based upon Defendants' time and wage records. See Affidavit of Jacob Schwimmer, dated November 12, 2012, and annexed exhibits; and Affidavit of John Murphy, dated November 7, 2012, and annexed exhibits. Notably, Plaintiffs never made any argument that Defendants' time and/or wage records were inadequate. Nor did Plaintiffs make any assertion showing that the named Plaintiffs were not provided all relief they would be entitled to pursuant to the terms of the offer of judgment. Rather, Plaintiffs' opposition motion merely focused upon Plaintiffs' argument that it would be improper for the Court to dismiss a collective action on the basis that Plaintiffs had made a motion to pursue a collective action after Defendants submitted their offer of judgment. See Plaintiffs' Memorandum of Law In Further Support of Plaintiffs' Motion For Preliminary Collective Action Certification and In Opposition To Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction (herein Plaintiffs' Opp. Motion), pp. 3-7.[2] Such argument was explicitly rejected by that Supreme Court in *Genesis*

---

[2] Plaintiffs did argue that the named Plaintiffs still had their state law claims, and this court should retain jurisdiction over such claims. See Plaintiffs' Opp. Motion, p. 7. Yet, Defendants' offer of judgment contained calculations for six years of overtime and included Defendants' overtime claim. Notably, Plaintiffs never specifically demonstrated how Defendants' offer of judgment did not satisfy Plaintiffs' state law claims.

*Healthcare.*

Defendants anticipate that Plaintiffs will argue that *Genesis Healthcare* is not controlling and argue its holding can be distinguished from the case herein. Defendants anticipate that Plaintiffs will argue that the case is not mooted because additional plaintiffs joined the action after Defendants submitted its offer of judgment. However, that should not impact the dismissal of the case. The named Plaintiffs have been given all relief they would be entitled to, and Plaintiffs' motion for a collective action is predicated upon their application. With the named Plaintiffs' cases being mooted, the application on behalf of the three named Plaintiffs cannot proceed.[3]

Defendants anticipate that the Plaintiffs will also argue that in *Genesis Healthcare*, the Court did not definitively address the issue as to whether an offer of judgment which was not accepted by the plaintiff could moot a case. See *Genesis Healthcare*, supra 2013 Lexis 3157 at * 11-12. While the majority opinion acknowledges it did not reach the issue because the respondent did not cross-appeal that issue and the dissenting opinion specifically argues that an unaccepted offer of judgment may not moot an action, the majority's decision noted that many circuit courts, including those in the Second Circuit, have held that an unaccepted offer of judgment which provides the named parties with all relief may moot a FLSA action. See e.g., *Genesis Healthcare,* 2013 Lexis 3157 at * 14-15 n. 4. Specifically, the majority in *Genesis Healthcare* noted:

---

[3] Of course, Defendants could not anticipate which other parties might join an action. Further, while Defendants are aware that the persons who opted into this matter may pursue their claims in a new action, the claims of the named plaintiffs are mooted, and they cannot seek collective certification pursuant to the FLSA.

5

> While we do not resolve the question whether a Rule 68 offer that fully satisfies the plaintiff's claims is sufficient by itself to moot the action, *supra,* at 5, we note that Courts of Appeals on both sides of that issue have recognized that a plaintiff's claim may be satisfied even without the plaintiff's consent. Some courts maintain that an unaccepted offer of complete relief alone is sufficient to moot the individual's claim. E.g., *Weiss*, supra, at 340; *Greisz v. Household Bank (Ill.), N.A.,* 176 F.3d 1012, 1015 (CA 7 1999). Other courts have held that in the face of an unaccepted offer of complete relief, district courts may 'enter judgment in the favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment' *O'Brien v. Ed Donnelly Enters., Inc.,* 575 F.3d 567, 575 (CA 6 2009); see also *McCauley v. Trans Union, LLC,* 402 F.3d 340, 342 (2d Cir. 2005). Contrary to the dissent's assertion, see *post,* at 8 (opinion of Kagen, J.), nothing in the nature of FLSA actions precludes satisfaction- and the mooting- of the individual's claims before the collective-action component of the suit has run its course.

Id.

