# THE HARMAN FIRM, PC
### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600    FAX 212 202 3926

WWW.THEHARMANFIRM.COM

D&F

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2013

May 13, 2013

**VIA EMAIL (Furman_NYSDChambers@nysd.uscourts.gov)**
Hon. Jesse M. Furman
United States District Court
  for the Southern District of New York
United States Courthouse
40 Centre Street, Room 2202
New York, New York 10007

      **Re:**    *Pla et al. v. Renaissance Equity Holdings et al.*
              12 CV 5268 (JMF)

Dear Judge Furman:

      We represent all of the Plaintiffs in this wage-and-hour matter, including Named Plaintiffs Amado Pla, Kevin Joseph, and Yishmael Levi.

      We are writing this letter to you to inform Your Honor and opposing counsel that our office intends to very shortly move for reconsideration of the Court's ruling, made from this bench, this past Thursday, May 9, 2013.  In that ruling, the Court stated, *inter alia*, "[s]o I do think the case is moot as to them [the Named Plaintiffs] and I will enter judgment in the amount of the offer of judgment in favor of the three named plaintiffs."

      We are respectfully seeking reconsideration of this ruling on the grounds that:

      1.    The Defendants' Offers of Judgment by their own terms expired fourteen (14) days after they were made on October 22, 2012.  Therefore, the Offers of Judgment had expired by the middle of November 2012.  At no point thereafter were we advised that these Offers had been "resurrected."  Once they expired, we stopped thinking about them.

      2.    The Named Plaintiffs never once indicated that they believed that the amounts stated in the Offers of Judgment adequately compensated them for their unpaid wages, or that they were undisputed and uncontested.  At the time that the Offers of Judgment were made (and shortly after their expiration) the case was barely under way.

      3.    The Named Plaintiffs did not have an opportunity to analyze all relevant records and to depose relevant parties, including the Defendants' payroll administrator, Robert Bendel, who was identified at a deposition **two (2) days before the May 9, 2013 hearing** as the person most knowledgeable about payroll practices.  Mr. Bendel's deposition still has not been taken.

      4.    The Plaintiffs did not have any notice that the Court was going to make a factual determination that the amounts stated in the expired October 22, 2012 Offers of Judgment

Hon. Jesse M. Furman, U.S.D.J.
May 13, 2013
Page 2 of 2

adequately compensated the Named Plaintiffs. There was no evidentiary hearing, and the Named Plaintiffs never had the opportunity to in any way challenge or even comment on the Offers of Judgment prior to the Court's ruling.

Our office has reviewed several of the cases cited by the Court, including *Abrams v. Interco*, 719 F.2d 23 (2d Cir. 1983), *McCauley v. Trans Union*, 402 F.3d 340 (2d Cir. 2005), *Reyes v. Carnival Corp.*, 2005 WL 4891058, 2005 U.S. Dist. LEXIS 11948 (S.D. Fla. May 25, 2005), *Briggs v. Arthur T. Mott Real Estate*, 2006 WL 3314624, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. Nov. 14, 2006), and *Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006).

For reasons that will be more fully stated in our proposed motion for reconsideration, we do not believe that these cases are applicable to a situation where Offers of Judgment by their own terms expired fourteen (14) days after they were made, where discovery had barely gotten under way at the time that the Offers were made (and then by their own terms expired), where discovery, including discovery of the person in charge of payroll calculations is ongoing, and has not been completed, and where Named Plaintiffs have never themselves conceded that the amounts in the Offers of Judgment adequately compensated them for unpaid wages, including overtime.

At the May 9, 2013 hearing, I emphasized that we did not feel that the amounts in the Offers of Judgment were adequate or uncontested.

For these reasons, we respectfully request that the Court defer entering (or alternatively vacate) the proposed Judgments submitted by the Defendants on Friday, May 10, 2013, until we have filed our Motion and the Court has had the opportunity to consider it.

We intend to file our motion by the close of business this Thursday.

We thank the Court for its time and consideration.

Respectfully submitted,
THE HARMAN FIRM, PC


_____s/_____
Peter J. Andrews [PA-3295]


cc: Joshua A. Marcus, Esq. (via email jmarcus@franklingringer.com)
    Walker G. Harman, Jr. (via email)