**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and
YISHMAEL LEVI, Individually, And On Behalf Of
All Other Persons Similarly Situated,                         **12 CV 5268 (JMF)**

                             *Plaintiffs*,

          -against-

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY
CORP., DAVID BISTRICER, Individually,
RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually,

                             *Defendants*.
------------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

---

**THE HARMAN FIRM, PC**
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
*Counsel for Plaintiffs*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

# PRELIMINARY STATEMENT

Pursuant to FED. R. CIV. P. 54(b), Named Plaintiffs Amado S. Pla, Kevin Joseph, and Yishmael Levi, submit this Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration of the Court's May 9, 2013 ruling from the bench that:

> I agree that, as of today [May 9, 2013], the case is moot as to the three named plaintiffs. The plaintiffs have had six months in which to come forward with any evidence to suggest that the offer of judgment made on October 22 did not meet or exceed their claims, and they have failed to do so. . . . Again, I don't entirely agree with or understand this entire area of the law, but as I indicated before, I think that ship has sailed and I'm bound by Second Circuit precedent on that.[1] So I do think the case is moot as to them and I will enter judgment in the amount of the offer of judgment in favor of the three named plaintiffs.

Transcript of the May 9, 2013 Conference before the Hon. Jesse M. Furman, 31:7–19, annexed as *Exhibit A* to the May 16, 2013 Declaration of Peter J. Andrews in Support of Plaintiffs' Motion for Reconsideration ("Andrews Decl.").

Named Plaintiffs' request that the Court reconsider its May 9, 2013 ruling because the Court may have overlooked allegations in the Amended Complaint regarding the inadequacy of Defendants' time and payroll records, and also may have overlooked case law in this Circuit stating that FED. R. CIV. P. 68 Offers of Judgment do not moot claims where the amounts are disputed and cannot be determined to be adequately and to fully compensate the Plaintiffs.

---

[1] Plaintiffs do not believe that the Second Circuit's precedent supports the Court's assertion, and the case law cited herein contradicts it, especially in light of the fact that Plaintiffs challenge the adequacy of the Defendants' time records, and have not had the opportunity to explore this issue in discovery.

## STATEMENT OF FACTS

1. **THE AMENDED COMPLAINT ALLEGED THAT PAYROLL AND TIME RECORDS WERE NOT PROPERLY MAINTAINED BY DEFENDANTS AND DO NOT REFLECT THE HOURS ACTUALLY WORKED BY PLAINTIFFS.**

    The Plaintiffs' Amended Complaint specifically alleges:

    > As a result of the Defendants' failure to record, report, credit and/or compensate security officers at Flatbush Gardens, including the three individually named Plaintiffs and the other Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

    Amended Complaint (Docket Entry 8), ¶ 89, annexed to the Andrews Decl. as *Ex. B*.

    Thus, the Amended Complaint, which must be presumed to have been filed in good faith, alleges that Defendants' time records of Plaintiffs' work, standing alone, would not show how many hours were worked by each Plaintiff, and whether and how much each Plaintiff was paid. Plaintiffs have not had the opportunity to explore the Defendants' failure to pay them for "off-the-clock" work. Nor have the Named Plaintiffs themselves been deposed to that end and the issues surrounding it. Cutting off the Named Plaintiffs prior to an exploration of the validity and comprehensiveness of the records is assessed in a denial of basic due process and is highly prejudicial.

2. **PLAINTIFFS DETAILED THEIR REASONS FOR WHY THE CLAIMS SHOULD NOT BE MOOTED IN THEIR PREVIOUS MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS.**

    Plaintiffs submitted their Memorandum of Law in Opposition to Defendants' Cross Motion to Dismiss for Lack of Jurisdiction on December 12, 2012 (Docket Entry 34), Andrews Decl., *Ex. C*. The inadequacy of the Offers of Judgment was extensively briefed in that Memorandum. Andrews Decl., *Ex. C* at 3–6. Nothing has changed; depositions have only

recently gotten under way, and only one (1) deposition has thus far been taken, as discussed in the following section.

