```
                                                                    1
     D59WplaC
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   AMADO S. PLA, KEVIN JOSEPH,
 3   and YISHMAEL LEVI,
 4   individually, and on behalf of
 4   all other persons similarly
 5   situated,
 5
 6                  Plaintiffs,
 7            v.                              12 CV 5268 (JMF)
 7
 8   RENAISSANCE EQUITY HOLDINGS,
 8   L.L.C., CLIPPER EQUITY,
 9   L.L.C., MY GUARD SECURITY
 9   CORP., DAVID BISTRICER, RAFAEL
10   GARCIA, MARC ANTHONY GARCIA,
10   and JOHN MURPHY,
11
11                  Defendants.
12   ------------------------------x
13                                            New York, N.Y.
13                                            May 9, 2013
14                                            10:30 a.m.
15   Before:
16                     HON. JESSE M. FURMAN,
17                                            District Judge
17
18                         APPEARANCES
18
19   PETER J. ANDREWS
19        Attorney for Plaintiffs
20
20   FRANKLIN GRINGER & COHEN, P.C.
21        Attorneys for Defendants
21   BY:  JOSHUA A. MARCUS
22
23
24
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

19

D59WplaC

1        THE COURT:  When a party files a consent-to-opt-in
2  form in an FLSA case, do you agree that that party becomes
3  essentially a plaintiff for purposes of the action going
4  forward?
5        MR. MARCUS:  They become a party.  Obviously, they've
6  joined the action, but they haven't become a named party in
7  enforcing all of their rights.
8        THE COURT:  Let me give you a hypothetical.  Assume
9  that on October 21, 2012, Tawanda Thompson had opted in, had
10 filed her consent-to-join form and assume that on October 22,
11 as happened, you made an offer of judgment to the three
12 previous named plaintiffs but not Tawanda Thompson.  Do you
13 agree that the case would not have been mooted in those
14 circumstances?
15       MR. MARCUS:  Yes, your Honor.  I would agree with
16 that.  I think the defendants can only make an offer as to
17 people who are in the case.  You can't just have a moving
18 target as you try to resolve the case.
19       THE COURT:  I'm not parleying with that.  I just want
20 to understand.
21       Is there anything further you want to add?  Otherwise,
22 I'm going to hear from your adversary.
23       MR. MARCUS:  I don't think so, your Honor.
24       THE COURT:  Mr. Andrews, my question for you is:  No.
25 1, is there any dispute that the offer of judgment made on

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

```
                                                                        20
     D59WplaC
 1   October 22 exceeds the amount of the three original named
 2   plaintiffs' claims?
 3           MR. ANDREWS:  Yes, your Honor.  There is a dispute.
 4   Discovery is ongoing.  Mr. Pla, one of the named plaintiffs,
 5   will be deposed shortly.  We have never agreed and do not feel
 6   that the numbers offered by the defendants are unchallenged,
 7   undisputed numbers.
 8           THE COURT:  Right.  And can you specify or articulate
 9   in what way it is disputed?  Because you have now had
10   approximately six or seven months in which to come forth with
11   evidence to support the proposition that it does not exceed the
12   plaintiffs' claims or to articulate in some way what the nature
13   of the dispute is, and of you have not done so.
14           MR. ANDREWS:  While the case has gone on for six
15   months, not a whole lot has happened during that six months.
16   The first deposition in the case only took place this week of
17   Mr. Garcia, director of operations.  We still have some
18   outstanding discovery disputes regarding payroll records from
19   the security guard company.  The named plaintiffs have not been
20   deposed.  There's still a lot of uncertainty as to whether
21   these numbers are accurate or how accurate they are.  This
22   offer of judgment, as the Court noted, by its own terms expired
23   shortly after it was made.  It didn't make sense to accept it
24   then.  We moved on.
25           THE COURT:  There are at least two cases, Ward v. Bank
                     SOUTHERN DISTRICT REPORTERS, P.C.
                               (212) 805-0300
```

          D59WplaC
 1    of New York, 455 F.Supp.2d 262 (S.D.N.Y. 2006), and Briggs v.
 2    Arthur T. Mott Real Estate LLC, 2006 WL 3314624 (E.D.N.Y.,
 3    November 14, 2006) that are similar in the sense that there's a
 4    motion to dismiss based on the proposition that the offer
 5    exceeded the plaintiff's claims, and, in both cases, the court
 6    held that the plaintiff had possession of the time sheets
 7    submitted by the defendant for, lo, these many months and
 8    failed to raise any issues with respect to them or put any
 9    issues in dispute, and on that basis the motion to dismiss was
10    granted.  Why is this case not on all fours with those?
11              You have had the time sheets since, I think, November
12    of last year, at a minimum, if not before.  At the time, in
13    your opposition, you claimed that the defendant hadn't yet
14    responded to the interrogatories or requests for documents with
15    respect to the basis for those offers, but you have certainly
16    had ample time since then to get that information.  And six
17    months later, you have not articulated in any specificity
18    anything defective about those offers, which is to say you
19    haven't actually supported the proposition that there is a real
20    dispute.
21              MR. ANDREWS:  Your Honor, the first deposition in this
22    case took place earlier this week.  Mr. Garcia, the director of
23    operations, who I deposed, testified --
24              THE COURT:  Did you get the documents that underlie --
25              MR. ANDREWS:  We have gotten some documents.  We are
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300

