UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and
YISHMAEL LEVI, Individually, And On Behalf Of
All Other Persons Similarly Situated,

                   **12 CV 5268 (JMF)**

    *Plaintiffs*,

  -against-

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY
CORP., DAVID BISTRICER, Individually,
RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually,

    *Defendants*.
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY COLLECTIVE ACTION CERTIFICATION AND IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**THE HARMAN FIRM, PC**
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
*Attorneys for Plaintiffs*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................II

**I.   PRELIMINARY STATEMENT** ..............................................................................................1

   A.  DEFENDANTS' OFFER OF JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.........................................................................................1

   B.  DEFENDANTS' OPPOSITION TO PRELIMINARY COLLECTIVE ACTION CERTIFICATION. .......................................................................................................................2

**II. ARGUMENT** ................................................................................................................................3

   A.  PLAINTIFFS' CLAIMS HAVE NOT BEEN MOOTED BY DEFENDANTS' OFFER OF JUDGMENT, WHICH WAS FAXED TO PLAINTIFF'S COUNSEL ON THE VERY DAY PLAINTIFFS' MOTION FOR PRELIMINARY COLLECTIVE ACTION CERTIFICATION WAS DUE. ..................................................................................................................................3

   B.  THE COURT RETAINS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S RELATED STATE LAW CLAIMS. ...........................................................................................7

**III. CONCLUSION** ........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Ayers v. SGS Control Servs.*,
   2004 U.S. Dist. LEXIS 25646 (S.D.N.Y. 2004) ...................................................................12

*Bowens v. Atl. Maint. Corp.*,
   546 F. Supp. 2d 55 (E.D.N.Y. 2007) ................................................................................. 4, 5

*Braunstein v. E. Photographic Labs.*,
   600 F.2d 335 (2d Cir. 1978) ...............................................................................................12

*Briggs v. Arthur T. Mott Real Estate LLC*,
   2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. 2006) ..................................................................6

*Cuzco v. Orion Builders*,
   477 F. Supp. 2d 628 (S.D.N.Y. 2007) ................................................................................12

*Damassia v. Duane Reade*,
   2006 U.S. Dist. LEXIS 73090, 9 (S.D.N.Y. 2006) .............................................................11

*Darboe v. Goodwill Indus. Of Greater N.Y. & N. N.J.*,
   485 F.Supp. 2d 221 (E.D.N.Y 2007) ...................................................................................6

*Davis v. Abercrombie & Fitch Co.*,
   2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) .............................................................. 4, 6

*Fasanelli v. Heartland Brewery*,
   516 F. Supp. 2d 317 (S.D.N.Y. 2007) ................................................................................12

*Gjurovich v. Emmanuel's Marketplace*,
   282 F. Supp. 2d 101 (S.D.N.Y. 2003) ..........................................................................10, 12

*Hoffmann-La Roche v. Sperling*,
   493 U.S. 165; 110 S. Ct. 482; 107 L. Ed. 2d 480 (1989) ...................................................10

*Indergit v. Rite Aid*,
   2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. 2010) ................................................................10

*Lewis v. Nat'l Fin. Sys.*,
   2007 U.S. Dist. LEXIS 62320 (E.D.N.Y. 2007) ................................................................11

*Mazur v. Olek Lejbzon*,
   2005 U.S. Dist. LEXIS 30321 (S.D.N.Y. 2005) ................................................................11

*McDowell v. Cogan*,
  216, F.R.D. 46 (E.D.N.Y. 2003) ....................................................................................... 3, 5

*Myers v. Hertz*,
  624 F.3d 537 (2d Cir. 2010) ........................................................................................... 10, 11

*Reyes v. Carnival Corp.*,
  2005 U.S. Dist. LEXIS 11948 (S.D. Fla 2005) .................................................................. 5

*Rodolico v. Unisys*,
  199 F.R.D. 468 (E.D.N.Y. 2001) ...................................................................................... 12

*Rodriguez v. Almighty Cleaning*,
  784 F. Supp. 2d 114 (E.D.N.Y. 2011) .............................................................................. 12

