# THE HARMAN FIRM, PC

ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

December 12, 2012

**VIA U.S. MAIL**

Joshua Marcus, Esq.
FRANKLIN, GRINGER & COHEN P.C.
666 Old Country Road, Suite 202
Garden City, NY 11530-2013
jmarcus@franklingringer.com

      **Re**:    *Pla, et al. v. Renaissance Equity Holdings, LLC, et al.*, **12 CV 5268 (JMF)**

Dear Mr. Marcus:

      We have received and reviewed the Defendants' Cross-Motion to Dismiss the Complaint. We now are writing pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11 to advise that we will move for sanctions against both your firm and your clients for engaging in frivolous motion practice unless your motion is promptly withdrawn. This letter is designed to provide the Defendants you with a twenty-one-day (21-day) "safe-harbor" period, during which the Defendants may withdraw their frivolous motion. Accompanying this letter is a Notice of Motion for Sanctions. We shall wait until January 2, 2013, and if you have not withdrawn your motion to dismiss by that time, we intend to file a formal, fully supported motion for sanctions.

      For your convenience, enclosed is a copy of the June 13, 2012 decision of the United States Court of Appeals for the Second Circuit in *Star Mark Management v. Koon Chun Hin Kee Soy & Sauce Factory*, 2012 U.S. App. LEXIS 12002, which affirmed the district court's imposition of sanctions under Fed. R. Civ. P. 11 for the filing of a frivolous action. The Court of Appeals held that Fed. R. Civ. P. 11's "safe-harbor" requirement was satisfied by a letter from the party seeking sanctions attaching a Notice of Motion. After 21 days had elapsed, the sanctions motion was filed, and ultimately, the district court imposed sanctions. That decision was affirmed on appeal.

      We believe that your motion is frivolous because you seek dismissal of the Complaint on the basis that you have extended a Rule 68 Offer of Judgment to named Plaintiffs. It is obvious that this offer of judgment does not satisfy all of Plaintiffs' claims. It is only aimed at named Plaintiffs and does not provide opt-in Plaintiffs with any remedy. As you know, there are currently three (3) opt-in Plaintiffs in this action.

December 12, 2012
Page 2 of 2

For your convenience, also enclosed is a copy of the *Star Mark Management* decision, which includes the following:

> In view of the facts that an opt-in plaintiff has been identified and a motion for conditional collective action certification has been made, the court holds that this matter is not moot. Accord Bah, 2009 U.S. Dist. LEXIS 40803, 2009 WL 1357223; Yeboah, 2007 U.S. Dist. LEXIS 81256, 2007 WL 3232509. The court is aware of, and distinguishes this matter from its earlier holding in Darboe v. Goodwill Industries of Greater NY & Northern NJ, Inc., 485 F. Supp.2d 221, 223 (E.D.N.Y. 2007). There, the case was pending for more than a year when the Rule 68 offer was made. During the pendency of Darboe, no other plaintiff expressed no interest in joining the collective action, and no motion for conditional certification was made. *Id.* Here, in contrast, less than two months after commencement of the action, at least one other potential plaintiff has been identified and Plaintiffs have interposed a motion for conditional certification. The court is aware of the proximity in time among these events. Nonetheless, Plaintiffs counsel has made consistently clear the intent to pursue this matter on a collective basis, and has not been dilatory in seeking conditional certification. The court therefore holds that extending the Offer at this early stage of the litigation does not render this action moot.

Thank you for your time and attention to this matter.

Very truly yours,
THE HARMAN FIRM, PC

Walker G. Harman, Jr.