UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and
YISHMAEL LEVI, Individually, And On Behalf Of
All Other Persons Similarly Situated,                    12 CV 5268 (JMF)

                          *Plaintiffs*,

       -against-

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY
CORP., DAVID BISTRICER, Individually,
RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually,

                          *Defendants*.
---------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE COURT'S MAY 9, 2013 RULING**

**THE HARMAN FIRM, PC**
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
*Counsel for Plaintiffs*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

Plaintiffs submit this Reply Memorandum of Law for further of Their Motion for Reconsideration of the Court's May 9, 2013 ruling, which mooted the claims of the Named Plaintiffs.

Lead Named Plaintiff Amado Pla was deposed on May 20, 2013 and his deposition transcript only recently became available to the Plaintiff's counsel.[1]

In the short time available to review Mr. Pla's transcript, Plaintiff's counsel has focused on the following testimony, which is now wishes to bring to the Court's attention.

This testimony clearly shows that there are, to say the least, many material issues of fact as to whether the Defendants' Offer of Judgment adequately compensates Mr. Pla. Moreover Yishmael Levi's deposition transcript is not available to the Plaintiffs' counsel (but will be shortly). Plaintiffs are therefore unable to even show the Court what Mr. Levi testified to at his deposition. This is why Plaintiffs have had to make extension requests, which we recognize that the Court disfavors.

---

[1] Plaintiffs' counsel is very disturbed by Defendant's counsel unilateral action of writing to the Court to supplement the record with respect to Plaintiff's Motion for Reconsideration, on the very day that the Plaintiffs' Reply In Further Support of Its Motion for Reconsideration is due. Moreover, Defendants' counsel is obviously in possession of the transcript of Named Plaintiff Yishmael Levi, which Plaintiffs' counsel is not. Plaintiff is making arrangements to obtain a transcript of that deposition which was only taken on May 22, 2013.

It is precisely these types of issues that have prompted Plaintiff to request reasonable extensions from the Court. Yesterday, the Court denied Plaintiffs' request for additional time to make its FED. R. CIV. P. 23 motion in order to include information that will be acquired during the collective action certification process, which has just gotten under way. Plaintiffs' respectfully submit that this denial unfairly prejudices them as additional facts supporting Rule 23 class certification will be developed over the next several weeks. Plaintiffs will address this in their Motion for FED. R. CIV. P. 23 certification, which they also are filing today.

# Excerpts from Mr. Pla's Deposition

> Q. While you were working for My Guard [Security Company], did you ever get paid at the rate of time-and-a-half your hourly rate for any hours you worked over 40 in a week?
>
> A. No.

Pla Dep., 17:5–12, *Ex. A* to the Declaration of Peter J. Andrews in Further Support of Plaintiffs' Motion for Reconsideration.

> Q. Once you started getting paid by Renaissance, did you ever get paid at time-and-a half per hour your regular rate?
>
> A. No.
>
> Q. If you worked more than 40 hours in a week?
>
> A. No.
>
> Q. Throughout the entire time that you worked at Flatbush Gardens, you never received time-and-a-half for any hours worked in excess of 40 in a week?
>
> A. No, nobody did.
>
> Q. Did you ever complain about that?
>
> A. Yes.
>
> Q. Who did you complain to?
>
> A. Mr. Garcia.
>
> Q. How many times did you claim to him?
>
> A. Until I was tired of complaining.
>
> Q. When you complained, what did you say to him and what did he say to you?
>
> A. He said "No one is getting paid over 40 hours a week. You still have a job, so just keep working."

> Q. But did you continue to get paid at a straight time work for hours in excess of 40?
>
> A. No.
>
> Q. That stopped.
>
> A. We never got paid any time over 40 hours.

Pla Dep., 12:54–18, Andrews Decl., *Ex. A*.

> Q. Were there situations where people worked 50, 60 hours?
>
> A. Yes.
>
> Q. Do you remember how many times that happened?
>
> A. Several times if they did an arrest on a four-to-twelve, they might have 50 or 60 hours. I know I had at least that every week.
>
> Q. It's your testimony you worked 50 or 60 hours every week?
>
> A. In that area, yeah. I worked at least two to three hours extra a day.

Pla Dep., 56:21–57:10, Andrews Decl., *Ex. A*.

> Q, At the end of the day you would punch out on the hand punch machine?
>
> A. Right.
>
> Q. Did anyone instruct you that you couldn't leave after you punched out?
>
> A. Yeah. I mean, yeah. A lot of times at four o'clock – most of the times at four o'clock Mr. Garcia would give an assignment at four o'clock or right before four o'clock knowing you would leave at four.

Pla Dep., 70:3–13, Andrews Decl., *Ex. A*.

With respect to Mr. Pla's alleged failure to dispute the accuracy of the Defendants' payroll records, this is what Mr. Pla had to say:

> Q. Any inaccuracy?
>
> A. Yeah, the first page is inaccurate.

3

> Q. In what way?
>
> A. The first part. Well, it says 16 hours. And what happens when you see the box when it says "empty" if you don't punch out or punch in or you miss the punch out or punch in, then you don't get paid for the day. So that is inaccurate because I don't even remember exactly how many hours I did work that day but I know I worked more than 16 hours.

Pla Dep., 114:4–15, Andrews Decl., *Ex. A*.

Finally, Mr. Rafael Garcia identified Mr. Robert Bendel as the person at the Defendants who was in charge of payroll operations. Mr. Bendel's deposition has not yet been taken. His deposition was to be taken on May 30, but counsel for the Defendants advised Plaintiffs that they were not available that day. Andrews Decl., *Ex. B*.

It would be most improper to enter judgment and moot the Named Plaintiffs claims when the deposition of the individual at the Defendants most knowledgeable about payroll practices has not yet even been deposed. For these reasons and for all the reasons stated in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration (Docket Entry 57), the Court should reconsider and vacate its ruling mooting the claims of the Named Plaintiffs.

Dated: New York, New York  
June 7, 2013

Respectfully submitted by:  
THE HARMAN FIRM, PC  
*Counsel for Plaintiffs*

_____s/_____  
Peter J. Andrews [PA-3295]  
Walker G. Harman, Jr. [WH-8044]  
200 West 57th Street, Suite 900  
New York, New York 10019  
(212) 425-2600  
pandrews@theharmanfirm.com  
wharman@theharmanfirm.com

4