UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and
YISHMAEL LEVI, Individually, And On Behalf Of
All Other Persons Similarly Situated,   **12 CV 5268 (JMF)**

                         *Plaintiffs*,

        -against-

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY
CORP., DAVID BISTRICER, Individually,
RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually,

                         *Defendants*.
-------------------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY CLASS ACTION CERTIFICATION PURSUANT TO FED. R. CIV. P. 23

**THE HARMAN FIRM, PC**
Peter J. Andrews [PA-3295]
Walker G. Harman, Jr. [WH-8044]
*Counsel for Plaintiffs*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
pandrews@theharmanfirm.com
wharman@theharmanfirm.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1
STATEMENT OF FACTS .........................................................................................................1
PROCEDURAL HISTORY.........................................................................................................2
SUMMARY OF ARGUMENT...................................................................................................4
ARGUMENT ...............................................................................................................................5
    I.   Legal Standards for Class Action Certification. ...............................................................5
    II.  The Proposed Class Meets All Fed. R. Civ. P. 23(a) Requirements. ..................................6
        A.   There Is Numerosity Under Rule 23(a)(1). ......................................................................6
        B.   There Are Common Questions of Law and Fact, As Required By Fed. R. Civ. P. 23(a)(2).......6
        C.   The Typicality Requirement of Fed. R. Civ. P. 23(a)(3) Is Met...................................7
        D.   The Plaintiffs Are Adequate Class Representatives, As Required By Fed. R. Civ. P. 23(a)(4)..8
    III. The Proposed Class Satisfies Fed. R. Civ. P. 23(b)(3). .............................................9
        A.   Common Legal And Factual Issues Predominate...........................................................9
        B.   A Class Action Is Superior To Other Methods Of Adjudication................................11
    IV. The Named Plaintiffs – Former Employees of the Defendants – Are Adequate Class Representatives. In Contrast Current Employees May Be Reluctant To Serve as Class Representatives. .................................................................................................11
    V.  The Harman Firm, PC Should Be Designated As Class Counsel Pursuant To Fed. R. Civ. P. 23(g)................................................................................................12
CONCLUSION ........................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Agent Orange Prod. Liab. Litig., In re*,
   818 F.2d 145 (2d Cir. 1987) ................................................................................................... 9

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................ 10

*Ansoumana v. Gristede's Operating Corp.*,
   201 F.R.D. 81 (S.D.N.Y. 2001) ........................................................................................... 12

*Belbis v. County of Cook*,
   01-cv-6119, 2002 WL 31600048 (N.D. Ill. Nov. 18, 2002) ................................................ 12

*Berwecky v. Bear, Sterns & Co.*,
   197 F.R.D. 65 (S.D.N.Y. 2000) ............................................................................................. 9

*Brickey v. Dolencorp*,
   244 F.R.D. 176 (W.D.N.Y. 2007) ....................................................................................... 10

*Brown v. Kelly*,
   609 F.3d 467 (2d Cir. 2010) ................................................................................................ 12

*Caridad v. Metro-North Commuter R.R.*,
   191 F.3d 283 (2d Cir. 1999) .................................................................................................. 8

*Consol. Rail Corp. v. Town of Hyde Park*,
   41 F.3d 473 (2d Cir. 1995) .................................................................................................... 9

*Cromer Finance Ltd. v. Berger*,
   205 F.R.D. 113 (S.D.N.Y. 2001) ......................................................................................... 10

*Cutler v. Perales*,
   128 F.R.D. 39 (S.D.N.Y. 1989) ........................................................................................... 11

*Damassia v. Duane Reade*,
   250 F.R.D. 152 (S.D.N.Y. 2008) ......................................................................................... 13

*Daniels v. City of New York,*
   198 F.R.D. 409 (2001) .......................................................................................................... 9

*Donovan v. Burger King Corp.*,
   675 F.2d 516 (2d Cir. 1982) ................................................................................................ 13

