```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
AMADO S. PLA ET AL.,                                  :
                                                      :
                          Plaintiffs,                 :    12 Civ. 5268 (JMF)
                                                      :
             -v-                                      :    ORDER
                                                      :
RENAISSANCE EQUITY HOLDINGS LLC ET AL.,               :
                                                      :
                          Defendants.                 :
                                                      :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2013

JESSE M. FURMAN, United States District Judge:

At the conference held on May 9, 2013, and in the Order filed the same day, the Court directed the parties to confer regarding a proposed collective action notice for the Court's approval and a proposed order, and to jointly submit via e-mail, in both word and .pdf formats, the proposed order and notice. (Docket No. 51). On May 31, 2013, Plaintiffs filed their proposed notice on the Court's electronic filing system (ECF), but did not submit the proposed order and notice to the Court in word format. (Docket No. 63). Further, the proposed notice is virtually identical to the notice Plaintiffs filed on October 22, 2012, in connection with their Motion for Preliminary Collective Action Certification. (*See* Docket No. 16). In the attached letter, dated June 4, 2013, Defendants state that the parties did not confer regarding the order and notice, as Plaintiffs never forwarded the proposed order and notice to Defendants prior to filing the notice on ECF. Defendants' letter also includes objections to Plaintiffs' proposed notice.

It is hereby ORDERED that no later than **June 21, 2013**, the parties are to confer regarding the form and content of the proposed notice and order, and make a good faith effort to address Defendants' objections. By the same date, the parties are directed to jointly submit via

e-mail (Furman_NYSDChambers@nysd.uscourts.gov), in both word and .pdf formats, the proposed order and notice. The parties shall advise the Court at that time if there are any disputes related to the form or content of the order or notice.

The Court's May 9, 2013 Order also directed Plaintiffs to file an amended complaint no later than May 24, 2013. The Court later extended this deadline to May 31, 2013, and cautioned that it would "not grant any longer extension in light of the fact that they are already late." (Docket No. 61). To date, Plaintiffs have not filed an amended complaint. It is hereby ORDERED that Plaintiffs shall file an amended complaint, adding the plaintiffs who have opted in, no later than **June 17, 2013**. Defendants shall file their answer to the amended complaint no later than **three (3) weeks** thereafter.

**The Court does not look kindly on Plaintiffs' failure to comply with the Court's prior orders. Plaintiffs are warned that failure to comply with this Order will result in appropriate sanctions.**

SO ORDERED.

Dated: June 12, 2013
New York, New York

JESSE M. FURMAN
United States District Judge

# FRANKLIN, GRINGER & COHEN, P.C.

GLENN J. FRANKLIN
MARTIN GRINGER
STEVEN ELLIOT COHEN
JOSHUA A. MARCUS*

MICHAEL S. MOSSCROP
BRIAN G. KLEIN*

*ADMITTED IN NY AND NJ

ATTORNEYS AT LAW

666 OLD COUNTRY ROAD, SUITE 202
GARDEN CITY, NEW YORK 11530-2013
TELEPHONE (516) 228-3131 • FAX (516) 228-3136
NEW YORK CITY TELEPHONE (212) 725-3131 • FAX (212) 725-3268

KEN SUTAK
OF COUNSEL

NEW YORK CITY OFFICE
150 EAST 58TH ST., 27TH FL.
NEW YORK, NY 10155

DIRECT ALL CORRESPONDENCE
TO GARDEN CITY OFFICE

June 4, 2013

**Via E-Mail**
Honorable Judge Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street, Room 630
New York, New York 10007

    Re:    *Pla, et al. v. Renaissance Equity Holdings, LLC, et al.*,
            12 Civ. 5268 (JMF)

Dear Judge Furman:

      This letter is being sent to address defendants' concerns with the proposed FLSA notice submitted by plaintiffs' counsel in this matter. At the May 9 conference, Your Honor directed plaintiffs' counsel, upon consultation with defendants' counsel, to prepare and submit a joint proposed notice. However, Plaintiffs never forwarded defendants' counsel a proposed notice or contacted defendants' counsel to discuss such proposed notice. Rather, it appears plaintiffs have simply resubmitted the notice which was submitted with their initial motion without incorporating any of the objections defendants addressed in their opposition papers. Accordingly, pursuant to Your Honor's May 31, 2013 letter endorsement, defendants are submitting the following objections to Plaintiffs' proposed notice.

