USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/24/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMADO S. PLA ET AL.,

                Plaintiffs,

        -v-

RENAISSANCE EQUITY HOLDINGS LLC ET AL.,

                Defendants.
------------------------------------------------------------------------X

12 Civ. 5268 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

On May 9, 2013, after oral argument, the Court granted Defendants' Motion to Dismiss the claims of Plaintiffs Amado S. Pla, Kevin Joseph, and Yishmael Levi (the "Named Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(1). In a ruling from the bench, the Court held that the Named Plaintiffs' claims were moot because Defendants' offer of judgment exceeded any damages that they could receive under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, thereby divesting the Court of subject-matter jurisdiction. Plaintiffs now move for reconsideration of that Order. For the reasons discussed below, Plaintiffs' motion is DENIED.

## DISCUSSION

The Court assumes familiarity with the facts of this case. Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quotation marks omitted). A district court "has broad discretion in determining whether to grant

a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The Rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *United States v. Treacy*, No. 08 Cr. 0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

Measured against these standards, Plaintiffs' motion does not even come close to succeeding. Plaintiffs first argue that the Court overlooked allegations in their Amended Complaint regarding the inadequacy of Defendants' time and payroll records, which create a justiciable case or controversy. Specifically, Plaintiffs argue that they "have not had the opportunity to explore the Defendants' failure to pay them for 'off-the-clock' work." (Pls.' Mem. 3). Plaintiffs, however, did not allege that they were not compensated for "off-the-clock work" until this motion, and the law is clear that "[a] motion for reconsideration is not an opportunity to advance new facts, issues or arguments not previously presented to the Court." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH), 2013 WL 2254557, at *2 (S.D.N.Y. May 22, 2013) (internal quotation marks omitted).

In any event, Plaintiffs have failed to point to any actual evidence to support their contention that Defendants' records were inadequate. On a Rule 12(b)(1) motion, a court may consider evidence outside the pleadings. *See, e.g.*, *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 130 S. Ct. 2869 (2010). Yet here, Plaintiffs' contention is based solely on their allegations in the Amended Complaint (*see* Am. Compl. ¶ 89 (asserting that Defendants failed to "make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment")), and arguments in their unsworn memorandum of law (*see* Pls.' Mem. 3-4). These conclusory allegations do not establish the existence of a justiciable controversy sufficient to survive Defendants' motion to dismiss. *See Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976) (holding that a party cannot rest on conclusory allegations when opposing a 12(b)(1) motion); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-CV-0468 (DRH) (WDW), 2006 WL 3314624, at *3 (E.D.N.Y. Nov. 14, 2006) (explaining that on a 12(b)(1) motion, a court may "resolve disputed jurisdictional facts by referring to evidence outside the pleadings").

Next, the Named Plaintiffs argue that the Court erred in finding that there was no dispute that Defendants' offer of judgment adequately compensated them. (Pls.' Mem. 3-5). In doing so, however, Plaintiffs either reiterate arguments that were made and considered by the Court in ruling on Defendants' motion to dismiss or they make arguments that they could have made, but did not, in opposing that motion. In either case, the arguments are not a proper ground for reconsideration, as "[i]t is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Analytical Surveys, Inc. v. Tonga Partners,*

*L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted), *cert. denied*, No. 12-829, 2013 WL 1500243 (U.S. Apr. 15, 2013).

Put simply, Plaintiffs were given ample opportunity to submit evidence to the Court to substantiate their claims regarding the inadequacy of Defendants' records and the insufficiency of Defendants' offer, but they failed to do so. Significantly, because the Court deferred a ruling pending the Supreme Court's decision in *Genesis HealthCare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), Defendants' motion to dismiss was pending for nearly six months, during which Plaintiffs could easily have submitted sworn affidavits to support their contentions or requested jurisdictional discovery (including, for example, a deposition of Defendants' payroll supervisor, which Plaintiffs only now claim they need (Pls.' Mem. 6)). Having failed to avail themselves of the opportunities to put forth any actual *evidence* ― or even to articulate a reason why Defendants' offer was insufficient ― their conclusory assertions are insufficient to create a "case or controversy" sufficient to survive Defendants' 12(b)(1) motion to dismiss.

