UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH, and YISHMAEL
LEVI, Individually, And On Behalf Of All Other
Persons Similarly Situated,

                                                                    12 Cv. 5268 (JMF)

                         Plaintiffs,

             v.

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD SECURITY CORP.,
DAVID BISTRICER, Individually, RAFAEL GARCIA,
Individually, MARC ANTHONY GARCIA, Individually,
and JOHN MURPHY, Individually,

                         Defendants.
---------------------------------------------------------------------------X


## MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
## MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23


**JOSHUA MARCUS, ESQ. (JM 4250)**
**FRANKLIN, GRINGER & COHEN, P.C.**
*Attorneys for Defendants*
**666 Old Country Road, Suite 202**
**Garden City, NY 11530-2013**
**(516) 228-3131**

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

FACTS.....................................................................................................................2

ARGUMENT - PLAINTIFFS' COLLECTIVE ACTION PURSUANT TO
FED. R. CIV. P. 23 IS IMPROPER........................................................................5

    A.    Numerosity...................................................................................7

    B.    Commonality ...............................................................................8

    C.    Typicality ....................................................................................9

    D.    Adequacy of Representation .....................................................10

    E.    Fed. R. Civ. P. 23(b)(3) Requirements ....................................11

        1.    Plaintiffs Cannot Demonstrate that Common Questions of Law
            and/or Fact Dominate over Individual Claims...........................12

        2.    Plaintiffs Cannot Demonstrate Superiority................................16

CONCLUSION......................................................................................................17

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231,
    138 L. Ed.2d 689 (1997) ...................................................... 12

*Baffa v. Donaldson, Lufkin & Janrette Sec. Corp.*, 222 F.3d 52 (2d Cir. 2000) ............. 10

*Caridad v. Metro-North Commuter Railroad*, 191 F.3d 283 (2d Cir. 1999),
    *cert. denied*, 529 U.S. 1107, 120 S. Ct. 1959, 146 L. Ed.2d 791 (2000) .............. 6

*Carter v. Newsday*, 76 F.R.D. 9 (E.D.N.Y. 1976) ...................................... 9

*Comcast Crop.v. Behrend*, 133 S. Ct. 1426, 185 L. Ed.2d 515 (2013) ............. 1, 6, 12, 13

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995)
    *cert. denied*, 51 U.S. 1122, 115 S. Ct. 2277, 132 L. Ed.2d 281 (1995) ............... 7

*Davidson v. Yeshiva University*, 555 F. Supp. 75 (S.D.N.Y. 1982) ...................... 6

*Diaz v. Electronics Boutique of America, Inc.*, 2005 U.S. Dist. Lexis 30382
    (W.D.N.Y. 2005) ......................................................... 10

*Mechigian v. Art Capital Corp.*, 612 F. Supp. 1421 (S.D.N.Y. 1985) ..................... 11

*Moore v. Pane Webber, Inc.*, 306 F.3d 1247 (2d Cir. 2002) ............................ 12

*Myers v. The Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ............................ 12-13

*Paxton v. Union Nat'l Bank*, 688 F.2d 552 (8th Cir. 1982), *cert. denied*,
    460 U.S. 1083, 103 S. Ct. 1772, 76 L. Ed.2d 345 (1983) ......................... 9

*Roach v. T.L. Cannon Corp.*, 2013 U.S. Dist. Lexis 45373 (N.D.N.Y. 2013) .............. 13

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ...................................... 7

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001) ............... 8

*Rossini v. Oglivy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1983) .......................... 9

*Scott v. New York City District Counsel of Carpenters Pension Plan*,
    224 F.R.D. 353 (S.D. N.Y. 2004) .......................................... 11

*Shayler v. Chopard USA Ltd.,* 2013 U.S. Dist. Lexis 29540 (S.D.N.Y. 2013) . . . . . . . . . . . . 17

*Singh v. City of New York,* 418 F. Supp.2d 390 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 15

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196
    (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Tracy v. NVR, Inc.,* 2013 U.S. Dist. Lexis 62047 (W.D.N.Y. 2013) . . . . . . . . . . . . . . . . . 13, 16

*Trief v. Dunn & Bradstreet Corp.,* 144 F.R.D. 193 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . 12

*Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 180 L. Ed.2d 374 (2011) . . . . . . . . . . . . . . 6, 8

*Walmart Stores, Inc. v. Visa USA, Inc.,* 280 F.3d 124 (2d Cir. 2001),
    *cert. denied,* 536 U.S. 917, 122 S. Ct. 2382, 153 L. Ed.2d 201 (2001) . . . . . . . . . . . . . . 5

