UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

AMADO S. PLA, KEVIN JOSEPH,
YISHMAEL LEVI, TAWANDA THOMPSON,
JOSUE MILLIEN, TERRANCE CRAWFORD,
ROY SANGSTER, CHARLES WESSEL,
Each Individually, and on Behalf Of All Other
Persons Similarly Situated,

                         **Plaintiffs,**

     **-against-**

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD
SECURITY CORP., DAVID BISTRICER,
Individually, RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually.

                        **Defendants.**
-----------------------------------------------------------------X

12 Civ. 5268 (JMF)


**ANSWER TO THIRD
AMENDED COMPLAINT**

Defendants, **RENAISSANCE EQUITY HOLDINGS, LLC, CLIPPER EQUITY, LLC, MY GUARD SECURITY CORP., DAVID BISTRICER, RAFAEL GARCIA, MARC ANTHONY GARCIA, and JOHN MURPHY**, by their attorneys, **FRANKLIN, GRINGER & COHEN, P.C.,** as and for their answer to the Complaint, allege as follows:

1.     The first paragraph of the Complaint alleges that Plaintiffs are bringing this action on behalf of themselves and other similarly situated employees, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*., and as such does not set forth any factual allegations; to the extent it may be read as setting forth any allegations of fact, Defendants deny those allegations.

2.     The second paragraph of the Complaint alleges that Plaintiffs are bringing this action on behalf of themselves and other similarly situated employees, pursuant to New York Labor Law §§ 650, and as such does not set forth any factual allegations; to the extent it may be

read as setting forth any allegations of fact, Defendants deny those allegations.

3.      The third paragraph of the Complaint sets forth jurisdictional invocations and legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

4.      The fourth paragraph of the Complaint sets forth venue invocations and legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

5.      The fifth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

6.      The sixth paragraph contains a request for a jury trial and as such Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

7.      The claims of Plaintiff Pla were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required to respond, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7.

8.      The claims of Plaintiff Joseph were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required

2

to respond, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8.

9.     The claims of Plaintiff Levi were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required to respond, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9.

10.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10.

11.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12.

13.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13.

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14.

15.    Defendants deny the allegations contained in Paragraph 15 except admit Clipper Equity LLC (hereinafter "Clipper Equity") is a New York company.

16.    Defendants deny the allegations contained in Paragraph 16.

17.    Defendants deny the allegations contained in Paragraph 17.

18.    Defendants deny the allegations contained in Paragraph 18 except admit David Bistricer is a partner in both Renaissance Equity Holdings, LLC (hereinafter "Renaissance Equity") and Clipper Equity.

3

19.     Defendants deny the allegations contained in Paragraph 19.

20.     Defendants admit the allegations contained in Paragraph 20.

21.     Defendants admit the allegations contained in Paragraph 21.

22.     Defendants admit the allegations contained in Paragraph 22.

23.     Defendants deny the allegations contained in Paragraph 23 except admit My Guard Security Corp. (hereinafter "My Guard Security") employed security guards at Flatbush Gardens at relevant times prior to September 2011.

24.     Defendants deny the allegations contained in Paragraph 24 except admit My Guard Security employed security guards at Flatbush Gardens at relevant times prior to September 2011.

25.     Defendants deny the allegations contained in Paragraph 25.

26.     Defendants deny the allegations contained in Paragraph 26.

27.     Defendants deny the allegations contained in Paragraph 27 except admit David Bistricer is a Principal in Defendants Renaissance Equity and Clipper Equity.

28.     Defendants deny the allegations contained in Paragraph 24.

29.     Defendants deny the allegations contained in Paragraph 29 except admit Rafael Garcia was employed by Renaissance Equity as the Director of Operations and Security at Flatbush Gardens.

30.     Defendants deny the allegations contained in Paragraph 30.

31.     Defendants deny the allegations contained in Paragraph 31 except admit Rafael Garcia had the ability to hire, fire and supervise security personnel for Renaissance Equity from September 2011 to present.

32.     Defendants deny the allegations contained in Paragraph 32 except admit Rafael

Garcia ceased to be employed as Director of Operations for Renaissance Equity in spring 2013.

