# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/06/2013

August 2, 2013

**VIA EMAIL (Furman_NYSDChambers@nysd.uscourts.gov)**
Hon. Jesse M. Furman
United States District Court
  for the Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

      **Re:**    *Thompson et al. v. Renaissance Equity Holdings et al.*,
              1:12-CV-05268 (JMF)

Dear Judge Furman:

      The Parties in the above-referenced matter to advise the Court concerning the status of settlement discussions. On Plaintiffs' July 2, 2013 Endorsed Letter, the Court ordered the Parties to submit such a report on or before August 2, 2013. This letter is also being sent to advise the Court as to whether Plaintiffs will seek attorneys' fees now, or at the end of litigation, for the three (3) Plaintiffs (*i.e.*, Amado S. Pla, Yishmael Levi, and Kevin Joseph) who have had judgment previously entered in their favor.

      The Parties have had settlement discussions regarding the methodology as to how this matter may be settled and have also begun the process of sharing settlement calculations regarding the Plaintiffs who remain in the case. However, the Parties cannot settle this case until the expiration of the opt-in period under the Fair Labor Standards Act ("FLSA") for the security guards at the Flatbush Gardens complex.

      Rather than attempt to settle each claim on a rolling basis, the Parties agree it would make more sense to settle the entire case after the Parties know the number of opt-in Plaintiffs and the proposed calculations relating to such Plaintiffs' potential damages have been exchanged. Thus, the Parties have agreed to schedule private mediation in this matter within twenty (20) days after the FLSA opt-in period expires in an attempt to resolve all claims and have already begun the process of selecting potential mediators. The Parties have also agreed that when additional opt-in Plaintiffs join the case, the Parties will exchange proposed calculations (as to state and federal liability) relating to such claims promptly after such FLSA opt-in notice is filed.

      As per the Court's June 24, 2013 Order, Plaintiffs' counsel mailed out Collective Action Notices and Opt-in Forms on July 31, 2013 to those individuals whom the Defendants have identified as all security guards employed at the Flatbush Gardens complex with the three-year (3-year) claim period under the FLSA. Thus, the opt-in period will expire on October 29, 2013.

Hon. Jesse M. Furman
August 2, 2013
Page 2 of 2

Since the Parties intend to mediate this matter in early November, the Parties are asking the Court to stay further motion practice until the mediation is completed in this matter. This includes the Court's rendering of a decision concerning Plaintiffs' FED. R. CIV. P. 23 Motion for Collective Action, which is presently before the Court.

Additionally, as to the issue as to whether the Plaintiffs' will seek attorneys fees and costs now or at the end of the litigation as to the three Plaintiffs where judgment has already entered (which the Court asked the Parties to address in its June 24, 2013 Order), the Parties at this juncture would like to attempt to resolve issues relating to attorneys' fees relating to such claims (as well as attorneys' fees relating to the remaining Plaintiffs and Putative Plaintiffs) at such mediation. If the mediation were to fail, Plaintiffs would promptly seek attorneys' fees for such claims after the Parties report to the Court that such mediation has failed.

As set forth in the Court's May 9, 2013 Order, discovery has been Ordered to be completed sixty days from the close of the opt-in period (which would be December 28, 2013). In the event that the Parties are not able to resolve all claims in mediation, the Parties believe that they will be able to complete discovery in such period. (Initial document discovery has already been completed and only depositions would have to be completed). Accordingly, the Parties do not believe that any Court deadlines would be affected.

We thank the Court for its time and attention to this matter.

Respectfully submitted,
THE HARMAN FIRM, PC


_____s/_____
Walker G. Harman, Jr.


cc: Joshua Marcus, Esq. (via email, jmarcus@franklinringer.com)
Peter J. Andrews (via email, pandrews@theharmanfirm.com)

The Court will defer any ruling on the pending motion for class certification pursuant to Rule 23 until at least 21 days after the close of the opt-in period on October 29, 2013. No later than that date, the parties shall submit a joint letter to the Court with respect to the status of the settlement negotiations and the ripeness of the Rule 23 motion. In the absence of a settlement, any application for attorney's fees on behalf of the three Plaintiffs as to whom judgment was previously entered shall be filed no later than December 3, 2013; any opposition to such an application is due December 17, 2013; any reply is due on December 27, 2013. All other dates and deadlines, including the discovery deadlines, remain in effect.

SO ORDERED.

August 6, 2013