UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH,
YISHMAEL LEVI, TAWANDA THOMPSON,
JOSUE MILLIEN, TERRANCE CRAWFORD,
ROY SANGSTER, CHARLES WESSEL,
Each Individually, and on Behalf Of All Other
Persons Similarly Situated,

                Plaintiffs,

    -against-

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD
SECURITY CORP., DAVID BISTRICER,
Individually, RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually.

                Defendants.
----------------------------------------------------------X

12 Civ. 5268 (JMF)

**SETTLEMENT AGREEMENT**

      **WHEREAS**, on July 6, 2012, original Named Plaintiffs AMADO S. PLA, KEVIN JOSEPH, and YISHMAEL LEVI, filed, in the United States District Court for the Southern District of New York, a complaint ("Complaint") in an action entitled, AMADO S. PLA, KEVIN JOSEPH, YISHMAEL LEVI, individually and on behalf of all others similarly situated, against RENAISSANCE EQUITY HOLDINGS, LLC, CLIPPER EQUITY, LLC, MY GUARD SECURITY CORP., DAVID BISTRICER, Individually, RAFAEL GARCIA, Individually, MARC ANTHONY GARCIA, Individually, and JOHN MURPHY, Individually (Case No. 12 Civ. 5268) asserting violations of the Fair Labor Standards Act and New York Labor Law, (the "Action") seeking to recover unpaid overtime wages; and

      **WHEREAS**, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on May 9, 2013, this matter was conditionally certified as a collective action pursuant to a stipulation by the Parties;

**WHEREAS,** individuals, TAWANDA THOMPSON, JOSUE MILLIEN, TERRANCE CRAWFORD, ROY SANGSTER, CHARLES WESSEL, THOMAS USRY, HECTOR SANCHEZ, NEHUM WILSON, YASNER ECHENOVIA, and ERENITO DEJESUS consented to join this action pursuant to the FLSA;

**WHEREAS,** individual, TAWANDA THOMPSON, JOSUE MILLIEN, TERRANCE CRAWFORD, ROY SANGSTER, and CHARLES WESSEL ultimately were added to the case caption in this action and thereby became Named Plaintiffs themselves;

**WHEREAS,** Plaintiffs and Defendants desire to fully and finally resolve and settle in full all claims that Plaintiffs had, have, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised in the Complaint; and

**WHEREAS**, the Parties engaged in extensive discovery, including, but not limited to, the production, review and exchange of nearly three thousand pages of documents, including, but not limited to, payroll, time-keeping and prevailing wage data, which have all been analyzed by both Plaintiffs' counsel and Defendants' counsel, the taking of several depositions, and extensive motion practice;

**WHEREAS,** Plaintiffs' counsel and Defendants' counsel have negotiated over many months to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses;

**WHEREAS,** the Parties have engaged in mediation during the course of this litigation; and on November 20, 2013, during a formal mediation session, the Parties reached an acceptable settlement which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

**WHEREAS,** Plaintiffs' counsel and Defendants' counsel have negotiated the attorneys' fees to be paid as part of this Agreement and have agreed that said attorneys' fees are fair and reasonable; and

**WHEREAS,** Defendants acknowledge that the actual fees of Plaintiffs' counsel, based on time expended, are significantly in excess of the fees for which Plaintiffs' counsel are seeking the Court's approval.

**NOW, THEREFORE,** Plaintiffs and Defendants, in consideration of the mutual promises and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs and Defendants that: In consideration of the payment to Plaintiffs by Defendants of One Hundred Twenty Thousand and 00/100 ($120,000.00) Dollars (the "Settlement Amount"), inclusive of Plaintiffs' attorneys' fees, and other valuable consideration set forth elsewhere in this Agreement, Plaintiffs hereby release and forever discharge Defendants, RENAISSANCE EQUITY HOLDINGS, LLC, CLIPPER EQUITY, LLC, MY GUARD SECURITY CORP., DAVID BISTRICER, an individual, RAFAEL GARCIA, an individual, MARC ANTHONY GARCIA, an individual, and JOHN MURPHY, an individual, and said corporation's officers, directors, shareholders, employees, agents, parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, both individually and in their official capacities (including, but not limited to 123 ON THE PARK LLC), from any and all claims, causes of action, suits, back-wages, benefits, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims,

