```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
AMADO S. PLA et al.,                                    :
                                                        :
                         Plaintiffs,                    :     12 Civ. 5268 (JMF)
                                                        :
              -v-                                       :     MEMORANDUM
                                                        :     OPINION AND ORDER
RENAISSANCE EQUITY HOLDINGS LLC et al.,                 :
                                                        :
                         Defendants.                    :
                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/13/2014

JESSE M. FURMAN, United States District Judge:

By joint letter filed on November 21, 2013, the parties advised the Court that they had reached a settlement in this action, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Docket No. 99). The next day, the Court directed the parties to submit the settlement agreement for approval by the Court with a joint letter detailing the basis for the proposed settlement and explaining why it should be approved per the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Docket No. 100). The Court further directed the parties to address the basis for any attorney's fee award and to provide documentation to support such an award. *Id.*

## SETTLEMENT APPROVAL

Based on a review of the settlement agreement (Harman Decl. (Docket No. 106), Ex. A) and Plaintiffs' uncontested motion for approval of the settlement agreement (Docket No. 104), the Court finds that the settlement — amounting to $158,300 — is fair and reasonable. As discussed in *Wolinsky*, a court must assess the settlement of claims under the FLSA based on the totality of the circumstances, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  Applying those factors here, the Court concludes that the settlement is fair and reasonable given the scope and nature of Plaintiffs' claims and range of possible recovery, as well as the risks and expenses involved in additional litigation.  *See id*.  The Court also approves the small enhancement payments to named Plaintiffs Amado S. Pla and Yishmael Levi, which compensate them for the time and effort that they spent on the litigation.  *See, e.g.*, *Elliot v. Leatherstocking Corp.*, No. 3:10 Civ. 934 (MAD), 2012 WL 6024572, at *1 (N.D.N.Y. Dec. 12, 2012); *Levinson v. About.Com, Inc.*, No. 02 Civ. 2222 (DAB), 2010 WL 4159490, at *2 (S.D.N.Y. Oct. 7, 2010).

## ATTORNEY'S FEES AND COSTS APPROVAL

Plaintiffs also seek the Court's approval to allocate $70,000 of the settlement fund to attorney's fees and costs.  (Pl.'s Mem. Law (Docket No. 105) 10).  In evaluating an attorney's fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.  *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  In addition to considering those factors, commonly referred to as the "*Goldberger* factors," a court may use one of two methods to calculate attorney's fees: the "lodestar" method or the "percentage of the fund" method.  *See, e.g.*, *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).  Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes reasonable

attorney's fees. *See, e.g.*, *Baffa v. Donaldson Lufkin & Jenrette Secs. Corp.*, No. 96 Civ. 583 (DAB), 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002).

After due consideration of all the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive. Most significantly, the size of the requested fee in relation to the total settlement — approximately 44% — is unreasonably high. In this Circuit, courts typically approve attorney's fees that range between 30 and 33⅓%. *See Guzman v. Joesons Auto Parts*, No. 11 Civ. 4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g.*, *Silverstein v. AllianceBernstein LP*, No. 09 Civ. 5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013). Indeed, courts in this Circuit have reduced attorney's fee awards in FLSA collective action cases at least in part because the proposed awards exceeded that range. *See, e.g.*, *Guzman*, 2013 WL 2898154, at *4 (citing cases in reducing a fee award from 40% of the settlement fund to 25% as to one plaintiff and 20% as to another settling party); *cf. Mendez v. Radec Corp.*, 907 F. Supp. 2d 353, 358-59 (W.D.N.Y. 2012) (discussing proportionality of settlements to fee requests and reducing attorney's fees in part on that basis). Although Plaintiffs' counsel's lodestar — $113,000 — is higher than the fee requested — $70,000 — that fact is "insufficient to justify either the application of the [lodestar] method or the award of a higher fee." *Guzman*, 2013 WL 2898154, at *5.

Another consideration supporting a reduction in the fee request is that the documentation submitted to support the proposed award is inadequate. An attorney submitting a proposed award of attorney's fees "must document the application with contemporaneous time records" so the court can review the time and labor counsel expended on the case. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, instead of

3

providing contemporaneous billing records, Plaintiffs' counsel provides only a one-page summary of the time spent on the case, broken down by general category, such as "Pre-litigation research" and "Correspondence." (Harman Decl., Ex. T). The inadequacy of this documentation undermines the Court's ability to evaluate the reasonableness of the fee request and provides an independent basis to reduce the fee award. *Cf. Adusumelli v. Steiner*, Nos. 08 Civ. 6932 (JMF), 09 Civ. 4902 (JMF) & 10 Civ. 4549 (JMF), 2013 WL 1285260, at *2, 4-5 (S.D.N.Y. Mar. 28, 2013) (reducing a fee request based in part on the use of "block billing," a "time-keeping practice that involves stating the total daily time spent on a case, rather than separating out the time into individual entries describing specific activities" because it "limits the Defendants' and the Court's ability to evaluate the reasonableness of the fee requests" (internal quotation marks omitted)); *Mendez*, 907 F. Supp. 2d at 359 (similar); *Spalluto v. Trump Int'l Hotel & Tower*, No. 04 Civ. 7497 (RJS) (HBP), 2008 WL 4525372, at *8-9 (S.D.N.Y. Oct. 2, 2008) (similar); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (similar).

It is true that this case involved litigation of some novel and complex issues. *See generally Pla v. Renaissance Equity Holdings LLC*, No. 12 Civ. 5268 (JMF), 2013 WL 3185560 (S.D.N.Y. June 24, 2013). Based on that consideration, among others, an award at the upper end of the range of common awards — namely, 33⅓% of the total settlement — is appropriate. But, especially mindful of the Court's responsibility to guard the rights of the opt-in Plaintiffs who presumably did not bargain at arm's length to pay 44% of their recovery to Plaintiffs' counsel, *see City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir. 1977) (discussing the Court's responsibility in class actions to act "as a fiduciary who must serve as a guardian of the rights of absent class members"); *see also Goldberger*, 209 F.3d at 52 ("The point is that plaintiffs in common fund cases typically are not fully informed. Nor are they able to negotiate collectively,

4

or at arm's length.  This is why we emphasized . . . that awards in these cases are proper only if made with moderation." (internal quotation marks omitted)), anything above 33⅓% would be unreasonable.  Accordingly, the Court awards attorney's fees of $52,766.67.

Although a party is required support a request for costs with documentation to support those costs, counsel did not provide separate documentation of costs in this case.  (*See* Pl.'s Mem. Law 10 (proposing a single sum for attorney's fees and costs); Harman Decl., Ex. T (providing supporting material only for fees)).  As such, the court grants only an additional $350 (for the expense of filing fees) to the award, resulting in a total $53,116.67 for attorney's fees and costs.  *See, e.g.*, *Li Ping Fu v. Pop Art Int'l, Inc.*, No. 10 Civ. 8562 (DLC), 2011 WL 6092309, *2 (S.D.N.Y. Dec. 7, 2011) (adopting a magistrate judge's report and recommendation as to damages because it "correctly award[ed] $350 in costs to the plaintiff, taking judicial notice of the Court's own filing fee while excluding those other costs for which the plaintiff did not supply supporting documentation").  The difference between the proposed award of attorney's fees and costs and the reduced award shall be distributed among Plaintiffs on a *pro rata* basis.

The Clerk of the Court is directed to close this case.  All pending motions are moot.

SO ORDERED.

Dated: January 13, 2014
       New York, New York

_____
JESSE M. FURMAN
United States District Judge