Although the Second Circuit in *McCauley* actually held that the offer of judgment in that case did not moot that particular case, the court did so on the narrow ground that the defendant in its offer of judgment made the offer contingent that the offer of judgment "would not be construed as an admission of liability and that it remained confidential and filed under seal." *McCauley*, 402 F.3d at 341. The Second Circuit noted that although an offer of judgment may moot a case "when there is no legally cognizable interest in the outcome," the court noted that in the *McCauley* case, the defendant's condition of a non-admission and confidentiality clause in the offer of judgment did not give the plaintiff all the relief to which he was entitled to or seeking, as the plaintiff would be denied a public judgment which admits liability and which would have a preclusive effect for *res judicata* purposes. *McCauley,* 402 F.3d at 342 (citing *Fox v. Bd. of Trustees of State Univ. of New York,* 42 F.3d 135, 140 (2d Cir. 1994)).[4]

---

[4] It also bears noting that if the Second Circuit had merely held that an unaccepted offer of judgment could never render a case moot in *McCauley*, it would not have to reach the issue as to whether a conditional offer of judgment which included confidentiality language could moot an action.

6


Herein, Defendants' offer of judgment contained no language requiring confidentiality. The offer of judgment merely permitted Plaintiffs to obtain an offer of judgment which would satisfy their claims. Although the Supreme Court did not definitively resolve the issue of whether an unaccepted offer of judgment which provides the plaintiff with all of the relief they are entitled <u>must</u> moot an action, the majority's decision in the Supreme Court clearly indicated that such unaccepted offer of judgment <u>may</u> moot an action and strongly hinted that it should moot a FLSA action.

Accordingly, since Plaintiffs exclusively rely on the argument that this action should not be dismissed because it made a motion for a collective action immediately after Defendants had filed its answer and such argument was explicitly rejected by the Supreme Court, this Court must dismiss the named Plaintiffs' action as moot and must deny Plaintiffs' motion. See Plaintiffs' Opp. Motion, pp 3-7. Defendants further note that the offer of judgment was made herein by the Defendants to quickly resolve this matter to avoid litigation costs. Plaintiffs in this action have taken a very aggressive posture with respect to the litigation from the outset and Defendants have merely wanted to resolve the Plaintiffs' claims in a quick and efficient manner. Defendants note that Plaintiffs' counsel had initially filed a complaint which contained numerous allegations regarding housing conditions at the Flatbush Gardens complex which had no relevance to Plaintiffs' claims of overtime. Although, Plaintiffs' counsel had agreed to amend their complaint, they have aggressively pursued this litigation by adding such allegations in their brief in further support of Plaintiffs' motion for class certification and in opposition of Defendants' cross-motion (see Plaintiffs' Opp. Motion, pp. 7-11) and have requested thousands of pages of documents from defendants in addition to demanding depositions herein. Yet, at no time have Plaintiffs offered a

cognizable theory as to why they are not fully satisfied by the offer of judgment. Further, Plaintiffs' boilerplate submissions for a collective action contain no allegations as to the pattern or practice as to which Defendants failed to pay Plaintiffs overtime in the first place. As set forth in Defendants' affidavits, almost all of the overtime claimed appears to be for hours taken by the Plaintiffs during their lunch break. See Affidavit of Jacob Schwimmer, dated November 12, 2012 ¶ 7; Affidavit of John Murphy, dated November 7, 2012, ¶ 7. Defendants made the calculated decision that it would be cheaper to resolve this case rather than litigate this case over the issue regarding meal breaks. The offer of judgment mechanism, as laid out in Fed. R. Civ. P. 68, was designed to resolve matters quickly and efficiently so that the court's resources are not burdened and the parties could resolve their issues without incurring substantial legal costs. Plaintiffs' quixotic attempts to assert a collective action when the named Plaintiffs were satisfied by the offer of judgment was similarly rejected by the Supreme Court in *Genesis Healthcare*. Accordingly, Defendants believe that this Court should follow *Genesis Healthcare* and dismiss Plaintiffs' claims as moot.

## CONCLUSION

Pursuant to the reasons stated herein, Defendants' cross-motion to dismiss the Complaint as moot should be granted.

Dated: Garden City, New York
May 1, 2013

**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*

/s_____
By:   Joshua A. Marcus, Esq. (JM 4250)
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
(516) 228-3131


To:   Walker J. Harman, Esq. (WH-8044)
Peter J. Andrews (PA 3295)
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, NY 10019
(212) 425-2600

9