In fact, as early as December 2012, Plaintiffs strongly challenged the Offers of Judgment and explained to Defendants why they were inappropriate. *See* Plaintiffs' Dec. 12, 2012 "safe-harbor" letter to Defendants, Andrews Decl., *Exhibit D.*

3. DURING THE MAY 9, 2013 HEARING, PLAINTIFFS COUNSEL HIGHLIGHTED FOR THE COURT WHY THE AMOUNTS SET OUT IN THE EXPIRED OFFERS OF JUDGMENT ARE CONTESTED, AND HAVE NEVER BEEN ACCEPTED AS ADEQUATE BY THE NAMED PLAINTIFFS.

The inadequacy of the long-expired Offers of Judgment from October 22, 2012, was highlighted by counsel for the Plaintiffs at the May 9, 2013 hearing.

> The Court: Mr. Andrews [counsel for Plaintiffs], my question for you is: No. 1, is there any dispute that the offer of judgment made on October 22 exceeds the amount of the three original named plaintiffs' claims?
>
> Mr. Andrews: Yes, your Honor. There is a dispute. Discovery is ongoing. Mr. Pla, one of the named plaintiffs, will be deposed shortly. We have never agreed and do not feel that the numbers offered by the defendants are unchallenged, undisputed numbers.

Andrews Decl., *Ex. A* at 19:24–20:7.

> Counsel for Plaintiffs continued:
>
> While the case has gone on for six months, not a whole lot has happened during that six months. The first deposition in the case only took place this week of Mr. Garcia, director of operations. We still have some outstanding discovery disputes regarding payroll records from the security guard company. The named plaintiffs have not been deposed. There's still a lot of uncertainty as to whether these numbers are accurate or how accurate they are. This offer of judgment, as the Court noted, by its own terms expired shortly after it was made. It didn't make sense to accept it then. We moved on.

Andrews Decl., *Ex. A* at 20:14–24.

> Counsel for Plaintiffs further stated:
>
> We are not confident that we have obtained all documents from the security guard company that was outsourced to provide security guard services, My Guard,

which is a named defendant in the case. We thought Mr. Garcia, who is the director of operations, would shed some light on these issues. Mr. Garcia instead testified that the payroll processing took place offsite at Renaissance Equity's Borough Park headquarters. He gave us the name of the individual who is the payroll administrator. We just issued a notice of deposition for that gentleman yesterday. We are simply not prepared to accept an offer of judgment when so many unresolved factual questions remain, where we have not even spoken to the payroll administrator, nor have named plaintiffs themselves been deposed and examined.

Andrews Decl., *Ex. A* at 22:4–17.

Counsel for Plaintiffs additionally stated:

[T]he analysis of the time sheet records has to take place in conjunction with depositions of the persons with knowledge of how those records were prepared. These are documents that come from the defendants. They are not our documents. We do not fully understand them. We require the deposition of the payroll administrator. Mr. Garcia was not able to provide meaningful testimony regarding how payroll was calculated. We're still in the dark, and I don't think it's reasonable for us to be expected to accept an offer of judgment flying blind.

Andrews Decl., *Ex. A* at 23:2–11.

4. THE LEAD NAMED PLAINITFF, AMADO S. PLA, IS TO BE DEPOSED ON MONDAY, MAY 20, 2013, AND THE NAMED DEFENDANTS' PAYROLL ADMINISTRATOR'S DEPOSITION HAS NOT YET EVEN BEEN SCHEDULED. THE COURT'S RULING IS PREMATURE AND DENIES PLAINTIFFS' DUE PROCESS.

The lead Named Plaintiff in this action, Amado S. Pla, who has been most instrumental in pursuing this action on behalf of all similarly situated parties (and who should be entitled to an enhancement payment in the event of settlement or other disposition), is to be deposed this Monday, May 20, 2013. The Court's ruling rendering Mr. Pla's claim moot was made before Mr. Pla even had a chance to answer a <u>single question</u> regarding: (1) the allegations in his complaint, (2) the basis for this belief that he was not paid properly, and (3) his understanding of how much he may be owed. This is a denial of basic due process and is strongly and unfairly prejudicial. For these reasons, we now respectfully ask the Court to reconsider.