```
                                                                         22
          D59WplaC
 1    not confident that they are all the documents.
 2              THE COURT:  In what way are you not confident and why
 3    did you not raise that with me?
 4              MR. ANDREWS:  We are not confident that we have
 5    obtained all documents from the security guard company that was
 6    outsourced to provide security guard services, My Guard, which
 7    is a named defendant in the case.  We thought Mr. Garcia, who
 8    is the director of operations, would shed some light on these
 9    issues.  Mr. Garcia instead testified that the payroll
10    processing took place offsite at Renaissance Equity's Borough
11    Park headquarters.  He gave us the name of the individual who
12    is the payroll administrator.  We just issued a notice of
13    deposition for that gentleman yesterday.
14              We are simply not prepared to accept an offer of
15    judgment when so many unresolved factual questions remain,
16    where we have not even spoken to the payroll administrator, nor
17    have named plaintiffs themselves been deposed and examined.
18              THE COURT:  I understand.  But you certainly have
19    access to the named plaintiffs.  I just don't know what factual
20    issue does remain.  They have submitted detailed time sheets
21    specifying what hours the plaintiffs worked and how much they
22    would be entitled to under the most generous interpretation of
23    what happened.  What remains to be determined?
24              MR. ANDREWS:  There's a couple of things that remain
25    to be determined.  One is, and I can address the second, the
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

23

D59WplaC

1  issue of the additional named parties coming into the case and
2  their rights.  But, more importantly, the analysis of the time
3  sheet records has to take place in conjunction with depositions
4  of the persons with knowledge of how those records were
5  prepared.  These are documents that come from the defendants.
6  They are not our documents.  We do not fully understand them.
7  We require the deposition of the payroll administrator.
8  Mr. Garcia was not able to provide meaningful testimony
9  regarding how payroll was calculated.  We're still in the dark,
10 and I don't think it's reasonable for us to be expected to
11 accept an offer of judgment flying blind.
12          THE COURT:  Let me turn to a different question, which
13 is assume for the sake of argument that I find the case is moot
14 as to the three named plaintiffs.  No. 1, what remedy, I don't
15 know if that's the right word, but what effect does that have?
16 In other words, should judgment be entered in their favor in
17 the amount of the offer of judgment?  Should the case be
18 dismissed as to those three essentially in light of the
19 defendants' promise to pay that amount, and I would retain
20 jurisdiction to enforce that promise?  What do you think would
21 happen if that were the outcome?
22          MR. ANDREWS:  If the Court decided that the amounts
23 were not in dispute and adequately compensated the named
24 plaintiffs and the Court decided to enter judgment on behalf of
25 the named plaintiffs, we would nevertheless request that the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

                                                                  31
       D59WplaC
 1     and make a decision that there was a common policy and practice
 2     in a vacuum without having people who are actually in the case
 3     making those applications as to what the arguments are as far
 4     as common policy and practice.
 5             THE COURT:  Let me give you some rulings and then we
 6     can figure out where we're going from there.
 7             I agree that, as of today, the case is moot as to the
 8     three named plaintiffs.  The plaintiffs have had six months in
 9     which to come forward with any evidence to suggest that the
10     offer of judgment made on October 22 did not meet or exceed
11     their claims, and they have failed to do so.  On the basis of
12     the decisions in Ward and Briggs that I mentioned earlier, I
13     think that there is ample authority for the proposition that
14     the case is moot as to them.  Again, I don't entirely agree
15     with or understand this entire area of the law, but as I
16     indicated before, I think that ship has sailed and I'm bound by
17     Second Circuit precedent on that.  So I do think the case is
18     moot as to them and I will enter judgment in the amount of the
19     offer of judgment in favor of the three named plaintiffs.
20             That being said, I do not agree with defendants that
21     the mootness relates back to October 22 when the offer of
22     judgment was made.  Counsel has not cited any authority for
23     that proposition and the case that I mentioned, Reyes, stands
24     for the opposite proposition.  The facts in Reyes were quite
25     similar to this one, and the court held that there was a live
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300