*Rubery v. Buth-Na-Bodhaige, Inc.*,
  494 F. Supp. 2d 178 (W.D.N.Y. 2007) ............................................................................... 4

*Scholtisek v. Eldre*, 229 F.R.D. 381 (W.D.N.Y. 2005) ......................................................... 12

*Ward v. Bank of New York*,
  455 F. Supp. 2d 262 (S.D.N.Y. 2006) ........................................................................ 4, 5, 6

*Wraga v. Marble Lite*,
  2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. 2006) .............................................................. 10

*Yeboah v. Cent. Parking Systems*,
  2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. 2008) ............................................................ 4, 5

*Young v. Cooper Cameron*,
  229 F.R.D. 50 (S.D.N.Y. 2005) ........................................................................................ 11

*Zhao v. Benihana*,
  2001 U.S. Dist. LEXIS 10678 (S.D.N.Y. 2001) .............................................................. 12

**Constitutional Provisions**

Article III of the United States Constitution..................................................................................7

**Statutes**

29 U.S.C. § 207(a)(1) ....................................................................................................................1

FLSA ..............................................................................................................................................3

**Rules**

Federal Rules of Civil Procedure ..........................................................................................16, 17

## I.   PRELIMINARY STATEMENT

Named Plaintiffs Amado S. Pla, Kevin Joseph, Yishmael Levi (collectively "Plaintiffs"), on behalf themselves and all other persons similarly situated, by their attorneys, The Harman Firm, PC, submit this Memorandum of Law in Further Support of their Motion for Preliminary Collective Action Certification and in Opposition to Defendants' Motion to Dismiss the Complaint. Plaintiffs respond first to the Defendants' Motion to Dismiss (Part I of the Argument section), and then in further support of their Motion for Collective Action Certification (Part II of the Argument section).

**A.   DEFENDANTS' OFFER OF JUDGMENT AND MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.**

At around noon on October 22, 2012, the day that the Court had, in its October 5, 2012 Scheduling Order, set as the due date for Plaintiffs Motion for Preliminary Action Certification, Defendants faxed Plaintiffs' counsel office a two-page "Offer of Judgment." Declaration of Peter J. Andrews In Further Support of Plaintiffs' Collective Action Certification Motion and In Opposition to Defendants Motion To Dismiss Complaint, dated December 12, 2012 (Andrews Dec., Ex. N, including 11:59 AM fax transmission page). The Defendants remarkably now accuse the Plaintiffs of "responding" to this 11:59 AM fax by evading the "offer" and instead meeting the Court-imposed October 22, 2012 deadline for filing its motion for preliminary collective action certification. Defendants' Memo, at 4 ("Later that evening, Plaintiffs responded by filing their motion . . .").

The Offer of Judgment was only extended to the three named Plaintiffs. Discovery has hardly gotten off the ground, and there already are an additional three "opt-in" claimants. Andrews Dec., Ex. O. It is likely that there are many more similarly situated security personnel.

1

In an obvious effort to shut this case down at an early stage, the Defendants now have moved to dismiss the Complaint based on lack of subject matter jurisdiction, relying on their Offer of Judgment.[1]  Defendants' main argument is that because Plaintiffs did not accept the Offer of Judgment, their claims are now moot and the Court lacks subject matter jurisdiction over the case.  This is precisely the egregious position that the United States Supreme Court is now reviewing, having granted a Writ of Certiorari to the United States Court of Appeal for the Third Circuit in the *Genesis HealthCare* litigation.  Andrews Dec., Ex. P.

B.  **DEFENDANTS' OPPOSITION TO PRELIMINARY COLLECTIVE ACTION CERTIFICATION.**

Defendants also challenge the Plaintiffs' collective action certification motion by affirmatively misrepresenting facts to the Court.  This case is about security guards at the Flatbush Gardens residential complex in Brooklyn and the Defendants' wage and hour violations with respect to these security guards.  The proposed Notice is directed to current and former security employees who have patrolled the premises of the Flatbush Gardens residential complex.  It is not directed at anyone else.  Defendants' main argument appears to be that Plaintiffs have failed to articulate a definable collective action class.  This is not true.  In fact, the arguments appear to be frivolous, and affirmative misrepresentations may have been made.