*FedEx Ground Package Sys., Empl. Practices Litig., In re*,
   273 F.R.D. 424 (N.D. Ind., 2008) ........................................................................................ 15

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................................... 9

*Hirschfeld v. Stone*,
   193 F.R.D. 175 (S.D.N.Y. 2000) ......................................................................................... 11

*IPO Sec. Litig., In re*,
    471 F.3d 24 (2d Cir. 2006) ................................................................................................... 7

*Jankowski v. Castaldi*,
    01-cv-0164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006) ............................................... 13

*Lee v. ABC Carpet & Home*,
    236 F.R.D. 193 (S.D.N.Y. 2006) ...................................................................................... 12

*Mack v. General Elec. Co.*,
    329 F. Supp. 72 (E.D. Pa. 1971) ....................................................................................... 15

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997). .............................................................................................. 8

*MTBE Prod. Liab. Litig., In re*,
    241 F.R.D. 435 (S.D.N.Y. 2007) ........................................................................................ 8

*Nasdaq Market-Makers Antitrust Litig., In re*,
    169 F.R.D. 493 (S.D.N.Y. 1996) ...................................................................................... 12

*NTL Sec. Litig., In re*,
    02-cv-3013, 2006 WL 330113 (S.D.N.Y. Feb. 14, 2006) ................................................. 9

*O'Brien v. Encotech Constr. Servs.*,
    203 F.R.D. 346 (N.D. Ill. 2001) ....................................................................................... 12

*Robinson v. Metro-North Commuter R.R.*,
    267 F.3d 147 (2d Cir. 2001) ............................................................................................. 10

*Sharif v. N.Y. State Educ. Dept.*,
    127 F.R.D. 84 (S.D.N.Y. 1989) .......................................................................................... 8

*Smellie v. Mount Sinai Hosp.*,
    03-cv-0805, 2004 WL 2725124 (Nov. 29, 2004) ............................................................ 12

*Tierno v. Rite Aid Corp.*,
    05-cv-02520, 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) .......................................... 12

*Velez v. Majik Cleaning Serv.*,
    03-cv-8698, 2005 WL 106895 (S.D.N.Y. Jan. 19, 2005) ................................................ 12

*Visa Check/MasterMoney Antitrust Litig., In re*,
    280 F.3d 124 (2d Cir. 2001) ............................................................................................. 12

*Westerfield v. Wash. Mut. Bank*,
    06-cv-2817, 2007 WL 2162989 (E.D.N.Y. July 26, 2007) ............................................... 9

*Wetzel v. Liberty Mut. Ins. Co.*,
    508 F.2d 239 (3d Cir. 1975) ............................................................................................. 15

*Wilder v. Bernstein*,
    499 F. Supp. 980 (S.D.N.Y. 1980) ..................................................................................... 9

*Yon v. Positive Connections*,
    04-cv-2680, 2005 WL 628016 (N.D.Ill. Feb. 2, 2005) .................................................... 12

**PRELIMINARY STATEMENT**

Plaintiffs Amado S. Pla, Kevin Joseph, and Yishmael Levi respectfully submit this Memorandum of Law in Support of their Motion for Preliminary Class Action Certification pursuant to FED. R. CIV. P. 23.  The Plaintiffs' Motion also is supported by the Declaration of Peter J. Andrews, sworn to on June 7, 2013 ("Andrews Decl.").[1]

Defendants, the owners and managers of a large residential complex in Brooklyn called Flatbush Gardens, failed, over an extended period of time, to pay their employees basic wages and overtime for hours worked in excess of forty (40) per week.  The class action claims of the putative Plaintiffs, who are current and security guards of the Flatbush Gardens residential complex, are based on the Fair Labor Standards Act of 1938 ("FLSA") as well as on the laws of the State of New York, including the New York Labor Law ("N.Y. LAB. LAW").  The Plaintiffs seek to serve as Class Representatives and also seek to have their counsel, The Harman Firm, PC ("The Harman Firm"), designated as Class Counsel.  Andrews Decl., ¶¶ 7–20.