      1.    Plaintiffs' notice contains references to putative class members who were employed within three years of the date of notice in some places and six years in others. Although, the first page of the notice submitted by plaintiffs in this matter sets forth that the notice must be sent to employees employed by defendants within the last three years, paragraphs three and four reference six years. The proper period is three years as the FLSA statute of limitations is three years for willful violations. See *McBeth v. Gabrielli Truck Sales, Ltd.*, 2011 U.S. Dist. Lexis 10398 *7 (E.D.N.Y. 2011) ("the growing trend in the district appears to be limiting the notice period to three years."); *In Re Penthouse Exec. Club Compensation Litigation*, 2011 U.S. Dist. Lexis 114743 8 17 n.4 (S.D.N.Y. 2010) (granting three year notice period); *Hanchard-James v. Brookdale Family Care Centers*, 2012 U.S. Dist. Lexis 113118 * 11-12 (E.D.N.Y. 2012); *Navarro v. PGM New York, Inc.*, 2013 U.S. Dist. Lexis 65012 * 8 (S.D.N.Y. 2013) (Furman, J.). Accordingly, references to six years should be amended.

      2.    Plaintiffs' proposed notice does not contain any language stating that

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

defendants deny the allegations or that the Court has made no determination as to the merits of the case. Such language is typical in FLSA notices. See e.g., *Navarro, supra,* 2013 U.S. Dist. Lexis. 65012 * 7; *Diaz v. S &H Bondi's Department Store, Inc.*, 2012 U.S. Dist. Lexis 5683 (S.D.N.Y. 2012) at * 27 (approving notice containing short statement stating that Defendants have denied the plaintiffs' allegations). Defendants request the following sentences be added to the end of Paragraph 2:

> Defendants vigorously deny any wrongdoing and/or liability to plaintiffs or to any past or present employee who may allege that they were not paid overtime compensation. No determination has been made that you are owed any overtime wages, and the Court is not endorsing the merits of the lawsuit or advising you to participate in the lawsuit. You are under no obligation to respond to this notice.

3. Plaintiffs' proposed notice fails to contain a cut-off period. A cut-off period is necessary to ensure an end date when the parties may continue litigating the claims. Courts in this circuit have routinely held that sixty days is a sufficient cut-off period. See *Iriarte v. Redwood Deli and Catering, Inc.*, 2008 U.S. Dist. Lexis 50072 (E.D.N.Y. 2008) (issuing notice with sixty-day cut-off); *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp.2d 101, 107 (S.D.N.Y. 2003) (issuing notice with sixty-day cut-off); *Hallissey v. American Online, Inc.*, 2008 U.S. Dist. Lexis 18387 (S.D.N.Y. 2008) (finding request for 120-day cut-off period excessive and limiting cut-off period to sixty days); *see also Laroque v. Dominos Pizza, LLC*, 557 F. Supp.2d 346, 355-6 (E.D.N.Y. 2008) (limiting cut-off period to fifty days).

4. Plaintiffs' proposed notice fails to require notices to be sent to the Clerk of the Court. See e.g., *Navaro, supra,* 2013 U.S. Dist. Lexis 65012 (S.D.N.Y. 2013) (requiring notices to be sent to clerk); *Iriarte, supra,* 2008 U.S. Dist. Lexis 50072 (E.D.N.Y. 2008) (noting recent decisions requiring consent forms to be sent directly to the clerk of the court); *Diaz, supra,* 2012 U.S. Dist. Lexis 5683 at * 24 (S.D.N.Y. 2012); *Garcia v. Elite Labor Service Ltd.*, 1996 U.S. Dist. Lexis 9824 *15-16 (N.D. Ill. 1996) (holding it was inappropriate for the notice to require consent forms to be sent to plaintiff's counsel, but rather such notices must be sent to the clerk of the court). Accordingly, Paragraph 5 of the notice should be amended to add:

> The form must be sent to the Clerk of the Court by [insert date that is 60 days from the date of notice mailing]. If you fail to return the consent form to the Clerk of the Court within the above deadline, you will not be able to participate in the lawsuit. The Clerk of the Court's address is:
>
> Clerk of the Court
> United States District Court of the Southern District of New York
> 500 Pearl Street
> New York, NY 11201

5. Plaintiffs' proposed notice fails to properly advise the potential class members that they have the right to obtain their own counsel. See *Laroque, supra,* 557 F.