In any event, even now, the Named Plaintiffs have failed to substantiate their claim that the offer of judgment is insufficient to compensate them. Although Plaintiffs' December 12, 2012 letter to Defendants states that the "offer of judgment does not satisfy all of Plaintiffs' claims," because the offer "does not provide opt-in Plaintiffs with any remedy," (Andrews Decl. Ex. D (Docket No. 58-4)), a non-named plaintiff in a FLSA action is not a party to the litigation until "such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). At the time Defendants' offer was made, no plaintiffs had filed opt-in forms; as such, it cannot be said that the offer was insufficient because it failed to offer relief to non-existent opt-in plaintiffs. Further, Plaintiffs filed their reply in further support of their motion for reconsideration *after* the depositions of Named Plaintiffs Pla and Levi, yet have pointed to


nothing in those depositions that explains why Defendants' offer was insufficient.  Finally, Plaintiffs' assertion that the offer does not provide for liquidated damages or attorney's fees (Pls.' Mem. 7 & n.2) is simply inaccurate:  Defendants offered to pay one hundred percent of liquidated damages and the offer includes reasonable attorney's fees and costs, "which shall be decided by the Court."  (Marcus Aff.; *id.* Exs. B, C & D).  *See, e.g.*, *Briggs*, 2006 WL 3314624, at *1-3 (holding that an unaccepted offer of judgment that included attorney's fees and costs "in an amount to be determined by the Court" mooted a FLSA claim); *Ward v. Bank of N.Y.*, 455 F. Supp. 2d 262, 269-70 (S.D.N.Y. 2006) (same).

      Plaintiffs also argue that the Court "may have overlooked case law in this Circuit stating that FED. R. CIV. P. 68 Offers of Judgment do not moot claims where the amounts are disputed" (Pls.' Mem. 2), yet Plaintiffs have not pointed to any controlling decisions that the Court has overlooked.  In fact, case law in this Circuit — most notably, *Briggs* and *Ward* — supports the Court's determination that the Named Plaintiffs' claims are moot.  *See Briggs*, 2006 WL 3314624, at *3 (dismissing FLSA action as moot despite the plaintiff's contention that the offer was insufficient and explaining that "[plaintiff] had possession of [the relevant] time sheets in the context of this motion.  If he had any issues with [them,] then he should have raised them on this motion.  He did not"); *Ward*, 455 F. Supp. 2d at 269 (same).  Notably, although the Court "strongly advised" Plaintiffs to "focus attention" in their memorandum of law on how to distinguish *Briggs* and *Ward* (*see* Docket No. 53), Plaintiffs did not even attempt to do so; indeed, they did not even cite *Briggs*.  This is not surprising, as there is no basis on which to distinguish *Briggs* and *Ward* from the situation here:  Just as in *Briggs* and *Ward*, the Named Plaintiffs have failed to put forth any evidence to substantiate their claim that Defendants' offer of judgment is insufficient, and, just as in *Briggs* and *Ward*, their claims are therefore moot.

Plaintiffs argue that the Court's Order dismissing the Named Plaintiffs' claims contradicts the "controlling" decision in *Davis v. Abercrombie & Fitch*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008).  (Pls.' Mem. 7-8).  *Davis* is not "controlling," however, as this Court is not bound by the decision of another district court.  Moreover, far from contradicting this Court's ruling, *Davis* — upon which the Court expressly relied (*see* Tr. 8, 35) — actually supports that ruling, as it reaffirms the principles of *Ward* and *Briggs*.  *See* 2008 WL 4702840, at *5.  It is true that, applying those principles, the *Davis* Court held that the plaintiff's claims were not moot as the amounts due to them were "disputed."  *Id.* at *5-8.  But it reached that conclusion because the plaintiffs submitted *evidence* — in the form of sworn affirmations — to support their claims that the defendants' time records were incomplete and that they had been forced to falsify their time sheets.  *See id.* at *6-8.  Relying on this *evidence*, the Court held that it was unclear whether the defendant's offer of judgment offered full relief to the plaintiffs and, therefore, the plaintiffs' claims were not moot.  *Id.* at *8.  Here, by contrast, the Named Plaintiffs failed to submit any evidence whatsoever to support their abstract contention that the amounts due to them were in dispute.