*Wang v. The Hearst Corp.,* 2013 U.S. Dist. Lexis 65869 (S.D.N.Y. 2013) . . . . . . . . . . . . 14, 16

*Zivali v. AT & T Mobility,* 784 F. Supp.2d 456 (S.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . 14, 15

## Statutes

Fed R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7, 11

Fed. R. Civ. P. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 8, 11, 12

Fed. R. Civ. P. 23(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 23(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Fed. R. Civ. P. 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 11-12, 16

## Treatises

5 James Wm. Moore, *et al.*, Moore's Federal Practice, § 23.60[2] . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

This Memorandum of Law is submitted in opposition to Plaintiffs' motion for class certification of Plaintiffs' state law claims pursuant to Fed. R. Civ. P. 23.  Plaintiffs' motion should be denied because Plaintiffs have completely failed to produce sufficient evidence to establish that they can meet the requirements of Fed. R. Civ. P. 23(a) (numerosity, commonality, typicality, adequacy) as well as the requirements set forth in Fed. R. Civ. P. 23(b)(3) (common issues of law and fact and/or superiority).   In comparison to a motion for collective certification pursuant to the FLSA, a class motion pursuant to Federal Rule 23 requires a much more vigorous analysis. Yet, Plaintiffs' motion merely repeats the same bare bones allegations contained in its FLSA motion and does not contain the detailed proof needed to satisfy this more rigorous analysis.  In fact, from Plaintiffs' motion it is not entirely clear what class Plaintiffs seek to certify or the manner in which Plaintiffs claim they were deprived overtime by Defendants.

Further, based upon the testimony by two of the Plaintiffs herein,[1] Defendants do not believe that Plaintiffs can establish that their claims are common as it appears from their testimony that their claims primarily center upon purportedly working off-the-clock in circumstances that were unique to the Plaintiffs and not to the other security guards.  Further, such claims would not be appropriately adjudicated on a class-wide basis, as articulated in the Supreme Court's recent decision in *Comcast Crop.v. Behrend*, 133 S. Ct. 1426, 1432, 185 L. Ed.2d 515 (2013).  Like *Comcast*, damages are not capable of measurement on a class-wide basis as there would have to be testimony from the guards as to whether they performed any of the alleged off-the-clock tasks and the hours they spent doing such

---

[1]    Plaintiffs Amado Pla and Yishmael Levi were deposed after this Court dismissed their claims as moot pursuant to Your Honor's May 9, 2013 Order in this matter.  Such Order also dismissed another Plaintiff, Kevin Joseph's, claims as moot.

tasks.  Accordingly, for the reasons set forth herein, Plaintiffs' motion should be denied.

## FACTS

Plaintiffs have submitted affidavits from three of the class members which state in conclusory fashion that they did not receive overtime on occasions they worked over forty hours a week.  See Affidavit of Amado Pla, dated October 17, 2012, ¶¶ 11-13;  Affidavit of Yishmael Levi, dated October 17, 2012, ¶¶ 11-13; Affidavit of Tawanda Thompson, dated October 21, 2012, ¶¶ 13-15.  Since such affidavits were submitted, Defendants have been able to depose two of the named Plaintiffs in this action, Amado Pla and Yishmael Levi.[2]  Their depositions illuminate their claims and demonstrate that such claims are not widespread or pervasive.

Pla and Levi were employed as security guards at the Flatbush Gardens residential complex.  Pla Aff., ¶ 2; Levi Aff., ¶ 2.  Initially, guards employed at Flatbush Gardens were employed by My Guard Security, Corp. (hereinafter "My Guard") until approximately September 2011.  Pla Tr. 52.[3]  See Affidavit of John Murphy, dated November 7, 2012, annexed to the Affirmation of Joshua Marcus, dated June 28, 2013 (hereinafter "Marcus Aff.") as Ex. 3, ¶ 3.  The guards received checks from My Guard.  Levi Tr. 15.  Subsequently, the guards were employed by Renaissance Equity Holdings, LCC (hereinafter "Renaissance") and received checks from that company.  Pla Tr. 53, 73; Affidavit of Jacob Schwimmer, dated November 12, 2012, annexed to the Marcus Aff. as Ex. 4, ¶ 3.[4]  The primary duty of the guards was to patrol the premises.  Pla. Tr. 17.  Yet, Pla, as opposed to the other guards, also would create the other guards' weekly work schedules and would occasionally do dispatching.  Pla Tr. 17, 20, 25-6.