33.     Defendants admit the allegations contained in Paragraph 33.

34.     Defendants deny the allegations contained in Paragraph 34.

35.     Defendants deny the allegations contained in Paragraph 35 except admit Marc Anthony Garcia is the grandson of Rafael Garcia.

36.     Defendants deny the allegations contained in Paragraph 36 except admit Marc Anthony Garcia is the grandson of Rafael Garcia.

37.     Defendants deny the allegations contained in Paragraph 37 except admit Renaissance Equity is a New York company.

38.     Defendants deny the allegations contained in Paragraph 38 except admit Flatbush Gardens is a rent-stabilized community.

39.     Defendants admit the allegations contained in Paragraph 39 except deny that Renaissance Equity's business address of Flatbush Gardens is 1403 New York Avenue, Brooklyn, New York 11210.

40.     Defendants deny the allegations contained in Paragraph 40 except admit Renaissance Equity employed security guards at Flatbush Gardens from September 2011 to present.

41.     The forty-first paragraph contains no factual allegations that Defendant are obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny such allegations.

42.     Defendants deny the allegations contained in Paragraph 42.

43.     Defendants deny the allegations contained in Paragraph 43.

44.     Defendants deny the allegations contained in Paragraph 44.

45.     Defendants deny the allegations contained in Paragraph 45.

46.     Defendants admit the allegations contained in Paragraph 46.

47.     Defendants deny the allegations contained in Paragraph 47 except admit Marc
Anthony Garcia is the grandson of Rafael Garcia.

48.     Defendants deny the allegations contained in Paragraph 48 except admit
Renaissance Equity employed security guards at Flatbush Gardens from September 2011 to
present.

49.     Defendants deny the allegations contained in Paragraph 49.

50.     Defendants deny the allegations contained in Paragraph 50.

51.     Defendants admit the allegations contained in Paragraph 51 except deny that My
Guard Security employed security personnel at Flatbush Gardens after September 2011.

52.     Defendants deny the allegations contained in Paragraph 52 except admit that My
Guard Security employed security personnel at Flatbush Gardens prior to September 2011.

53.     Defendants deny the allegations contained in Paragraph 53.

54.     Defendants admit the allegations contained in Paragraph 54.

55.     The fifty-fifth paragraph of the Complaint alleges that Plaintiffs are bringing this
action on behalf of themselves and other similarly situated employees, pursuant to the Fair Labor
Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, and as such does not set forth any factual
allegations; to the extent that it may be read as setting forth any allegations of fact, Defendants
deny those allegations except admit Plaintiffs were employed by My Guard Security and
Renaissance Equity at various times.

56.     Defendants deny the allegations contained in Paragraph 56.

57.     Defendants deny knowledge or information sufficient to form a belief as to the

6

truth or falsity of the allegations set forth in Paragraph 57.

      58.     Defendants deny the allegations contained in Paragraph 58.

      59.     Defendants deny the allegations contained in Paragraph 59.

      60.     Defendants deny the allegations contained in Paragraph 60.

      61.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 61.

      62.     Defendants deny the allegations contained in Paragraph 62.

      63.     Defendants deny the allegations contained in Paragraph 63.

      64.     Defendants deny the allegations contained in Paragraph 64.

      65.     Defendants deny the allegations contained in Paragraph 65.

      66.     Defendants deny the allegations contained in Paragraph 66.

      67.     Defendants deny the allegations contained in Paragraph 67.

      68.     Defendants deny the allegations contained in Paragraph 68.

      69.     Defendants deny the allegations contained in Paragraph 69.

      70.     Defendants deny the allegations contained in Paragraph 70.

      71.     Defendants deny the allegations contained in Paragraph 71.

      72.     The claims of Plaintiff Pla were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required to respond, Defendants deny the allegations contained in Paragraph 72 except admit Pla was employed by My Guard and Renaissance.

      73.     The claims of Plaintiff Joseph were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required to respond, Defendants deny the allegations contained in Paragraph 73 except admit Joseph was

employed by My Guard and Renaissance.

74.     The claims of Plaintiff Levi were dismissed by the Court's June 24, 2013 Order, and as such Defendants are not required to respond; to the extent Defendants are required to respond, Defendants deny the allegations contained in Paragraph 74 except admit Levi was employed by My Guard and Renaissance.