3

charges, complaints and demands whatsoever, in law or equity, of any and every kind, nature and character, known or unknown, which against said Defendants, Plaintiffs, their heirs, executors, administrators, agents, successors, and assigns, ever had, may now have or hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever. Such claims include, but are not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, or labor laws and/or regulations, contract or tort laws, including, but not limited to, the Federal Fair Labor Standards Act of 1938, the New York Labor Law §§ 190-199, 650-663 and accompanying regulations, unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sexual harassment, religion, age, disability, or handicap) of any kind under the Federal Civil Rights Acts of 1866, 1871, 1964, and 1991 (including Title VII), the Age Discrimination in Employment Act of 1967, the Federal Americans With Disabilities Act, the Federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, the New York Civil Rights Law, New York Civil Rights Law § 1 *et seq.*, the New York Equal Pay Law, the New York Whistleblower Law, New York Labor Law § 740 *et seq.*, the New York Legal Activities Law, New York Labor Law § 201-d, the New York occupational safety and health laws, the New York wage-hour and wage-payment laws, federal statutes regarding "whistleblower" activities, New York Workers' Compensation Law § 120, the Federal Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Fair Credit Reporting Act, the Federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal and state employment-related statutes and regulations, and any other employment-related local ordinance from the beginning of the world to the date of this Agreement. The disputes released by

4

Plaintiffs also include any and all disputes they have or may believe to have against Defendants, individually or jointly, in contract or at common law, including, but not limited to, breach of oral, written, and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy and constructive discharge, intentional, and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.  Plaintiffs also hereby release Defendants for any claim of medical, psychiatric or psychological damage that Plaintiffs believe they may have been subjected to in relation to any claims they have or may believe to have against Defendants, individually or jointly. The reference herein to specific statutory, contract, and common law claims is in no way intended to limit the disputes released by Plaintiffs.  Plaintiffs intend that the disputes released by them herein be construed as broadly as possible to cover any and all disputes they have or believe to have against Defendants, individually or jointly.  In that regard, Plaintiffs further acknowledge that they may later discover facts in addition to, or different from, those which they now know or believe to be true with respect to the subject matter of this Agreement.  Plaintiffs agree that any such difference in the facts shall not affect this Agreement, that the Plaintiffs assume the risk of any such difference in the facts, and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.  It is Plaintiffs' intention to fully, finally, and forever resolve and release any and all disputes they may have or believe to have against Defendants, individually or jointly, with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown,

suspected, or unsuspected. Notwithstanding the provisions contained herein, Plaintiffs specifically reserve their right to sue for enforcement of this Agreement and the consideration set forth in Paragraph One of this Agreement, in the event such consideration is not paid to Plaintiffs by Defendants. Notwithstanding the language set forth above,

1. The Parties agree that the Settlement Amount, inclusive of attorneys' fees referenced above, shall be paid within thirty days that the Agreement is executed by the Plaintiffs and approved by the Court. All payments shall be made to: The Harman Firm, P.C., The Harman Firm, P.C., at 200 West 57th Street, Suite 900, New York, NY 10019. The payment set forth above shall be allocated in Exhibit "A".

2. In addition to the payments set forth above, Defendants shall make payments to the original Named Plaintiffs Amado Pla, Kevin Joseph and Yishmael Levi in the total amount of $38,300.00 pursuant to the Judgment entered by Judge Jesse Furman dated June 24, 2013. (Such payments shall include $29,250.00 payable to Amado S. Pla; $550.00 payable to Kevin Joseph; and $8,500.00 payable to Yishamel Levi.) Such payment shall be made to The Harman Firm, P.C. Upon completion of such payments, Plaintiffs' counsel agrees to execute a satisfaction of judgment which shall be forwarded to Defendants' counsel for filing with the Southern District of New York.

3. With respect to all payments due to Plaintiffs from Defendants, Plaintiffs' counsel will be issued IRS Forms 1099 at the appropriate times. Plaintiffs agree to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority resulting from the issuance of an IRS Form 1099 as a result of any Plaintiff's failure to pay any taxes that any Plaintiff owes related to said income.

4. Simultaneously with the execution of this Agreement, the Parties will authorize their respective counsel to execute and file a Stipulation of Dismissal with Prejudice, a copy of which is annexed hereto as Exhibit "B". Notwithstanding the filing of the Stipulation of Dismissal with the Clerk of the Court, the Parties acknowledge that the Court will retain jurisdiction over this Action, as set forth in Paragraph 15, herein.

5. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding administrative complaints or charges filed with federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, including, but not limited to, the aforementioned Action, as well as any and all other lawsuits, claims, demands or actions pending against Defendants. Plaintiffs will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against Defendants. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiffs, they promise and represent that they will dismiss said claims with prejudice and that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Plaintiffs further agree to waive the right to recover any monetary damages in any charge or lawsuit filed by any Plaintiff or by anyone else on their behalf.

6. Plaintiffs acknowledge that upon receiving all of the payments referenced above, including those payments representing attorneys' fees, they have received sufficient

consideration as set forth in this Agreement. Furthermore, Plaintiffs expressly acknowledge that upon execution of this Agreement, the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified. Should Defendants fail to make any of the payments described above after the notice provisions set forth in Paragraph 2 are exhausted, thereby constituting a default, Plaintiffs retain the right to: (i) file the Confessions of Judgment attached hereto as set forth in Paragraphs 2 and 3(d), above and (ii) pursue an action in court against Defendants for breach of the Agreement.