Moreover, Mr. Garcia, Mr. Pla's supervisor, and terminator, the former Director of Operations at the Complex, was deposed only two days prior to the Court's ruling. In fact, we have not even received the deposition transcript to review. Mr. Garcia denied knowledge of payroll operations at the complex, and instead provided Plaintiffs' counsel with the name of another person, Robert Bendel, whom he identified as the off-site payroll supervisor. Plaintiffs did not know of Mr. Bendel's key role prior to Mr. Garcia's deposition, and a notice of deposition for Mr. Bendel went out hours after Mr. Garcia's deposition. Plaintiffs have not sat around for months and months ignoring purportedly "undisputed" and "clear" payroll records. Plaintiffs again respectfully request the Court to reconsider its ruling in order to prevent violation of the due process rights of the Named Plaintiffs.

Only <u>after</u> Plaintiffs have had complete and fair access to Defendants' full records and <u>after</u> all depositions are concluded—a process intended to reveal the accuracy, fairness, and legality of Defendants' wage-and-hour practices, will it be possible to reasonably evaluate any offer of judgment. It is Plaintiffs' contention that Defendants did not properly record Plaintiffs' work. At this stage, Plaintiffs' contentions are required to be accepted as having been made in good faith, which these are.

Named Plaintiffs can easily represent that Defendants' Offers of Judgment did not specify the two (2) streams of damages under which Plaintiffs seek to be made whole (*i.e.*

punitive and compensatory damages).² The Offers of Judgment also failed to include attorneys' fees as described in *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006), which is referred to again below. In short, the Offers of Judgment are an unsubstantiated lump sum devised by Defendants, that Plaintiffs are now ordered to accept when they came to this Court seeking justice. This is a denial of due process and is unfairly prejudicial.

**ARGUMENT**

I. RULE 68 OFFERS OF JUDGMENT DO NOT MOOT CLAIMS OF INDIVIDUAL PLAINTIFFS WHEN THE AMOUNTS DUE TO PLAINTIFFS IS DISPUTED OR YET TO BE DETERMINED.

Named Plaintiffs' position that the Offers of Judgment extended on October of 2012 do not render their claims moot is supported the case law in this circuit. In a 2008 decision, District Court Judge Castel stated:

> [C]ourts have recognized two circumstances in which a Rule 68 offer does not moot an FLSA collective action . . . . [E]ven if no other plaintiffs have opted-in, courts have "denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Ward* [*v. Bank of N.Y.*], 455 F. Supp. 2d [262] at 267 [(S.D.N.Y. 2006)]; *see Reyes v. Carnival Corp.*, 2005 WL 4891058, *3, 2005 U.S. Dist. LEXIS 11948 (S.D. Fla. May 25, 2005) (given dispute over number of hours worked, "there is no basis for [the court] to conclude that the offer of judgment is definitively for more than the Plaintiff could recover at trial."); *Reed v. TJX Cos.*,

---

² In addition to actual unpaid overtime, both the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19 and the N.Y. LAB. LAW provide for the payment of liquidated damages to Plaintiffs. "Under the FLSA, a plaintiff is entitled to liquidated damages of 100%." *Fu v. Pop Art Int'l*, 2011 WL 4552436 (S.D.N.Y. Sept. 19, 2011) (emphasis added). Plaintiffs who demonstrate that they were improperly denied regular wages and overtime may recover, in addition to reimbursement of unpaid wages, an amount equal to the unpaid wages unless the employer demonstrates that it acted in good faith and had reasonable grounds for believing that it had not violated the FLSA. *See, e.g. Ke v. Saigon Grill*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008) (citing 29 U.S.C. §§ 216(b), 260). "[T]he employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness . . . . The burden, under 29 U.S.C. § 260, is a difficult one to meet, however, and double damages are the norm, single damages the exception." *Id.* (internal quotations omitted and emphasis added). Under the N.Y. LAB. LAW, a plaintiff may also recover one hundred percent (100%) of their unpaid wages as liquidated damages where their employer's violation was willful. N.Y. LAB. LAW §§ 198(1-a), 663(1). Plaintiffs "need not show malice or bad faith to establish willfulness" under the N.Y. LAB. LAW. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 313 (E.D.N.Y. 2009).