Individual Defendant David Bistricer is the owner (or senior partner, or senior shareholder, or chief investor, or senior member, or senior director, or principal) of corporate

---

[1]  It appears that the Defendants did not comply with the Individual Rules of the Court, which include "Special Rules for Motions to Dismiss."  These rules require that defendants intending to seek dismissal of actions should communicate with plaintiffs ahead of time.  The Defendants do not appear to have done so in this case.  Instead, the Defendants responded to Plaintiffs' Motion for Preliminary Collective Action Certification by cross-moving for dismissal on the basis of their "Offer of Judgment" which the faxed to Plaintiffs' offices at around Noon on the day that Plaintiffs' motion papers were due (as per the Court's Scheduling Order).

2

Defendants Renaissance Equity Holdings, LLC and Clipper Equity, LLC, which are or have been the owners of Flatbush Gardens. Flatbush Gardens, formerly known as the Vanderveer Estates, is a large cluster of apartment buildings in East Flatbush, Brooklyn. The Flatbush Gardens apartments have traditionally housed working-class and lower income persons.

Individual defendant Rafael Garcia, a former NYPD Detective, is the "Director of Operations" of Flatbush Gardens and Defendant Bistricer's strongman at the complex. Defendant Garcia is the undisputed head of security, and employs a "handpicked and trained" "security force." Andrews Dec., Ex. H. Defendant Garcia was, at all relevant times, the direct supervisor of the three named plaintiffs, who were security employees. It was Defendant Garcia who terminated their employment as security employees when he wanted to change the face of security. Because Defendant Garcia and Flatbush Garden's owners, the Bistricer owned and controlled Renaissance Equity Holdings and Clipper Equity, did not have security licenses, as required under New York State law, they were compelled to go through a third-party security company, Defendant My Guard Security Corp.

## II. ARGUMENT

### (PART 1 - PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION)

A.   **PLAINTIFFS' CLAIMS HAVE NOT BEEN MOOTED BY DEFENDANTS' OFFER OF JUDGMENT, WHICH WAS FAXED TO PLAINTIFF'S COUNSEL ON THE VERY DAY PLAINTIFFS' MOTION FOR PRELIMINARY COLLECTIVE ACTION CERTIFICATION WAS DUE.**

Under Fed. R. Civ. P. 68, an Offer of Judgment may, under certain circumstances, moot a plaintiffs claim. Defendants however are ***not*** permitted to vitiate collective actions where there is a putative class and the "offer" was made before plaintiff had a reasonably opportunity to move for class certification (here the offer was made the very day Plaintiffs' collective action

3

papers were due under the Court's Scheduling Order). *McDowell v. Cogan*, 216, F.R.D. 46 (E.D.N.Y. 2003). In the context of a FLSA claim, courts are concerned that "Rule 68 offers 'may be wielded as a strategic weapon to frustrate the FLSA's very object - ensuring that every employee receives 'a fair day's pay for a fair day's work.''" *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2007) quoting *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F. Supp. 2d 178 (W.D.N.Y. 2007).[2]

> Only earlier this year, E.D.N.Y. Senior Judge Wexler stated:
>
> In view of the facts that an opt-in plaintiff has been identified and a motion for conditional collective action certification has been made, the court holds that this matter is not moot.

*Velasquez v. Digital Page*, 842 F. Supp. 2d 486 (E.D.N.Y., 2012).

A plaintiff's claim may not be mooted where a motion to dismiss has been made prior to a determination on the pending class certification motion (*Bowens v. Atl. Maint. Corp., supra*); or where the offer fails to satisfy all of plaintiffs' damages or where there are additional plaintiffs who have opted in (as here). *Yeboah v. Cent. Parking Systems*, 2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. 2008); *Bowens*; *Rubery v. Buth-Na-Bodhaige, Inc*. Furthermore, "even if no plaintiffs have opted-in, courts have 'denied a defendants' motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by the defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed." *Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) (quoting *Ward v.*

---

[2] Plaintiffs note that this specific issue (offers of judgment, FLSA collective actions mootness) is presently on appeal to the United States Supreme Court in the *Genesis HealthCare* litigation and briefs have been submitted. Plaintiffs have attached excerpts from one of the party's briefs (Andrews Aff., Ex. P), and an entire *amicus* brief submitted by, *inter alia*, Professor John Coffee of Columbia Law School, one of the nation's leading authorities on class and collective action litigation. Andrews Aff., Ex. Q.

*Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006)). Finally, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 Offers of Judgment 'at the earliest possible time.'" *Ward*, quoting *Reyes v. Carnival Corp.*, 2005 U.S. Dist. LEXIS 11948 at *8 (S.D. Fla. 2005)

Here, the Defendants improperly made their first Offer of Judgment to the three (3) named Plaintiffs before Plaintiffs had any reasonable opportunity to move for class certification. In fact, Defendants' counsel conveyed this offer on October 22, 2012, which was the same day Plaintiffs' Motion for Collective Action Certification was due. Obviously, Defendants were well aware of the Plaintiffs' decision to move promptly for collective action certification, as the October 4, 2012 Scheduling Order in this case set the due date for such a motion for October 22, 2012. By making their October 22, 2012 Offers, Defendants improperly attempted to deny potential class members their recovery of unpaid wages. *McDowell v. Cogan*, 216, F.R.D. 46 (E.D.N.Y. 2003). As Judge Wexler stated in the *Velasquez* case, "Plaintiffs counsel has made consistently clear the intent to pursue this matter on a collective basis, and has not been dilatory in seeking conditional certification." 842 F. Supp. at 489.

Secondly, Plaintiffs' claims cannot be mooted because now there is a pending collective action certification motion. *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2007)..

Third, Plaintiffs' claims cannot be mooted because there are three additional Plaintiffs who have opted-in to the class. Andrews Aff., Ex. O. The Defendants' October 22, 2012 Offer of Judgment to the three named Plaintiffs does not moot Plaintiffs' claims because the Offers do not address the damages of all additional collective action members. *Yeboah v. Cent. Parking Systems*, 2007 U.S. Dist. LEXIS 81256 (E.D.N.Y. 2008); *Bowens v. Atl. Maint. Corp.; Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F. Supp. 2d 178 (W.D.N.Y. 2007).

Furthermore, Plaintiffs also dispute the Defendants' Offers to the existing Plaintiffs, particularly since Defendants have yet not responded to Plaintiffs' First Request for Interrogatories and the Production of Documents issued on October 23, 2012 which specifically requested all documents that were used to generate the October 22, 2012 Offer of Judgment. Defendants have not produced any information regarding opt-in Plaintiffs so far. Thus, the parties' dispute regarding Plaintiffs' damages require dismissal of Defendants' motion. *Davis v. Abercrombie & Fitch Co.*, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) (quoting *Ward v. Bank of New York*, 455 F. Supp. 2d 262 (S.D.N.Y. 2006)).

The Defendants' reliance on *Darboe v. Goodwill Indus. Of Greater N.Y. & N. N.J.*, 485 F.Supp. 2d 221 (E.D.N.Y 2007) and *Briggs v. Arthur T. Mott Real Estate LLC*, 2006 U.S. Dist. LEXIS 82891 (E.D.N.Y. 2006) is misplaced. In *Darboe*, the Offers of Judgment were made after the close of discovery where the case was pending for over a year, after plaintiff was given the opportunity to provide notice to all such similarly situated class members and notify them of their right to join the FLSA action, and where the plaintiff had not identified any single individual who sought to be part of the action. Similarly in *Briggs*, there was no pending certification motion and no additional class members opted-in to the action.

In contrast here, the Offers were made ***before*** Plaintiffs even moved for certification to provide notice to class members (on the day the motion for certification was due), and where Plaintiffs ***have*** identified three (3) additional Plaintiffs who have opted-in to the action.

As a result, Plaintiffs' claims are not moot and the Court retains subject matter jurisdiction over the FLSA claims in this action.

B.   **THE COURT RETAINS SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S RELATED STATE LAW CLAIMS.**

Because Plaintiffs' federal claims are not moot and the Court has subject matter jurisdiction over this action, the Court also retains supplemental jurisdiction over Plaintiffs' state law (New York Labor Law) claims pursuant to 28 U.S.C. § 1367(a).  Plaintiffs' state law claims under the New York Labor Law arise from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.  Thus, the Court properly has supplemental jurisdiction over Plaintiffs' state law claims.