**STATEMENT OF FACTS**

Plaintiffs reiterate and incorporate the facts set out in the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Collective Action Certification, filed Oct. 22, 2013 (Docket Entry 16) at 2–3.

---

[1] For ease of reference, various affidavits of individual Plaintiffs have been attached as exhibits to the Andrews Decl.  The Affidavit of Plaintiff Amado S. Pla in Support of Preliminary or Conditional Collective Action Certification, sworn to Oct. 17, 2012 ("Pla Aff."), is attached as *Ex. A*; the Affidavit of Plaintiff Yishmael Levi in Support of Preliminary or Conditional Collective Action Certification, sworn to Oct. 18, 2012 ("Levi Aff."), is attached as *Ex. B*; the Affidavit of Tawanda Thompson in Support of Preliminary or Conditional Collective Action Certification, sworn to Oct. 21, 2012 ("Thompson Aff.") is attached as *Ex. C*.

Plaintiffs also respectfully refer the attention of the Court to the deposition testimony of Named Plaintiff Amado S. Pla, set out in Plaintiffs' Reply Memorandum in Further Support of Their Motion for Reconsideration, which Plaintiffs also submit today.

## PROCEDURAL HISTORY

Plaintiffs respectfully refer the Court to the Docket in this action for specific procedural history.  Andrews Decl., *Ex. D*.

Plaintiffs filed their First Amended Complaint on Oct. 1, 2012.  Defendants answered on Oct. 22, 2012.  On that same day, Plaintiffs moved for Preliminary Collective Action Certification and submitted supporting documents.

On Dec. 12, 2012, Defendants moved to dismiss for lack of jurisdiction.

On Apr. 16, 2013, the United States Supreme Court rendered its decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013).  On that same day, the Court requested additional briefing from the Parties regarding the impact of the decision.

Defendants thereafter requested a stay of discovery, which the Court denied.

The Court ordered the Parties to appear for oral argument scheduled for May 9, 2013.

Two (2) days prior to the oral argument, Plaintiffs took the Deposition of former Flatbush Gardens Director of Operations, Rafael Garcia.  At that Deposition, Plaintiffs were first made aware of the fact that Robert Bendel was the supervisor of all payroll operations.

Q.  Do you know who Robert at Clipper Equity is?

A.  Yes.

Q.  Who is that?

A.  A person making payroll –

> Q. And do you recall what his name was besides Robert?
>
> A. Now I recall, Robert Bendel.
>
> ***
>
> Q. And he was the person in charge of payroll?
>
> A. Yes.
>
> Q. At the Borough Park office?
>
> A. Yes.
>
> Q. He was the supervisor of payroll processes?
>
> A. Yes.

Garcia Dep., 208:18–209:11.

At the May 9, 2013 oral argument, which occurred prior to any other depositions being taken, the Court mooted the claims of the Named Plaintiffs.

On May 16, 2013, Plaintiffs filed their Motion for Reconsideration of the Court's May 9, 2013 ruling.

On May 20 and 22, 2013, Defendants took the Depositions of Plaintiffs Amado S. Pla and Yishmael Levi. Plaintiffs have not yet obtained the transcript of Mr. Levi's Deposition.

Mr. Bendel's deposition, which Plaintiffs have still not had the opportunity to take, was scheduled for May 30, 2013, but Defendants advised Plaintiffs that they were unavailable on that day.

Plaintiffs filed their Proposed Collective Action Notice on May 31, 2013. This Notice has not yet finalized nor has it issued. Defendants have not provided Plaintiffs with a comprehensive list of similarly situated employees.

On June 5, 2013, Plaintiffs requested that their time to file the current Motion pursuant to FED. R. CIV. P. 23 be extended until after they had obtained a comprehensive list of names of security guard employees, all of whom, could reasonably qualify for this class. The Court denied that request.

Plaintiffs respectfully request the opportunity to supplement this Motion with additional materials as discovery in the case proceeds.