2

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

Supp.2d at 356-7 (revising notice that did not specifically clarify that employees had right to own counsel). Plaintiffs' proposed notice merely mentions that all questions should be directed to Plaintiffs' attorneys, and it fails to mention that potential class members have the right to hire their own attorney. Moreover, plaintiffs' consent form improperly requires that persons seeking to join the action have plaintiffs' counsel represent them in this matter. This unfairly discourages employees from seeking other counsel. A new paragraph should be added to the notice which states:

RIGHT TO RETAIN OTHER COUNSEL

Furthermore, you can join the lawsuit by counsel of your own choosing. If you do so, your attorney must file an "opt-in" consent form by [insert date that is 60 days from notice mailing.]

6. Plaintiffs' proposed notice fails to properly explain the effect of joining the action. See e.g., *Gjurovich, supra*, 282 F. Supp.2d at 107. Plaintiffs' proposed notice contains no references as to how costs and attorneys' fees would be paid should the putative plaintiff prevail or that the new plaintiffs may be responsible for their share of costs and fees or how costs and fees may be paid out of any recovery against defendants.[1] See e.g., *Garcia v. Elite Labor Service Ltd.*, 1996 U.S. Dist. Lexis 9824 *15-16 (N.D. Ill. 1996) (requiring such language so as to properly inform employees as to potential recovery and liabilities). The notice should also notify the plaintiffs that they may be required to produce documents, testify at depositions and testify at trial. See *Hallissey v. American Online, Inc.*, 2008 U.S. Dist. Lexis 18387 * 4 (S.D.N.Y. 2008). Further, Plaintiffs' proposed notice fails to provide information regarding how the class representatives may make decisions which could impact the putative plaintiffs' case. See *Iriarte, supra*, 2008 U.S. Dist. Lexis 50072 (E.D.N.Y. 2008). Accordingly, Paragraph 7 should contain language that states:

If you choose to join the case, you may be required to appear for depositions, respond to written discovery, and testify at trial. You may also be responsible for your proportional share of plaintiffs' costs associated with this lawsuit. The attorney for the class plaintiffs is being paid on a contingency fee basis which means if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorney for the class will receive a part of any settlement obtained or a money judgment entered in favor of all members of the class. If you sign and return the Consent to Become Party plaintiff form attached to this Notice, you are agreeing to designate the class representative, as your agent, to make decisions on your behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

---

[1] Defendants do not know the plaintiffs' presumed fee arrangement with their counsel. However, a contingency fee is common in these cases. Accordingly, the notice should reference the existence of a contingency fee.

FRANKLIN, GRINGER & COHEN, P.C.
ATTORNEYS AT LAW

    7. The proposed notice fails to identify defendants' counsel. *Diaz*, supra, 2012 U.S. Dist. Lexis 5683 at * 24 (requiring notice identify defendants' counsel). A new paragraph should be added which states:

> COUNSEL FOR DEFENDANTS Renaissance Equity Holdings, LLC, Clipper Equity LLC, My Guard Security Corp., David Bistricer, Rafael Garcia, Marc Anthony Garcia, and John Murphy, is:
>
> Joshua Marcus, Esq.
> FRANKLIN, GRINGER & COHEN, P.C.
> 666 Old Country Road, Suite 202
> Garden City, NY 11530
> Telephone: (516) 228-3131

If you decide to join this case, you should not contact the defendants' lawyers directly yourself.

    8. Plaintiffs' proposed notice fails to provide information regarding how the class representatives may make decisions which could impact the putative plaintiffs' case. See *Iriarte, supra*, 2008 U.S. Dist. Lexis 50072 (E.D.N.Y. 2008). Paragraph 7 should be amended as follows:

> These decisions and agreements made and entered into by the representative plaintiff will be binding if you join this lawsuit. The representative plaintiff for all Renaissance Equity Holdings, LLC, and My Guard Security Corp. employees is _____. These decisions and agreements made and entered into by the representative plaintiff will be binding on you if you join this lawsuit. However, the Court has retained jurisdiction to determine the reasonableness of any contingency agreement entered into by the plaintiff with counsel, and to determine the adequacy of plaintiffs' counsel.

Thank you for your consideration in this matter.

                                        Respectfully submitted,

                                        FRANKLIN, GRINGER & COHEN, P.C.

                                        Joshua Marcus

cc:    Peter J. Andrews, Esq. (via e-mail)

4