Finally, Plaintiffs assert that by dismissing the Named Plaintiffs' claims, the Court has somehow violated their due process rights.  That assertion borders on frivolous.  Plaintiffs had full notice of the question before this Court ― namely, whether the Named Plaintiffs' claims were mooted by Defendants' offer of judgment ― and ample opportunity to explain to the Court why there was a live "case or controversy" due to the insufficiency of Defendants' offer.  Despite their many opportunities to present arguments and evidence to the Court ― in response to Defendants' motion to dismiss; during the nearly six-month time period when the motion was pending; in the supplemental briefing that the Court invited in response to the Supreme Court's

6

decision in *Genesis HealthCare*; at oral argument on May 9, 2013; and, indeed, in this motion for reconsideration (during the pendency of which the Court agreed to defer entry of judgment (Docket No. 53)) ― Plaintiffs failed to substantiate their assertion that this case is not moot.  It is preposterous to say, therefore, that Plaintiffs lacked "the opportunity to be heard at a meaningful time and in a meaningful manner."  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted).

## CONCLUSION

As the Court made clear during the oral argument on May 9th, there are good reasons to question the proposition that an unaccepted, or rejected, offer of judgment under Rule 68 can moot a plaintiff's claim.  (Tr. 4-7, 31).  Put differently, if the Court were operating on a blank slate, it might well agree with Justice Kagan's view that an unaccepted offer of judgment "is a legal nullity, with no operative effect."  *Genesis Healthcare Corp.*, 133 S. Ct. at 1533 (Kagan, J., dissenting).  As the Court noted, however, the "ship has sailed" on that question (Tr. 7), at least in this Circuit, as the Court of Appeals has made clear (the suggestions of the *Genesis Healthcare* majority notwithstanding, *see id.* at 1528-29 & n.3 (majority op.) (citing *McCauley v. Trans Union, LLC*, 402 F.3d 340, 342 (2d Cir. 2005))) that an unaccepted offer of judgment can moot a plaintiff's claim.  *See Abrams v. Interco, Inc.*, 719 F.2d 23, 32 (2d Cir. 1983) (Friendly, J.) ("[T]here is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied.").

The ship that had sailed on May 9th is — for the Named Plaintiffs' purposes — now far out at sea, as the Court ruled on their arguments in opposition to Defendants' motion to dismiss, and they have failed to advance any reason to turn that ship around in their motion for reconsideration.  Accordingly, Plaintiffs' motion for reconsideration is DENIED.  In light of this

ruling, the Court will enter judgment on the Named Plaintiffs' behalf consistent with Defendants' offer of judgment. No later than **July 1, 2013**, the parties are directed to submit a **joint** letter addressing whether the Named Plaintiffs' attorney's fees and costs should be determined by the Court at this juncture or at the end of the litigation, in conjunction with the costs and fees related to the other Plaintiffs' claims. The parties are reminded that all discovery in this case will close **sixty (60) days** after the close of the opt-in period, to be specified in the forthcoming Court-approved collective action order and notice. In addition, it is hereby ordered that counsel for all parties appear for a pretrial conference with the Court on **December 2, 2013**, at **3:15 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, NY.

The Clerk of Court is directed to terminate Amado S. Pla, Kevin Joseph, and Yishmael Levi as parties in this action, and to terminate Plaintiffs' Motion for Reconsideration (Docket No. 56).

SO ORDERED.

Dated: June 24, 2013
       New York, New York

_____
JESSE M. FURMAN
United States District Judge