Pla and Levi also stated that the guards typically worked eight-hour shifts and that guards

---

[2]      Defendants have noticed the depositions of the other opt-in Plaintiffs, including Tawanda Thompson and Kevin Joseph, but Plaintiffs have failed to produce such parties for their depositions.
[3]      "Pla Tr." herein refers to the deposition transcript of Amado Pla, dated May 20, 2013, annexed to the June 28, 2013 affirmation of Joshua Marcus as Ex. 1.
[4]      Plaintiffs admit they never received any paychecks from Clipper Equity.  Pla Tr. 67.

were not typically scheduled for more than five days a week. Pla Tr. 14, 122; Levi Tr. 28.[5]  Both

guards also testified that they were permitted to take, and in fact took, one-hour meal breaks

during their shift. Pla Tr. 41, 85, 140-2; Levi Tr. 21, 93-5; Marcus Aff., Ex. C., ¶ 7; Ex. D, ¶ 7.

Employees were permitted to leave the premises during their shift, and they often went to a local

pizza or sandwich shop. Pla Tr. 29; Levi Tr. 34.   Further, Pla acknowledged that he typically

worked five days or less a week. Pla Tr. 14, 122. Levi admitted that he worked part-time at the

beginning of his employment and that since he was an observant Jew, he did not work the

Sabbath and left early on Fridays. Levi Tr. 67.

    The guards acknowledged that their hours were kept by a hand-punch time clock

throughout the times they worked as security guards. Pla Tr. 21, 23; Levi Tr. 26-7. See Marcus

Aff., Ex. C, ¶ 6; Ex. D, ¶ 6. Neither Pla nor Levi could articulate any basis as to how the time

records were inaccurate. Pla Tr. 113-18; Levi Tr. 71-3. Pla further admitted he had no records

as to the hours he worked. Pla Tr. 148-9. Pla admitted that as part of his duty in scheduling the

guards' hours worked, he would review the guards' timecards to make sure the hours were

proper. Pla Tr. 23-26. When there was a discrepancy in the hours caused by the failure of the

guard to punch in or punch out, Pla would notify management that there was a discrepancy and

would eventually get them paid for the day. Pla Tr. 26-7. Notably, Levi testified that although

sometimes a guard would forget to punch in or out on their timecard, the guard would be paid for

such days. Levi Tr. 69-70. Pla noted that there were instances when some guards would go to

the precinct if an employee made an arrest, and a few employees complained they did not receive

pay for the hours worked while they were at the police station. Pla Tr. 27. Yet, Pla admitted

neither he nor his partner Levi went to the police station.  Pla Tr. 40, 51.  Pla could only

---

[5]      "Levi Tr." herein refers to the deposition transcript of Yishmael Levi, dated May 22, 2013, annexed to the
June 28, 2013 affirmation of Joshua Marcus as Ex. 2.

identify two guards on the overnight shift (Charlie Wessel and Roy Sangster, who have opted into this action) who typically went to the police station for arrests. Pla Tr. 61-2; Levi Tr. 23.

An analysis of the time records provided by My Guard shows that other than the opt-in Plaintiffs, at most seventeen guards worked over forty hours when meal breaks are considered. See Affidavit of John Murphy, dated June 26, 2013, Ex. A. Similarly, for Renaissance, excluding the opt-in Plaintiffs, it appears at most six employees worked over forty hours when meal breaks were factored in. See Affidavit of Jacob Schwimmer, dated June 26, 2013, Ex. A.

Notably, although Pla was responsible for scheduling, he stated that he was not sure if Tawanda Thompson, one of the other opt-in Plaintiffs, ever worked overtime. Pla Tr. 80-1. A review of her time records shows that she never worked more than forty hours on the clock when lunch is factored except for one week at Renaissance (the week of October 8-13) and Thompson received overtime that week. See Affidavit of John Murphy, dated June 26, 2013, Ex. A; Affidavit of Jacob Schwimmer, dated June 26, 2013, Ex. A; Affidavit of Jacob Schimmer, dated December 27, 2012 annexed to the Marcus Aff. as Ex. 5, ¶4; Ex. A. Further, Pla noted that he did not think opt-in Plaintiff Joseph ever worked overtime, because he did not work more than two to three days a week. Pla Tr. 57-8.

Thus, the primary basis for Plaintiffs' overtime claim appears to be that they were not paid overtime for certain off-the-clock hours. Pla asserted that during his employment, he was called back after his shift to work at Renaissance after he punched out. Pla Tr. 70-1. Yet, Pla was not able to quantify how often that happened or what he was owed for such time. Pla Tr. 69.