75.     Defendants deny the allegations contained in Paragraph 75 except admit Thompson was employed by My Guard and Renaissance.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77.

78.     Defendants deny the allegations contained in Paragraph 78 except admit Sangster was employed by My Guard Security and Renaissance Equity as a security guard.

79.     Defendants deny the allegations contained in Paragraph 79 except admit Wessel was employed by My Guard Security and Renaissance Equity as a security guard.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 81.

82.     Defendants deny the allegations contained in Paragraph 82.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84 except admit Plaintiffs were employed by Renaissance Equity and My Guard Security at relevant times.

85.     Defendants deny the allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87 except admit My

Guard employed security guards at Flatbush Gardens prior to September 2011 and Renaissance Equity employed security guards at Flatbush Gardens from September 2011 to present.

88.    Defendants deny the allegations contained in Paragraph 88.

89.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 89.

90.    Defendants deny the allegations contained in Paragraph 90.

91.    Defendants deny the allegations contained in Paragraph 91.

92.    Defendants deny the allegations contained in Paragraph 92.

93.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 93.

94.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 94.

95.    As to Paragraph 95 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 94 of the Complaint as if fully set forth herein.

96.    The ninety-sixth paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

97.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97 except admit Plaintiffs were employed by Defendants Renaissance Equity and My Guard Security.

98.    Defendants admit the allegations contained in Paragraph 98.

99.   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 99.

100.   Defendants deny the allegations contained in Paragraph 100.

101.   Defendants deny the allegations contained in Paragraph 101.

102.   Defendants deny the allegations contained in Paragraph 102.

103.   Defendants deny the allegations contained in Paragraph 103.

104.   Defendants deny the allegations contained in Paragraph 104.

105.   Defendants deny the allegations contained in Paragraph 105.

106.   As to Paragraph 106 of the Complaint, Defendants repeat and reallege their answers to each and every allegation contained in Paragraphs 1 to 105 of the Complaint as if fully set forth herein.

107.   The one hundred seventh paragraph of the Complaint sets forth legal conclusions that Defendants are not obligated to answer; to the extent it may be read as setting forth any allegations of fact, Defendants deny such allegations except admit Plaintiffs were employed by Defendants Renaissance Equity and My Guard Security.

108.   Defendants deny the allegations contained in Paragraph 108.

109.   Defendants deny the allegations contained in Paragraph 109.

110.   Defendants deny the allegations contained in Paragraph 110.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

111.   The Complaint fails to state any claims by Plaintiffs against Defendants upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

112.   Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of

10

limitations and/or filing periods and/or by the doctrine of laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

113.   Plaintiffs' claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

114.   Defendants did not engage in willful conduct in violation of the FLSA and, at all times relevant to this action, acted in good faith and based upon a reasonable belief that its acts or omissions were not in violation of the FLSA.  Accordingly, pursuant to the FLSA, Plaintiffs' statute of limitations is two years.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

115.   Plaintiffs are not entitled to liquidated damages because Defendants acted in good faith and had reason to believe its actions and/or omissions did not willfully violate federal and/or state law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

116.   Plaintiffs' purported class is not similarly situated.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

117.   Plaintiffs cannot proceed simultaneously as a collective action pursuant to the FLSA and as a class action pursuant to state law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

118.   Plaintiffs are not suitable representatives for the purported class.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

119.   The claims of Pla, Levi and Joseph were dismissed by the Court pursuant to the Court's June 24, 2013 Order.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety.

Dated: Garden City, New York
      July 17, 2013

Respectfully submitted,

By:    /s_____
          Joshua Marcus, Esq.
          **FRANKLIN, GRINGER & COHEN, P.C.**
          *Attorneys for Defendants*
          666 Old Country Road, Suite 202
          Garden City, NY 11530-2013
          (516) 228-3131

To:    Walker J. Harman, Esq. (WH-8044)
       Peter J. Andrews (PA 3295)
       THE HARMAN FIRM, P.C.
       *Attorneys for Plaintiffs*
       200 West 57th Street, Suite 900
       New York, NY 10019
       (212) 425-2600