7. The Parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made, and this Agreement contains the entire agreement of the Parties.

8. This Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. In fact, Plaintiffs acknowledge that Defendants explicitly refute and deny any claims of wrongdoing.

9. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

10. This Agreement shall be presented to the Court for Court approval pursuant to the FLSA.

11. If a court of competent jurisdiction determines that any Party has breached any of the terms of this Agreement, the breaching party shall pay to the non-breaching party all of their

reasonable costs and expenses, including reasonable attorneys' fees, incurred by the non-breaching party in enforcing the terms of this Agreement and/or defending any action(s).

12. The Parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

13. Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

14. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

15. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the United States District Court assigned to the instant Action will continue to have jurisdiction over this Agreement.

16. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. The Parties agree that facsimile and email-transmitted copies of this Agreement shall be deemed effective and enforceable as originals.

17. All other notices and documents set forth herein shall be delivered as follows:

<u>Plaintiffs' Counsel</u>:

Walker Harman , Esq.
The Harman Firm, P.C.

200 West 57th Street, Suite 900
New York, NY 10019


<u>Defendants' counsel</u>:

Joshua A. Marcus, Esq.
Franklin, Gringer & Cohen, P.C.
666 Old Country Road, Suite 202
Garden City, 11530-2013
jmarcus@franklingringer.com

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release:

**FOR THE PLAINTIFFS:**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

_____
Tawanda Thompson

_____
Josue Millien

_____
Terrance Crawford

_____
Roy Sangster

**FOR THE PLAINTIFFS:**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

_____
Charles Wessel

**FOR THE DEFENDANTS:**

_____
Renaissance Equity Holdings, LLC
By:
Title:

_____
Clipper Equity, LLC
By:
Title:

_____
My Guard Security Corp.
By:
Title:

_____
David Bistricer

_____
Rafael Garcia

_____
Marc Anthony Garcia

_____
John Murphy

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed th

Settlement Agreement and General Release:

## FOR THE PLAINTIFFS:

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

*[signature: Tawanda Thompson]*
Tawanda Thompson

_____
Josue Millien

_____
Terrance Crawford

_____
Roy Sangster

_____
Charles Wessel

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release:

**FOR THE PLAINTIFFS:**

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.

_____
Tawanda Thompson

_____
Josue Millien

_/s/ Terrance Crawford_____
Terrance Crawford

_____
Roy Sangster

_____
Charles Wessel

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release:

**FOR THE PLAINTIFFS:**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

_____
Tawanda Thompson

_____
Josue Millien

_____
Terrance Crawford

_____
Roy Sangster

_____
Charles Wessel

IN WITNESS WHEREOF, Plaintiffs and Defendants have duly executed this Settlement Agreement and General Release:

**FOR THE PLAINTIFFS:**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION AND CONSULATION WITH THEIR ATTORNEYS, THE HARMAN FIRM, P.C., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

**I AFFIRM THAT THE MEANING, EFFECT AND TERMS OF THIS SETTLEMENT HAVE BEEN FULLY EXPLAINED TO ME.**

---
Tawanda Thompson

---
Josue Millien

---
Terrance Crawford

---
Roy Sangster

*/s/ Charles Wessel*
Charles Wessel

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMADO S. PLA, KEVIN JOSEPH,
YISHMAEL LEVI, TAWANDA THOMPSON,
JOSUE MILLIEN, TERRANCE CRAWFORD,     12 Civ. 5268 (JMF)
ROY SANGSTER, CHARLES WESSEL,
Each Individually, and on Behalf Of All Other
Persons Similarly Situated,

              Plaintiffs,                      STIPULATION OF
                                                                             DISMISSAL WITH
   -against-                                         <u>PREJUDICE</u>

RENAISSANCE EQUITY HOLDINGS, LLC,
CLIPPER EQUITY, LLC, MY GUARD
SECURITY CORP., DAVID BISTRICER,
Individually, RAFAEL GARCIA, Individually,
MARC ANTHONY GARCIA, Individually, and
JOHN MURPHY, Individually.

              Defendants.
------------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above-captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees (other than those specified in the Settlement Agreement).

     The Court retains jurisdiction over the Settlement Agreement resolving this action.

Dated: New York, New York
        _____ ____, 201___

| **The Harman Firm, P.C.** | **Franklin, Gringer & Cohen, P.C.** |
|---|---|
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| By: ___s/_____ | By: _____ |
|    Walker G. Harman, Jr. |    Joshua A. Marcus, Esq. |
|    200 West 57th Street, Suite 900 |    666 Old Country Road, Suite 202 |
|    New York, New York 10019 |    Garden City, New York 11530-2013 |
|    (212) 425-2600 |    (516) 228-3131 |

**So Ordered:**


_____
Hon. Jesse M. Furman, U.S.D.J.