2004 WL 2415055, at *2, 2004 U.S. Dist. LEXIS 21605 (N.D. Ill. Oct. 27, 2004) ("In the case at bar . . . the court cannot determine that [defendant's] offer fully compensates plaintiff for his damages."); see also *Sibersky v. Borah, Goldstein, Altschuler & Schwartz*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002) (holding that offer of judgment did not moot case because plaintiff sought unspecified actual damages and the "Court [could not] determine on [a motion to dismiss] whether there [were] such actual damages, and, if so, the amount of such damages").

*Davis v. Abercrombie & Fitch*, 2008 WL 4702840, *5, 2008 U.S. Dist. LEXIS 86577, *14–15 (S.D.N.Y. Oct. 23, 2008). This decision remains controlling law in this Circuit.

In the present case, there is no question that Named Plaintiffs have never accepted the arbitrary amounts that Defendants offered as adequate. Moreover, there is no basis for a finding that the mere fact that these Offers were extended means that the amounts offered are undisputed, let alone comprehensive and correct. In the Amended Complaint, Plaintiffs specifically allege that records were not properly maintained. *See, e.g.*, Andrews Decl., *Ex. B*, ¶¶ 51(b), 60(c), 78, 89–92.

II. PLAINTIFFS ARE ENTITLED HAVE THEIR ALLEGATIONS OF DAMAGES ACCEPTED ABSENT A LEGAL CERTAINLY THAT THEY ARE NOT CORRECT.

The Court's decision to moot the Named Plaintiffs' claims prior to their depositions and the depositions of the lead Defendants' Payroll Supervisor, as well as the depositions of representatives of the My Guard security company, was erroneous, and Plaintiffs respectfully request that the Court reconsider its decision to avoid a violation of due process.

In the same *Davis v. Abercrombie & Fitch* case cited above, the District Court stated:

As the cases suggest, where the plaintiff's damages are not pled in the complaint as a liquidated sum, courts have looked to whether the Rule 68 offer exceeds or definitively exceeds the plaintiff's maximum potential recovery. In assessing the standard by which the party invoking the mootness doctrine must establish that no case or controversy any longer exists, a useful analogy may be drawn to the standard by which a party opposing subject matter jurisdiction must demonstrate that a diversity plaintiff cannot recover in excess of the jurisdictional threshold. 28 U.S.C. § 1332(a). The district court presumes that the face of the complaint is a good faith representation of the actual amount in controversy. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). To

overcome this presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold. *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[E]ven where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982).

*Davis v. Abercrombie & Fitch*, 2008 WL 4702840, *6, 2008 U.S. Dist. LEXIS 86577, *15–16 (S.D.N.Y. Oct. 23, 2008).

In this case, the Named Plaintiffs' damages were not plead as a liquidated sum, and the Plaintiffs respectfully submit that the Court erred when it determined that the Offers of Judgment deprived it of subject matter jurisdiction over the Named Plaintiffs' claims. Decisions involving situations where the amounts owed are undisputed or can be easily determined are simply completely unrelated to the facts in this case. Shutting down the lead *i.e.* Named Plaintiffs based on unilateral, self-serving "offers" made by the Defendants based on their own representations of what their records purportedly show, without even allowing full discovery to occur, is a clear due process violation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court:

(i) Reconsider its May 9, 2013 ruling;

(ii) Not enter judgment as set out in the October 22, 2012 Offers of Judgment;

(iii) Not moot the Named Plaintiffs' claims; and

(iv) Allow the Named Plaintiffs to remain in this action.


Dated: New York, New York
      May 16, 2013

Respectfully submitted by:
   THE HARMAN FIRM, PC
   *Counsel for Plaintiffs*

   _____s/_____
   Peter J. Andrews [PA-3295]
   Walker G. Harman, Jr. [WH-8044]
   200 West 57th Street, Suite 900
   New York, New York 10019
   (212) 425-2600
   pandrews@theharmanfirm.com
   wharman@theharmanfirm.com