**(PART 2 – PLAINTIFFS' ARGUMENT IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION)**

A.   **THE PLAINTIFFS' COLLECTIVE ACTION NOTICE MOTION IS DIRECTED AT SIMILARLY SITUATED PARTIES.  DEFENDANTS HAVE BLATANLY MISREPRESENTED FACTS TO THE COURT.  THESE MISREPRENTATIONS MAY BE UNETHICAL AND PLAINTIFFS ARE EVALUATING WHETHER FURTHER ACTION IS NECESSARY.**

The Defendants have attacked Plaintiffs' Motion for Preliminary Collective Action Certification on the ground that "Plaintiffs Improperly Combine Employees of Renaissance Equity, LLC, Clipper Equity, LLC and My Guard Security Corp. Together For Collective Action Certification Even Though There Is No Evidence Such Employees Are Similarly Situated." (Point I of Defendants' Memo, at 4).

In making this argument, Defendants have blatantly misrepresented facts to the Court. Specifically, the Defendants on page one of their memorandum state that "Clipper Equity, LLC has nothing to do with Flatbush Gardens."  Thereafter, page 7, Defendants again state that "Clipper Equity . . . is unaffiliated with Flatbush Gardens."

These statements frankly are affirmative misrepresentations to the Court.  The evidence accumulated by Plaintiffs reveals that individual Defendant David Bistricer is the owner (or

7

principal, or senior shareholder, or partner, or chief investor) of both Defendants Clipper Equity, LLC and Renaissance Equity, LLC, and that both of those entities at one relevant point or another owned and operated the Flatbush Gardens residential complex in Brooklyn. See Andrews Declaration, ¶¶ 6-17 and Exhibits A-J.[3] The Bistricer family (specifically, David Bistricer's son "J.J.", "Executive Vice President of Clipper Equity") has boasted about the work of Flatbush Gardens Director of Operations (and individual defendant) Rafael Garcia. Mr. Garcia is described as a twenty-year police veteran and in charge of the "handpicked and trained" security force at Flatbush Gardens:

> Flatbush Gardens is a strong community and Clipper Equity's goal is to improve the physical surrounding and quality of life here," said JJ Bistricer, executive vice president of Clipper Equity. "We purchased a property knowing that it had many issues that needed addressing and have corrected many of them while continuing to work on the others."
>
> For [JJ] Bistricer [son of David Bistricer], the third generation of his [the Bistricer] family to be involved in Brooklyn real estate, it is important for Flatbush Gardens to be a vibrant safe community.

---

[3] The evidence accumulated so far includes the following statements: "Thank you for visiting our Flatbush Gardens website. We are proud of this community and the improvements that Clipper Equity is making here" (Andrews Dec., Ex., B); "David Bistricer of Clipper Equity. . . owns Flatbush Gardens (Andrews Dec., Ex. C); "Brooklyn real estate developer David Bistricer of Clipper Equity has been added to Public Advocate Bill de Blasio's watch list of slumlords. Bistricer's Flatbush Gardens . . ." (Andrews Dec., Ex. D); "David Bistricer's Clipper Equity runs slick TV ads touting renovated apartments in Flatbush Gardens" (Andrews Dec., Ex. E); "They vote this month to authorize a strike against Flatbush Gardens owner Clipper Equity. . ." (Andrews Aff., Ex. F); "Clipper Equity, owner of Flatbush Gardens. . ." (Andrews Dec., Ex. G); "Built in the 1940's, on the site of Flatbush Waterworks, and purchased by Clipper Equity in 2005, Flatbush Gardens has begun a renaissance" (Andrews Dec., Ex. H); "She and six other tenants. . . filed suit. . . against reputed slumlord David Bistricer's Renaissance Equity Holding, which owns the 59-building Flatbush Gardens (Andrews Dec., Ex. I); "Clipper Equity LLC is a partnership led by David Bistricer and Sam Levinson (Andrews Aff., Ex. J.); "A number of years ago, Mr. [David] Bistricer owned and managed Vanderveer Estates, a complex of 59 rental apartment buildings on 30 acres in East Flatbush" (Andrews Aff., Ex., K).