## SUMMARY OF ARGUMENT

This case is well suited for FED. R. CIV. P. 23 class treatment

In this action, the FED. R. CIV. P. 23(a) prerequisites are easily met because:

(i) The proposed class of current and former security guards who worked at the complex over the past six (6) years certainly contains well over forty (40) members. Flatbush Gardens is a fifty-nine-building (59-building) complex with tens of thousands of residents and its owners have maintained a full-time, twenty-four-hour (24-hour) security staff for years;

(ii) The claims and defenses involve many common factual and legal issues concerning Defendants' failure to keep the appropriate records, and failure to pay basic wage and overtime under the FLSA and the N.Y. LAB. LAW;

(iii) Plaintiffs' claims and the basis for those claims are the same as those of the absent class members they seek to represent. All putative class members have been injured by Defendants' conduct and will benefit from the relief sought, and the Plaintiffs are committed to representing the Class and safeguarding its interests; and,

(iv) Plaintiffs and their counsel will vigorously prosecute this action.

**ARGUMENT**

I. **Legal Standards for Class Action Certification.**

Class certification is appropriate where plaintiffs establish that the prerequisites of FED. R. CIV. P. 23(a) are satisfied, and that a class action may be maintained under one of the subsections of FED. R. CIV. P. 23(b). *In re IPO Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

FED. R. CIV. P. 23(a) permits class certification if: "(i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and, (iv) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a). Class certification under FED. R. CIV. P. 23(b)(3) governs cases where questions of law or fact common to members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3).

In considering whether to certify a class, the district court should not assess any aspect of the merits unrelated to a FED. R. CIV. P. 23 requirement. *IPO*, 471 F.3d at 41; *In re MTBE Prod. Liab. Litig.*, 241 F.R.D. 435, 443 (S.D.N.Y. 2007). FED. R. CIV. P. 23 is traditionally given liberal construction. *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997). While the decision to certify a class is committed to the district court's discretion, the United States Court of Appeals for Second Circuit is noticeably "less deferential . . . when that court has denied class status than when it has certified a class." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999) (citation and internal quotation omitted), *overruled on other grounds by IPO*, 471 F.3d at 40. Courts must err "in favor and not against the maintenance of a class action." *Sharif v. N.Y. State Educ. Dept.*, 127 F.R.D. 84, 87 (S.D.N.Y. 1989) (citations omitted).

5

## II.     The Proposed Class Meets All FED. R. CIV. P. 23(a) Requirements.

The proposed Class meets all of the requirements for class action certification under FED. R. CIV. P. 23(a), which are: (a) numerosity; (b) commonality; (c) typicality; and, (d) adequacy.

### A.     There Is Numerosity Under Rule 23(a)(1).

The essential element of any class action is that the proposed class be so large that joinder of all individual class members is impracticable.  Herbert Newberg & Alba Conte, *Newberg on Class Actions* 3:05 (4th ed. 2002)("*Newberg*").  Here the numerosity requirement of FED. R. CIV. P. 23(a)(1) is easily met.  Numerosity can be presumed at a level of 40 members. *Consol. Rail Corp. v. Town of Hyde Park*, 41 F.3d 473, 483 (2d Cir. 1995) (citing *Newberg* 3:05 (1992)).  Here, numerosity is met because there are easily far more than forty (40) members of the class.

### B.     There Are Common Questions of Law and Fact, As Required By FED. R. CIV. P. 23(a)(2).

The commonality requirement "[is] satisfied if the class shares even one common question of law or fact." *In re NTL Sec. Litig.*, 02-cv-3013, 2006 WL 330113, at *6 (S.D.N.Y. Feb. 14, 2006) (internal citations and quotations omitted); accord *Daniels v. City of New York,* 198 F.R.D. 409, 417 (2001) (citing *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 166–67 (2d Cir. 1987)).  Here, Plaintiffs have a myriad of common questions of law and fact.  In fact, <u>all</u> Plaintiffs' claims contain identical questions of law and fact.  Plaintiffs' tasks were entirely alike.