Levi, in contrast, did not claim that he was called back to work off-the-clock. Rather, Levi testified that he was required to hand out eviction notices once a month. Levi Tr. 43-50. Levi testified that handing out the notices could take approximately one and one half to three

4

hours of his time during the week that notices were issued. Levi Tr. 48-9. Levi testified that sometimes he handed out such notices during his working hours and sometimes he did so after he had clocked out. Levi Tr. 48. Levi asserts he was paid extra compensation for handing out those notices. Levi. Tr. 45-6. Levi testified that he was the one responsible for submitting the notices although sometimes he might hire other local persons to assist him in handing out the notices. Levi Tr. 45-7. Levi testified that at most three to five people that he hired might have helped him hand out the notices. Levi Tr. 45-6. Levi noted that the only other guard who "sometimes" helped him deliver the eviction notices was Pla. Levi Tr. 50-1.

## ARGUMENT

### PLAINTIFFS' COLLECTIVE ACTION PURSUANT TO FED. R. CIV. P. 23 IS IMPROPER

Plaintiffs' motion for class certification pursuant to Fed. R. Civ. P. 23 is improper because Plaintiffs have failed to assert almost all of the required elements to permit class certification pursuant to Fed. R. Civ. P. 23. Plaintiffs' claims fail because they have failed to demonstrate commonality, typicality, adequacy of representation, as well as the standards required by Fed. R. Civ. P. 23(b)(3). A party seeking class certification pursuant to Fed. R. Civ. P. 23 must demonstrate that the proposed class meets the four requirements set forth in Rule 23(a) as well as one of the requirements set forth in Fed. R. Civ. P. 23(b). See *Walmart Stores, Inc. v. Visa USA, Inc.,* 280 F.3d 124, 132-3 (2d Cir. 2001), *cert. denied,* 536 U.S. 917, 122 S. Ct. 2382, 153 L. Ed.2d 201 (2001). Rule 23(a) permits class members to act as class representatives only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) representative parties will fairly

5

and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). The party seeking

class certification has the burden of demonstrating that Rule 23's requirements are satisfied by a

preponderance of the evidence. *Caridad v. Metro-North Commuter Railroad*, 191 F.3d 283, 291

(2d Cir. 1999), *cert. denied*, 529 U.S. 1107, 120 S. Ct. 1959, 146 L. Ed.2d 791 (2000); *Teamsters*

*Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008). In

determining class certification, the district court must conduct a "rigorous analysis" to determine

whether or not Rule 23's requirements have been met. Thus, courts will not grant class

certification upon the mere recital of conclusory allegations. See e.g., *Davidson v. Yeshiva*

*University*, 555 F. Supp. 75, 77-8 (S.D.N.Y. 1982) ("When the plaintiff fails to aver, much less

establish any facts to support his conclusion of numerous injuries, the class action request should

be dismissed"); 5 James Wm. Moore, *et al.*, Moore's Federal Practice, § 23.60[2]("A] class

action must satisfy each of the requirements of Rule 23, and the plaintiff must plead more than a

simple reiteration of those requirements in conclusory allegations. Instead, the plaintiff should

allege facts demonstrating that all of the requirements for bringing a class action are fulfilled.")

Furthermore, the Supreme Court has recently cautioned that a plaintiff cannot merely

meet the pleading standard but rather the plaintiff:

> '[M]ust be prepared to prove that there are *in fact* sufficiently numerous parties,
> common questions of law or fact', typicality of claims or defenses, and adequacy
> of representation, as required by Rule 23(a). The party must also satisfy through
> evidentiary proof at least one of the provisions of Rule 23(b).

*Comcast Crop. v. Behrend*, 133 S. Ct. 1426, 1432, 185 L. Ed.2d 514 (2013) (citations omitted)

citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 180 L. Ed.2d 374, 391 (2011).

Plaintiffs have completely failed to aver any facts supporting their allegations for a Rule

23 class action. Plaintiffs merely rely upon affidavits submitted on behalf of their motion for

collective certification pursuant to the FLSA in which four Plaintiffs claim they were not paid

overtime.  Yet, nowhere in Plaintiffs' motion papers do the Plaintiffs make any attempt to cite

factual allegations alleging the specific delineated factors required in a Rule 23 collective action

motion.

 Plaintiffs do not identify what its proposed class is in its motion papers pursuant to

Federal Rule 23.  Plaintiffs' notice of motion contains no identification of the proposed class.

Plaintiffs' memorandum of law also fails to identify a specific class.   The closest Plaintiffs come

to asserting a specific proposed class is stating, "Defendants, the owners and managers of a large

residential complex in Brooklyn called Flatbush Gardens failed over an extended time to pay

their employees basic wages and overtime for hours worked in excess of forty (40) per week.