8

> **Clipper Equity installed interior and exterior video cameras and repaired and maintains all the front door intercoms. While Rafael Garcia, the director of operations and security, a 20-year decorated veteran of the New York City Police Department, has handpicked and trained a 24-hour on-site "suit and the beat walking" security force that knows the residents and the grounds well.**

Andrews Dec., Exhibit H (emphasis added).

As for defendant My Guard Security Corp., which is represented by the same defense counsel as all other defendants, it is nothing more or less than a security company with mandated security license with the Bistricer entities used in order to employ strongman Garcia's "suit and beat walking" security force. My Guard's website states "we have experience serving. . . residential communities." Andrews Dec., Ex. L.

As far as whether the security guards employed through My Guard and those employed directly by the Bistricer entities (Renaissance Equity and Clipper Equity), are similarly situated, the President of My Guard (and individual defendant) John Murphy stated: "The three Plaintiffs in the above-referenced matter were employed by My Guard at Flatbush Gardens to work as security guards until September 2011. From September 12, 2011, through present Renaissance [Equity] has directly employed security guards at Flatbush Gardens." Murphy Affidivit (submitted by the Defendants).

While the Defendants contend that Plaintiffs "have improperly lumped the three Defendants, Renaissance Equity, LLC, Clipper Equity, LLC, and My Guard Security Corp., together in an attempt to create an overbroad class" they state in the same brief: **"In or about September 2011, the three Plaintiffs stopped working for My Guard and were employed by Renaissance in the same capacity as security guards at Flatbush Gardens."** Defendants' Memo, at 3.

The collective action class that Plaintiffs seek in their proposed Notice is:

9

ALL CURRENT OR FORMER SECURITY EMPLOYEES WHO HAVE PATROLLED THE PREMISES OF THE FLATBUSH GARDENS RESIDENTIAL COMPLEX SINCE [THREE YEARS FROM THE DATE OF NOTICE]."

Under the Section "Who Can Join the Lawsuit", the proposed Notice states simply:

Current and former security employees patrolling the Flatbush [Gardens] residential complex from [THREE YEARS FROM DATE OF NOTICE] to the present are eligible to join the lawsuit.

The Plaintiffs' Motion and proposed Notice submitted with it are proper. The FLSA provides an employee the right to commence an action against his employer on his own behalf, and allows other employees who have been subjected to the same illegal policies as the employee to choose to join the action. 29 U.S.C. § 216(b). Plaintiffs may therefore move to have their case certified as a collective action on behalf of themselves and other similarly situated employees. See *Gjurovich v. Emmanuel's Marketplace*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003). Unlike in a Rule 23 class action, collective action participation is optional for affected individuals who can join by signing and mailing a form showing their desire to participate. *Hoffmann-La Roche v. Sperling*, 493 U.S. 165; 110 S. Ct. 482; 107 L. Ed. 2d 480 (1989), *Wraga v. Marble Lite*, 2006 U.S. Dist. LEXIS 60457 (E.D.N.Y. 2006).

The purpose of conditional certification is for the Court to "facilitat[e] notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche v. Sperling*, 493 U.S. at 169; *see Gjurovich*, 282 F. Supp. 2d at 103-04 ("[I]t is well settled that district courts have the power to authorize an FLSA plaintiff to send such notice.") (cited in *Indergit v. Rite Aid*, 2010 U.S. Dist. LEXIS 60202 (S.D.N.Y. 2010)).

This process moves swiftly in order to protect these individuals as they are only protected if they file the opt-in form, dissimilarly from the Rule 23 class action process. 29 U.S.C. § 216(b). Expedition is necessary as the statute of limitations continues to run prior to their filing an opt-in form, thus the potential for the defendants to escape liability by delay of process rather than proof of innocence becomes a real and imminent possibility. 29 U.S.C. §§ 255, 256(b).