In any event, "[a]ll questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–20 (9th Cir. 1998); accord *Berwecky v. Bear, Sterns & Co.*, 197

6

F.R.D. 65, 68 (S.D.N.Y. 2000) (same); see also *Wilder v. Bernstein*, 499 F. Supp. 980, 992 (S.D.N.Y. 1980). This commonality requirement is particularly well satisfied, where as here, the injuries complained of by the Named Plaintiffs resulted from the same practice or policy that allegedly injured or will injure all the proposed class members. *Daniels*, 198 F.R.D. at 417; see also *Marisol A.*, 126 F.3d at 376–77.

In this case, Plaintiffs' claims all present the same common nucleus of facts, and the laws to be applied (the FLSA and the N.Y. LAB. LAW) are expressly identical or materially indistinguishable for purposes of the exemptions at issue in this case. *See, e.g.*, *Westerfield v. Wash. Mut. Bank*, 06-cv-2817, 2007 WL 2162989 (E.D.N.Y. July 26, 2007) (finding that Plaintiffs could bring class action claims under New York, California, Illinois, and New Jersey wage and hour law in conjunction with a FLSA collective action). Indeed, "Rule 23 and FLSA actions are routinely prosecuted together, and the complexities of Rule 23 and FLSA hybrid actions are a challenge that the federal judiciary, and properly instructed juries, are generally well-equipped to meet." *Brickey v. Dolencorp*, 244 F.R.D. 176, 179 (W.D.N.Y. 2007).

The Court need not, nor should it, reach the merits of this issue at this stage of the litigation. It is sufficient that the exemptions present common factual and legal issues that can be resolved jointly. The inquiry into the success or failure of the claimed exemptions comes later in the litigation process, after discovery is completed.

### C.     The Typicality Requirement of FED. R. CIV. P. 23(a)(3) Is Met.

FED. R. CIV. P. 23(a)(3) requires that the claims of the class representative must be "typical" of those of the absent class members. *Amchem Prods. v. Windsor*, 521 U.S. 591, 607 n.11 (1997). A proposed class representative's claims or defenses are typical when they arise from the same general "course of events" as those of the absent class members and rely on "similar legal arguments" to prove defendant's liability. *Robinson v. Metro-North Commuter*

7

*R.R.*, 267 F.3d 147, 155 (2d Cir. 2001). The typicality requirement "primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *MTBE, 241 F.R.D.* at 444 (citations omitted). Typicality is determined by the nature of the claims of the class representative, not by the specific facts from which they arose. See generally *Newberg*: 3:15. The purpose of the typicality requirement is to ensure that maintenance of a class action is economical and that the named plaintiffs' claims and the class claims are so intertwined that the interests of the class members will be fairly and adequately protected in their absence. *Cromer Finance Ltd. v. Berger*, 205 F.R.D. 113, 122 (S.D.N.Y. 2001). "[V]iewed in the most practical way, typicality is present when all members of the putative class would benefit by the success of the named plaintiff." *Cutler v. Perales*, 128 F.R.D. 39, 45 (S.D.N.Y. 1989) (citations omitted).

In this case, the violations suffered by Plaintiffs are typical of those of class they seek to represent. All claims arise out of Defendants' policy of not keeping the appropriate records, and of not paying basic wages or overtime for those hours worked beyond forty (40) hours a week. The Plaintiffs' claims are based on the same legal theory: that their work must be documented, and that their work is subject to basic wage and overtime regulation, under state and federal law.

### D. The Plaintiffs Are Adequate Class Representatives, As Required By FED. R. CIV. P. 23(a)(4).

FED. R. CIV. P. 23(a)(4) requires that class representatives must "fairly and adequately protect the interests of the class." Plaintiffs are adequate representatives because they were subjected to the same unlawful conduct as the other class members. *Hirschfeld v. Stone*, 193 F.R.D. 175, 183 (S.D.N.Y. 2000). The Plaintiffs will fairly represent the proposed class because they have no conflict with any class members, and will fairly and adequately protect the interests of the class.