The class action claims of the putative Plaintiffs, who are current and former security guards of

the Flatbush Gardens Residential Complex, are based upon the Fair Labor Standards Act of 1938

("FLSA") as well as on the laws of the State of New York, including the New York Labor Law

("N.Y. Lab. Law.").  See Plaintiffs' Memo, p.1.  Frankly, it is completely unclear and vague how

Plaintiffs' class is comprised.   For purposes of this motion, Defendants, believe that Plaintiffs

are seeking a class including all security guards at Renaissance who worked over forty hours and

were not paid overtime.

 A. <u>Numerosity</u>

 To establish numerosity, plaintiff must establish that the numerosity makes joinder of all

class members impracticable.  See *Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993).  A

class comprised of more than forty members generally satisfies numerosity. *Consol. Rail Corp.*

*v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) *cert. denied*, 51 U.S. 1122, 115 S. Ct.

2277, 132 L. Ed.2d 281 (1995).  Herein, Plaintiffs have alleged that the purported class defined

by Plaintiffs would include forty or more persons yet offers no analysis of how such figure was

calculated. See Plaintiffs' Memo of Law, p. 6. Assuming Plaintiffs are asserting claims on behalf of all security guards who worked over forty hours a week and were not paid overtime, and factoring in meal periods, there are only twenty-one such guards total at both companies combined. See Affidavit of John Murphy, dated June 26, 2013, Ex. A; Affidavit of Jacob Schwimmer, dated June 26, 2013, Ex. A. [6] Such number is clearly below the forty-employee threshold. Given that Plaintiff will be sending out FLSA notices, there is no particular reason why joinder of all class members is impracticable. Nor are there any special circumstances, such as a wide range of Plaintiffs living in different locations. Further, even considering Plaintiffs' claim that there was improper recordkeeping and some guards worked "off-the-clock," the Plaintiffs could not identify one other guard who has not already opted into this action that was called back to work, was responsible for handing out eviction notices or might have gone to the police station. Accordingly, numerosity has not been established.

B.   Commonality

The commonality requirements of Rule 23(a) require a plaintiff to show that the action raises an issue of law or fact that is common to the proposed class. See *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001). To satisfy commonality, the Supreme Court has recently noted in *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551, 180 L. Ed.2d 374 (2011) that it is not enough for a plaintiff to raise a litany of common questions, but rather class certification has the capacity "to generate common answers apt to drive the resolution of the

---

[6]   Defendants note that even though it has produced thousands of pages of pay and time records relating to the My Guard and Renaissance workers, Plaintiffs have completely failed to cite any of those records in support of their motion. A review of such records reveals that employees who worked over forty hours a week at My Guard, exclusive of the Plaintiffs or opt-in Plaintiffs, were Barry Franklin, Bary Norfleet, Emeito DeJesus, Geoffrey Witherspoon, Irwing Rouse, James Simpson, Javier Ceballos, Jesse Gonzalez, Lamar Williams. Leonard Pemontty, Michael Grant, Noel Tomlinson, Peter Spencer, Shawn Blades, Stanley Saintleus, Trent Turner and Thomas Usary. See Affidavit of John Murphy, dated June 26, 2013, Ex. A. Employees working over forty hours a week at Renaissance, exclusive of the Plaintiffs or opt-in Plaintiffs, are John Donahue, Kassey Harris, Lamar Willams, Samuel Rushing, Shawn Blades, and Stuart Jarvis. See Affidavit of Jacob Schwimmer, dated June 26, 2013, Ex. A. Although there are twenty-three names, Lamar Williams and Shawn Blades are listed twice.

litigation."

Plaintiffs do not specifically assert what factual or legal questions it seeks to resolve jointly. See Plaintiffs' Memo, p. 7. Rather, Plaintiffs assert that the "Court need not, nor should it reach the merits of this issue at this stage of the litigation." See Plaintiffs' Memo, p. 7. Defendants, frankly, do not believe that Plaintiffs have properly made a showing of commonality as they have not asserted any specific questions which would generate common answers to drive the resolution of the litigation. Further, as set forth in more detail in the section setting forth whether common questions of facts or law predominate, Pla and Levi's claims are not common as Pla is seeking overtime primarily for off-the-clock work when he was called back to work. Levi is seeking overtime for off-the-clock work primarily from the delivery of eviction notices. Thompson's claim can only be for any alleged off-the-clock work. Their claims on a factual basis appear to be distinct from the general claim of whether guards were not paid overtime for working forty hours a week. Accordingly, commonality is not met.