Once conditionally certified and after the collective action proceeds through the discovery process, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 554. Should the record later reveal that the plaintiffs are not, in fact, similarly situated, the action may be "'decertified' at that time and the claims of dissimilar 'opt-in' plaintiffs dismissed without prejudice." *Myers*, 624 F.3d at 555.

In deciding to conditionally certify a class, the Court does not consider the underlying claims and "[a] plaintiff need not show an actual violation of the law." *See Mazur v. Olek Lejbzon*, 2005 U.S. Dist. LEXIS 30321, 13 (S.D.N.Y. 2005). Rather, the focus of the certification motion is squarely focused on determining "whether the proposed plaintiffs are similarly situated . . . with respect to their allegations that the law has been violated." *Young v. Cooper Cameron*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005).

Even though "similarly situated" is not defined within the FLSA or by other regulations, *Hoffmann*, 982 F. Supp. at 261, courts in this Circuit interpret this standard to mean "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Lewis v. Nat'l Fin. Sys.*,

11

2007 U.S. Dist. LEXIS 62320, 7 (E.D.N.Y. 2007) (citations omitted); *see Damassia v. Duane Reade*, 2006 U.S. Dist. LEXIS 73090, 9 (S.D.N.Y. 2006) (holding that "it may be appropriate in some cases to find plaintiffs and potential plaintiffs simply on plaintiffs' 'substantial allegations' that they and potential plaintiffs were common victims of [an] FLSA violation, particularly where defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy.") (citing *Ayers v. SGS Control Servs.*, 2004 U.S. Dist. LEXIS 25646, 5 (S.D.N.Y. 2004); *Rodolico v. Unisys*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001).

When determining whether potential opt-in plaintiffs are "similarly situated" employees, the Court should be aware of "the broad remedial purpose of the [FLSA], which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits." *Braunstein v. E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1978). The standard for certifying a collective action is set purposefully low in order to protect class members' rights and to ensure judicial efficiency; the burden for this initial certification has thus been construed and applied as "minimal." *Cuzco v. Orion Builders*, 477 F. Supp. 2d 628, 632-33 (S.D.N.Y. 2007); *see Gjurovich*, 282 F. Supp. 2d at 106; *Rodriguez v. Almighty Cleaning*, 784 F. Supp. 2d 114, 131 (E.D.N.Y. 2011) (holding that "[p]laintiffs are not required to definitively show that potential plaintiffs are similarly situated or were subject to a common policy or plan at this stage, but must make only a 'modest' or 'preliminary' showing.").

Additionally, the "initial class certification determination must be made on preliminary documents such as pleadings and affidavits, which necessarily contain unproven allegations." *Fasanelli v. Heartland Brewery*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007); see *Cuzco*, 477 F. Supp. 2d at 632; *Scholtisek v. Eldre*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (the "court examines the pleadings and affidavits of the proposed collective action and determines whether

12

the proposed class members are 'similarly situated.'"). In fact, the evidence produced at this stage can be "scant" and a Court may still certify the case as a collective action. *Zhao v. Benihana*, 2001 U.S. Dist. LEXIS 10678, 12 (S.D.N.Y. 2001).

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that this Court:

i)   Deny Defendants' Motion to Dismiss in its entirety;

ii)  Direct Defendants to disclose the name and last known address of each and every current and former employee with job function or job title similar to those of Plaintiffs within the statutory time period;

iii) Authorize that notice be sent, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees that they may opt into this action should they wish to assert claims under the FLSA; and,

iv)  Order such further relief as this Court may deem just and proper.

Dated: New York, New York
       December 12, 2012

                        By:       s/      
                            Peter J. Andrews [PA-3295]
                            Walker G. Harman, Jr. [WH-8044]
                            THE HARMAN FIRM, PC
                            *Attorneys for Plaintiff*
                            200 West 57th Street, Suite 900
                            New York, New York 10019
                            (212) 425-2600
                            pandrews@theharmanfirm.com
                            wharman@theharmanfirm.com

To:     Joshua Marcus, Esq.
          FRANKLIN, GRINGER & COHEN, P.C.
          *Attorneys for Defendants*
          666 Old Country Road, Suite 202
          Garden City, NY 11530-2013
          (516) 228-3131