8

Accordingly, they are able to represent the whole class and the requirements of FED. R. CIV. P. 23(a)(4) are satisfied.

### III. The Proposed Class Satisfies FED. R. CIV. P. 23(b)(3).

FED. R. CIV. P. 23(b)(3) certification is appropriate in cases in which common legal or factual issues predominate over individual issues and where a class action is superior to other methods of adjudication. Courts have not developed a precise test to determine whether common issues predominate but often look for an essential common link among class members that can be remedied through litigation. *Newberg*: 4:25. In this case, all Plaintiffs' claims revolve around common question: whether Defendants did not keep appropriate records for security guards' work, and whether they failed to pay them the wages they were legally owed. These questions and their many common subsidiary issues can and should be adjudicated on a class-wide basis.

#### A. Common Legal And Factual Issues Predominate.

To satisfy predominance under FED. R. CIV. P. 23(b)(3), Plaintiffs must establish that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof." *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (citation and internal quotations omitted), *overruled on other grounds as noted in Brown v. Kelly*, 609 F.3d 467, 483 (2d Cir. 2010)). Predominance is generally satisfied unless it is clear that individual issues will "overwhelm" the common questions. *In re Nasdaq Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 515 (S.D.N.Y. 1996).

Courts have repeatedly certified classes of employees seeking overtime compensation under the different statutes, finding common questions predominated over individualized inquiries.[2]

Class certification is particularly appropriate where, as here, class members perform similar tasks, an employer uses standardized policies and procedures. *Donovan v. Burger King Corp.*, 675 F.2d 516, 519–20 (2d Cir. 1982) (court extended liability for overtime wages to all employees throughout the New York area, based on evidence of corporate standardization of job duties); *see also Jankowski v. Castaldi,* 01-cv-0164, 2006 WL 118973, at *4 (E.D.N.Y. Jan. 13, 2006) (finding predominance when "each proposed Plaintiff class member did substantially the same type of work for the same type of employer, and was assigned in the same sort of way") (citation omitted); *Damassia v. Duane Reade*, 250 F.R.D. 152, 160 (S.D.N.Y. 2008) (Lynch, J.) ("Where, as here, there is evidence that the duties of the job are largely defined by comprehensive corporate procedures and policies, district courts have routinely certified classes of employees challenging their classification as exempt, despite arguments about 'individualized' differences in job responsibilities.") (collecting cases).

In this instance, it is apparent that all questions of fact are common questions of fact, as all the security guards had essentially the same duties, tasks and responsibilities, and their work

---

[2] *See, e.g., Velez v. Majik Cleaning Serv.*, 03-cv-8698, 2005 WL 106895, at *4 (S.D.N.Y. Jan. 19, 2005) ("whether [defendants] breached their legal duties under the FLSA and New York Labor Law are issues that predominate in this case."); *see also Tierno v. Rite Aid Corp.*, 05-cv-02520, 2006 WL 2535056 (N.D. Cal. Aug. 31, 2006) (common questions predominated due to defendant's standardized policies throughout its stores; certifying class action under California law and notice of FLSA action); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 89 (S.D.N.Y. 2001) (certifying New York state law class after finding that common issues predominate over individual ones "because each Plaintiff class member did substantially the same type of work, for the same type of employer, and was assigned in the same sort of way, during the relevant time period"); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) (same); *Smellie v. Mount Sinai Hosp.,* 03-cv-0805, 2004 WL 2725124 (Nov. 29, 2004) (same); *Belbis v. County of Cook*, 01-cv-6119, 2002 WL 31600048, at *7 (N.D. Ill. Nov. 18, 2002) (finding commonality among employees when employer failed to pay overtime for pre- and post-shift activities);; *O'Brien v. Encotech Constr. Servs.*, 203 F.R.D. 346 (N.D. Ill. 2001); *Yon v. Positive Connections*, 04-cv-2680, 2005 WL 628016 (N.D.Ill. Feb. 2, 2005).

routine was completely standardized and supervised by senior management such as Defendant Rafael Garcia, the former Director of Operations.