C.    Typicality

To satisfy the typicality requirements of Fed. R. Civ. P. 23(a)(3), a plaintiff must demonstrate that other members of the purported class have suffered the same or similar grievances. *Carter v. Newsday*, 76 F.R.D. 9, 14 (E.D.N.Y. 1976). Plaintiff must do so by asserting something more than conclusory allegations. See e.g., *Rossini v. Oglivy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1983) quoting *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562 (8th Cir. 1982), *cert. denied*, 460 U.S. 1083, 103 S. Ct. 1772, 76 L. Ed.2d 345 (1983) ("the 'burden of showing typicality [is] not onerous but requires something more than general conclusory allegations'").

Plaintiffs assert there is typicality because Defendants did not pay overtime for hours

9

worked above forty hours a week, and Defendants did not keep adequate records. See Plaintiffs'
Memo, p. 8. As an initial matter, Plaintiffs assert no common, company-wide practice by
Renaissance or My Guard to deprive employees of overtime. Given that My Guard and
Renaissance are two separate companies, and payroll was issued by the different companies,
Plaintiffs have failed to show how either company subjected its employees to a joint practice of
not paying overtime.

Furthermore, with respect to the claim that Defendants did not keep adequate records,
Plaintiffs Pla and Levi's claims are not typical. Once again, Pla and Levi's claims are based
upon alleged off-the-clock work which does not appear to be typical to the other guards herein.
Furthermore, Thompson's time records show she never worked overtime. See Affidavit of John
Murphy, dated June 26, 2013, Ex. A; Affidavit of Jacob Schwimmer, dated June 26, 2013, Ex.
A. Thus, her claim cannot be typical as at best she is alleging off-the-clock work. As set forth
in more detail in the commonality section, *infra*, Plaintiffs cannot show typicality.

D. Adequacy of Representation

To demonstrate adequacy, the plaintiff must demonstrate that the class representatives
"possess the same interest and suffer the same injury as class members." See e.g., *Diaz v.
Electronics Boutique of America, Inc.*, 2005 U.S. Dist. Lexis 30382 * 27-8 (W.D.N.Y. 2005). To
establish adequacy, the Second Circuit has stated that "adequacy of representation entails inquiry
as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the
class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."
See *Baffa v. Donaldson, Lufkin & Janrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).
Defendants have valid concerns as to whether Plaintiffs can adequately represent the class.
Courts have routinely held that the class representative must be sufficiently familiar with the case

10

as to exercise independent judgment and control over the attorney, must possess a minimal

degree of knowledge regarding the action and must have a general understanding of the nature of

a class action.  See e.g., *Scott v. New York City District Counsel of Carpenters Pension Plan*, 224

F.R.D. 353, 355 (S.D. N.Y. 2004) (collecting cases).  Plaintiffs have not attempted to make any

such showing here.

Further, there is a substantial issue as to adequacy of representation given that the

purported class representatives, Pla, Joseph and Levi's, claims were dismissed from the case.

Clearly, by having their claims dismissed, they cannot serve as class representatives as their

claims have been mooted, and they do not have the same interest in the litigation as Plaintiffs

remaining in the action.

Finally, it is unclear from Plaintiffs' motion papers whether Plaintiffs' counsel has

experience handling Rule 23 class actions.  See e.g., *Mechigian v. Art Capital Corp.*, 612 F.

Supp. 1421, 1433 (S.D.N.Y. 1985) (denying class certification where counsel failed to set forth

any experience as an attorney for a class representative or participation in a class action in any

respect).  While it appears from Plaintiffs' affidavit that they have experience in litigating wage

and hour claims, it is unclear from their motion papers whether Plaintiffs' counsel has previously

represented a class in a Rule 23 class action as opposed to representing plaintiffs in a FLSA

collective action.  See Declaration of Peter Andrews, dated June 7, 2013, ¶¶ 3-5.  Accordingly,

Plaintiffs cannot demonstrate adequacy of representation.

      E.      Fed. R. Civ. P. 23(b)(3) Requirements

In addition to setting forth the requirements in Fed. R. Civ. P. 23(a), Plaintiffs must

demonstrate that one of the grounds set forth in Fed. R. Civ. P. 23(b) is also met.   Plaintiffs

herein assert that they can meet the requirements of class certification pursuant to Fed. R. Civ. P.