      **B.**      **A Class Action Is Superior To Other Methods Of Adjudication.**

F<small>ED</small>. R. C<small>IV</small>. P. 23(b)(3) enumerates four non-exclusive factors pertinent to determining whether a class action is superior to other methods of adjudication: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." All of these factors weigh in favor of certification.

The superiority determination takes into account any difficulties likely to be encountered in the management of a class action. Here, where the state law at issue is very similar to the FLSA, the case can be managed without difficulty. As the Second Circuit has observed, "failure to certify an action under Rule 23(b)(3) on the sole ground that it would be unmanageable is disfavored and 'should be the exception rather than the rule.' " *Visa Check*, 280 F.3d 124, 140 (2d Cir. 2001) (citing authorities).

The proposed Class is manageable and Class Action adjudication is superior.

**IV.**    **The Named Plaintiffs – Former Employees of the Defendants – Are Adequate Class Representatives. In Contrast Current Employees May Be Reluctant To Serve as Class Representatives.**

The fact that the Named Plaintiffs, Messrs. Pla, Joseph and Levi, are former rather than current employees does not make them inadequate class representatives. To the contrary, this matter should be certified as a class action with former employees are class representatives because current employees may be reluctant to serve as class representatives. Under these

11

circumstances, a class action rather than a collective action, would better protect the rights of such vulnerable individuals. The federal courts have recognized this:

> Many courts have noted the benefits of having former employees named as class representatives. **"[W]ith respect to plaintiffs who were former employees of the company 'being familiar with (the company's) employment practices and being free from any possible coercive influence of (the company's) management, (the plaintiffs) are better situated than either job applicants or present employees to present an intelligent and strongly adverse case against (the company's) alleged discriminatory practices."** *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975) (*quoting Mack v. General Elec. Co.*, 329 F. Supp. 72, 76 (E.D. Pa. 1971)). Additionally, deeming former employees inadequate to represent a class that included current employees might give hiring a perverse incentive: "employers would be encouraged to discharge those suspected as most likely to initiate a Title VII suit in the expectation that such employees would thereby be rendered incapable of bringing the suit as a class action." *Wetzel v. Liberty Mut. Ins.*, 508 F.2d at 247. For these reasons, the court deems the named Tennessee plaintiffs adequate representatives.

*In re FedEx Ground Package Sys., Empl. Practices Litig.*, 273 F.R.D. 424, 429 (N.D. Ind. 2008) (emphasis added).

### V. The Harman Firm, PC Should Be Designated As Class Counsel Pursuant To FED. R. CIV. P. 23(g).

A "court that certifies a class must appoint class counsel" after considering counsel's experience, knowledge, and resources. FED. R. CIV. P. 23(g)(1). This standard is easily met as Plaintiffs have retained counsel, The Harman Firm, who is qualified and experienced in plaintiffs' wage and hour litigation. The Harman Firm has several years of collective experience litigating plaintiffs' wage and hour actions under federal and state laws. Andrews Decl., ¶¶ 11–15, 20. The Harman Firm has successfully represented Plaintiffs in these matters, and has resolved numerous complex collective and class action claims. *Id*.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that this Court:

    (i)    Conditionally certify a class under the FLSA and N.Y. LAB. LAW pursuant to FED. R. CIV. P. 23;

    (ii)    Appoint The Harman Firm, PC as Class Counsel; and

    (iii)    Order such further relief as the Court may deem just and proper.

Dated: New York, New York  
        June 7, 2013

Respectfully submitted by:  
THE HARMAN FIRM, PC  
*Counsel for Plaintiffs*

       /s/  
Peter J. Andrews [PA-3295]  
Walker G. Harman, Jr. [WH-8044]  
200 West 57th Street, Suite 900  
New York, New York 10019  
(212) 425-2600  
pandrews@theharmanfirm.com  
wharman@theharmanfirm.com

13