23(b)(3): (1) common issues of law and fact predominate over individual claims; and (2) that a class action is superior to another available means of adjudicating the action. See Plaintiffs' Memorandum of Law, p. 9. When the plaintiffs have not met the burden of satisfying Fed. R. Civ. P. 23(a), the Court need not consider the additional requirements set forth in Fed. R. Civ. P. 23(b). See e.g., *Trief v. Dunn & Bradstreet Corp.*, 144 F.R.D. 193, 197 (S.D.N.Y. 1992). However, even if Plaintiffs had met the requirements of Fed. R. Civ. P. 23(a), Plaintiffs have failed to meet the requirements set forth in Fed. R. Civ. P. 23(b)(3).

1. Plaintiffs Cannot Demonstrate that Common Questions of Law and/or Fact Dominate over Individual Claims

Pursuant to Fed. R. Civ. P. 23(b)(3), plaintiff must demonstrate that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. See Fed. R. Civ. P. 23(b)(3). The proper inquiry is thus "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." See *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231, 138 L. Ed.2d 689 (1997). This is a more stringent burden than demonstrating commonality. See e.g, *Moore v. Pane Webber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002). A plaintiff must demonstrate that "[r]esolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject to individualized proof." *Id.* In determining whether Rule 23(b) standards have been met, the Supreme Court has recently noted that the Rule 23(b)(3) standards for predominance are even more demanding than Rule 23(a) and the court must take a "'close look' at whether common questions predominate over individual ones." *Comcast*, supra, 133 S. Ct. at 1432. See also *Myers v. The Hertz Corp.*, 624 F.3d 537, 551 (2d

12

Cir. 2010) ("plaintiffs must at this stage show that more 'substantial' aspects of this litigation will be susceptible to generalized proof for all class members than any individualized issues").

In determining commonality, the Supreme Court has noted that the plaintiff must "establish that damages are capable of measurement on a classwide basis." *Id.* at 1433. The Supreme Court also noted that a plaintiff must show that such damages are capable of measurement on a basis that is not unreasonable or speculative. *Id.* Although *Comcast* involved issues regarding antitrust violations, courts interpreting *Comcast* in the FLSA setting have denied state law wage and hour class actions where it became clear that determinations regarding damages would be too highly individualized to form the basis of a class action.

In *Tracy v. NVR, Inc.*, 2013 U.S. Dist. Lexis 62047 *14-18 (W.D.N.Y. 2013), the court denied a class action on predominance grounds because determinations of damages relating to the proposed class of outside salespersons would be too highly individualized to form the basis of a class of outside salespersons as numerous mini-trials would have to be conducted as to the number of hours each plaintiff worked off-the-clock and whether the company had constructive or actual knowledge that employees were working off-the-clock.

In *Roach v. T.L. Cannon Corp.*, 2013 U.S. Dist. Lexis 45373 *8-10 (N.D.N.Y. 2013), the plaintiff submitted affidavits on behalf of four employees merely alleging that there was a number of occasions when they punched in and out which exceeded ten hours but the plaintiffs were not paid spread-of-hours pay pursuant to New York State law. The Court denied the class action because plaintiff had completely failed to include any analysis of how damages were calculated on a class-wide basis and whether any other employees worked over ten hours a day and were not, in fact, paid for those hours. *Id.* The court noted that it would have to conduct numerous mini-trials as to whether other parties worked over ten hours a day or whether they

13

were not paid such amounts, and denied the class action.

In *Wang v. The Hearst Corp.*, 2013 U.S. Dist. Lexis 65869 * 27 (S.D.N.Y. 2013), the Court denied class certification on behalf of interns, in part, on the basis that individualized proof of hours worked would overwhelm issues relating to the class.

Likewise, in *Zivali v. AT & T Mobility*, 784 F. Supp.2d 456 (S.D.N.Y. 2011), the court decertified a FLSA collective class based upon claims that employees were required to do work off-the-clock. The court noted that there was varying testimony as to hours that employees worked off-the-clock, whether the employees were given meal breaks, and the amount of time spent at off-site meetings. *Id.* at 466. The court noted that differing issues of proof would make it impossible for the court to proceed on a collective basis as the claims of each plaintiff differed substantially.

Herein, Plaintiffs have failed to include any analysis of how damages could be calculated on a class-wide basis. Further, the nature of Plaintiffs' allegations regarding unpaid overtime when they allegedly worked off-the-clock would predominate over the class action claims, and it would lead to multiple mini-trials as to whether employees worked off-the-clock or were not paid overtime. The two Plaintiffs who have been deposed testified that they had no basis to believe that Defendants' punch card time records were inaccurate. Pla Tr. 113-8; Levi Tr. 71-3. Further, Pla testified that guards were scheduled to work eight-hour shifts and that they typically worked five days or less a week. Pla Tr. 14, 122; Levi Tr. 28.

Pla and Levi did assert that they worked during times they did not punch in. However, it appears that such claims arise under specific and unique circumstances. Pla testified that he was sometimes called back to work after he punched out and did work after he punched out. Pla Tr. 70-1. However, Levi never made such a claim during his deposition. Rather, Levi asserted that

14

once a month he was responsible for sending eviction notices to tenants which sometimes he did

on-the-clock and sometimes he did off-the-clock. Levi Tr. 48. Levi acknowledged he was paid

extra for doing such work. Levi Tr. 45-6. Yet, Levi could not articulate how many hours he

spent doing such work, but testified that in that week the notices were issued he might spend one

and one-half to three hours per day disseminating such notices each day that week. Levi Tr. 48-

9. Further, Levi testified that the only guard that "sometimes" helped him with the notices was

his partner, Pla. Levi Tr. 50-1. These differing allegations of off-the-clock work would

completely overwhelm the litigation as differing inquiries would have to be made as to what

work each Plaintiff did off-the-clock and whether My Guard or Renaissance had constructive

knowledge of such claims. See *Zivali*, supra, 784 F. Supp.2d 456, 467-8 (noting that where

plaintiff worked off-duty hours, the plaintiff must demonstrate that the employer had actual or

constructive knowledge of such work); *Singh v. City of New York*, 418 F. Supp.2d 390, 397

(S.D.N.Y. 2005).

Further, Thompson's claim runs into the same problem. Her time records do not indicate

that she worked forty hours a week except for one week she received overtime. See Affidavit of

John Murphy, dated June 26, 2013, Ex. A; Affidavit of Jacob Schwimmer, dated June 26, 2013,

Ex. A; Marcus Aff., Ex. 5, ¶ 4. Thus, any potential claims she may have are for alleged off-the-

clock work. Her alleged claims would run into the same issues as it would have to be discerned

on an individualized basis for each member of the class if they worked off-the-clock work, if

such work was authorized and how much work she or the other putative class members may have

worked. Accordingly, Plaintiffs cannot demonstrate commonality as these individual claims

relating to working off-the-clock hours would require an individualized basis for liability and

damages.

2. <u>Plaintiffs Cannot Demonstrate Superiority</u>

Pursuant to Fed. R. Civ. P. 23(b)(3) plaintiffs must also demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." See Fed. R. Civ. P. 23(b)(3). Factors relevant to establishing superiority include: "(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of the class action." See Fed. R. Civ. P. 23(b)(3).

Plaintiffs herein assert no specific basis as to why a class action would be superior in this matter other than to state that the "state law issue is very similar to the FLSA." See Plaintiffs' Memo, p. 11. However, such generalization does not contain any analysis relevant to a Rule 23 inquiry.

As set forth above, Plaintiffs' claims for superiority fail for the same reasons they cannot demonstrate predominance. See e.g., *Tracy*, supra, 2013 U.S. Dist. Lexis 62407 (W.D.N.Y. 2013) (finding against superiority when individualized issues would lead to numerous mini-trials on issue of liability). Proceeding as a class action herein would be inherently difficult as just from the depositions of two Plaintiffs it appears that Plaintiffs' claims for overtime are based upon different facts and circumstances. *Wang*, supra, 2013 U.S. Dist. Lexis 65869 (S.D.N.Y. 2013) (denying class action on superiority basis where individualized basis of proof would overwhelm claims and separate actions were deemed more appropriate). Further, the fact that FLSA notices have been authorized and that there are few potential members in the class dictates

16

against a finding of predominance.   See e.g., *Shayler v. Chopard USA Ltd.,* 2013 U.S. Dist.

Lexis 29540 (S.D.N.Y. 2013) (finding against superiority when prospective class was small and

FLSA opt-in notices were issued).   Accordingly, Plaintiffs' motion for Rule 23 class certification

should be denied.

## CONCLUSION

Pursuant to the reasons stated herein, Plaintiffs' motion for class certification should be

denied.

Dated: Garden City, New York
       June 28, 2013

                                               **FRANKLIN, GRINGER & COHEN, P.C.**
                                               *Attorneys for Defendants*

                                               /s
                                               By:     Joshua A. Marcus, Esq. (JM 4250)
                                               666 Old Country Road, Suite 202
                                               Garden City, NY 11530-2013
                                               (516) 228-3131

To:    Walker J. Harman, Esq. (WH-8044)
        Peter J. Andrews (PA 3295)
        THE HARMAN FIRM, P.C.
        *Attorneys for Plaintiffs*
        200 West 57th Street, Suite 900
        New York, NY 10019
        (212) 425-2600